GOODSILL ANDERSON QUINN & STIFEL
A Limited Liability Law Partnership LLP

| | |
|---|---|
| BARBARA A. PETRUS | 3238-0 |
| bpetrus@goodsill.com | |
| LINDALEE K. (CISSY) FARM | 4514-0 |
| lfarm@goodsill.com | |
| DONNA H. KALAMA | 6051-0 |
| dkalama@goodsill.com | |
| DAWN T. SUGIHARA | 7631-0 |
| dsugihara@goodsill.com | |

Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Plaintiff
JOHN A. MOFFETT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN A. MOFFETT, | CIVIL NO. 03-00130 MRL/BMK |
| Plaintiff, | PLAINTIFF JOHN A MOFFETT'S OBJECTIONS TO DEFENDANTS SMF SYSTEMS CORPORATION, TOM CAFFREY, AND RUBY CAFFREY'S BILL OF COSTS (filed 12/29/05); DECLARATION OF BARBARA A. PETRUS; EXHIBITS 1 - 3; DECLARATION OF DONNA H. KALAMA; CERTIFICATE OF SERVICE |
| vs. | |
| SMF SYSTEMS CORPORATION, a Maryland corporation; TOM CAFFREY; RUBY CAFFREY; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; DOE ENTITIES 2-10; JOHN DOES 1-20; JANE DOES 1-20; DOE GOVERNMENTAL AGENCIES 1-20, | (Non-Hearing Motion) |
| Defendants. | TRIAL: SEPTEMBER 19, 2005 JUDGE: HON. MANUEL L. REAL |

TABLE OF CONTENTS

PAGE

I.    INTRODUCTION ........................................................................................ 2

II.   ARGUMENT ............................................................................................... 3

      A.   General Standard ............................................................................ 3

      B.   Defendants Are Not Entitled To Recover H. Clyde Long's Pro
           Hac Vice Admission Fees As Taxable Costs ................................... 4

      C.   Defendants Are Not Entitled To All Of Their Requested Costs
           For Service Of Subpoenas ............................................................... 5

      D.   Defendants Are Not Entitled To Recover All Of Their
           Requested Costs For Court Reporter Fees ........................................ 7

      E.   Defendants' Request For In-House Printing Charges Must Be
           Reduced By The Number Of Copies Not Necessarily Obtained
           For Use In This Case ..................................................................... 12

      F.   Defendants Are Not Entitled To Recover Outside Printing
           Costs For Plaintiff's EEOC File ................................................... 15

      G.   Defendants Are Not Entitled To Recover The "Other Costs"
           Requested ....................................................................................... 15

           1.   The Costs Associated With Plaintiff's Attendance At His
                April 12, 2005 Oral Deposition Are Not Taxable To
                Plaintiff .................................................................................. 15

           2.   The Costs Associated With Tom Caffrey's Attendance At
                The April 12, 2005 Settlement Conference Are Not
                Taxable To Plaintiff ............................................................... 17

           3.   The Costs Sought By Defendants For Their Attendance
                At Trial Must Be Reduced ...................................................... 20

           4.   The Costs Sought By Defendants For Richard Kelley's
                Attendance At Trial Are Not Taxable .................................... 22

III.  SUMMARY OF PERMISSIBLE TAXABLE COSTS ............................... 26

IV.   CONCLUSION ......................................................................................... 26

## TABLE OF AUTHORITIES

PAGE

### FEDERAL CASES

*Association of Mexican-American Educators v. State of California*,
231 F.3d 572 (9th Cir. 2000) .................................................. 3

*Embotelladora Agral Regiomontana v. Sharp Capital, Inc.*, 952 F.
Supp. 415 (N.D. Tex. 1997) ...................................... 6

*International Oil v. Uno-Ven Co.*, 1998 WL. 895557 (N.D. Ill. 1998).... 4, 12

*Keweenaw Bay Indian Community v. Rising*, 2005 WL. 3535124
(W.D. Mich. 2005)........................................................ 4

*Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 2002 WL. 31207212
(N.D. Ill. 2002) ........................................................ 4

*Marcoin, Inc. v. Edwin K. Williams & Co.*, 88 F.R.D. 588 (E.D.
Va. 1980) ........................................................ 7, 10

*Natale v. City of Hartford*, 1989 WL. 132542 (D. Conn. 1989) ................... 7

*Northbrook Excess and Surplus Insurance Co. v. Proctor & Gamble
Co.*, 924 F.2d 633 (7th Cir. 1991) ........................................... 12

*Romero v. United States*, 865 F. Supp. 585 (E.D. Mo. 1994) ...................... 4

*Schmitz-Werke GMBH + Co. v. Rockland Industries, Inc.*, 271 F.
Supp. 2d 734 (D. Md. 2003)...................................... 4

*In re Schwinn Bicycle Co.*, 210 B.R. 764 (Bankr. N.D. Ill. 1997) ................ 7

*Yasui v. Maui Electric Co., Ltd.*, 78 F. Supp. 2d 1124
(D. Haw. 1999) .......................................................... 3, 6, 9, 10

TABLE OF AUTHORITIES

PAGE

**FEDERAL STATUTES**

28 U.S.C. § 1920.................................................................. 2, 3, 4, 5, 7, 24

28 U.S.C. § 1821............................................ 2, 17, 20, 21, 22, 24, 25

Fed. R. Civ. P. 54(d) ....................................................................... 3, 4

L.R. 54.2 (d)......................................................................................... 2, 3

L.R. 54.2 (f)(4) ...................................................................................... 13

L.R. 54.2 (f)(3) ................................................................................ 17, 20

PLAINTIFF JOHN A. MOFFETT'S OBJECTIONS TO
DEFENDANTS SMF SYSTEMS CORPORATION, TOM CAFFREY,
AND RUBY CAFFREY'S BILL OF COSTS (filed 12/29/05)

Plaintiff JOHN A. MOFFETT (hereinafter "Plaintiff"), by and

through his attorneys, Goodsill Anderson Quinn & Stifel LLP, pursuant to

L.R. 54.2(d) of the Local Rules of Practice for the United States District Court for

the District of Hawaii, submits his objections to Defendants SMF Systems

Corporation, Tom Caffrey, and Ruby Caffrey's ("Defendants") Bill of Costs filed

herein on December 29, 2005.[1]

## I.    INTRODUCTION

In their Bill of Costs, Defendants seek taxation of numerous costs,

purportedly pursuant to 28 U.S.C. § 1920, 28 U.S.C. § 1821 and L.R. 54.2.

However, as demonstrated below, Defendants are not entitled to taxation of all of

the expenses requested because (1) some of the expenses are not taxable; (2) some

---

[1]    In paragraph 12 of the Affidavit of Lynne T. T. Toyofuku, submitted with
Defendants' Bill of Costs, Ms. Toyofuku attests that: "As to the remainder of the
costs in the Bill of Costs, Plaintiff agreed that as a matter of law, these costs are
taxable.  However, Plaintiff requested to see the documentation for these costs,
which are attached as Exhibits B-G to the Bill of Costs, and Plaintiff reserved the
right to dispute the dollar amounts for any particular item."  Plaintiff disagrees
with Ms. Toyofuku's account of the parties' consultation.  In fact, at the
consultation, Plaintiff's counsel specifically stated that she did not agree with any
of the claimed costs because no documentation was provided.  Plaintiff's counsel
did state that certain "categories" of costs that were requested by Defendants
appeared to come witin the scope of taxable costs.  Accordingly, Plaintiff submits
that he has never "agreed" that the costs sought by Defendants are taxable as a
matter of law.  (*See* Declaration of Donna H. Kalama ("Kalama Decl.") at ¶ 2.)

of the expenses exceed taxable limits; (3) many of the expenses lack the requisite documentation; and (4) some of the expenses are unnecessary or unreasonable. Any award of taxable costs must be reduced accordingly.

## II.    ARGUMENT

### A.        General Standard

Under Rule 54(d), costs are awardable to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d). The court has wide discretion in deciding whether to award costs, and can deny costs to the prevailing party as long as it indicates its reasons. *Yasui v. Maui Electric Co., Ltd.*, 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999); *Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 591-92 (9th Cir. 2000). However, the court does not have discretion under Fed. R. Civ. P. 54(d) to tax whatever costs seem appropriate; rather, it may only tax the costs set forth in 28 U.S.C. § 1920. *Yasui*, 78 F. Supp. 2d at 1126.

Section 1920 permits the court to tax the following as costs:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in this case;

3

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts,
compensation of interpreters, and salaries, fees, expenses,
and costs of special interpretation services under section
1828 of this title.

28 U.S.C. § 1920.  The prevailing party has the burden of establishing that the

expenses it seeks to have taxed are costs authorized by applicable federal law,

including proof of necessity and reasonableness under 28 U.S.C. § 1920.

*Keweenaw Bay Indian Community v. Rising*, 2005 WL 3535124, *1 (W.D. Mich.

2005) (citations omitted).

**B.      Defendants Are Not Entitled To Recover H. Clyde Long's Pro Hac
        Vice Admission Fees As Taxable Costs**

Defendants request that the Court tax attorney H. Clyde Long's pro

hac vice admission fees as a "fee of the clerk" pursuant to 28 U.S.C. § 1920(1).

Fees charged by the Clerk of the Court for admission pro hac vice are not

recoverable under Rule 54(d) or 28 U.S.C. § 1920(1).  *Romero v. United States*,

865 F. Supp. 585, 594 (E.D. Mo. 1994).  The rationale for disallowing taxation of

pro hac vice admission fees is that such fees are an expense of counsel for the

privilege of practicing law in this district court.  *Schmitz-Werke GMBH + Co. v.

Rockland Industries, Inc.*, 271 F. Supp. 2d 734, 735 (D. Md. 2003) (pro hac vice

fees are expenses of counsel and are not recoverable); *International Oil v. Uno-Ven

Co.*, 1998 WL 895557 (N.D. Ill. 1998); *Liquid Dynamics Corp. v. Vaughan Co.*,

*Inc.*, 2002 WL 31207212 (N.D. Ill. 2002).  Accordingly, H. Clyde Long's pro hac vice admission fees are not properly taxable to Plaintiff.  No other "fees of the clerk" are requested or supported.

### C.     Defendants Are Not Entitled To All Of Their Requested Costs For Service Of Subpoenas

Plaintiff agrees that, in principle, costs for service of subpoenas are taxable under 28 U.S.C. § 1920(1).  However, Plaintiff objects to Defendants' request for costs because (1) the documentation provided to substantiate the service charges is insufficient, (2) the fees requested by Defendants are excessive and (3) certain charges included in the invoices for service are not taxable.

First, Defendants are not entitled to taxation of service of process charges for service of subpoenas on Monica Nelson,[2] Dr. Haleh Nekoorad-Long, Dr. Laurence Granston and Thomas L. Fiester, because Defendants have failed to provide documentation which itemizes and substantiates the service of process charges.  Rather, Defendants have provided an "Itemized Listing" which simply lists the unpaid invoices and the amount due for each invoice.  (*See* Itemized Listing dated 8/1/2005 attached as part of Ex. C to Bill of Costs.[3])  The Itemized Listing does not contain any information about the charges reflected on each

---

[2]     Taxation of costs for service on Monica Nelson is also unwarranted since neither party could locate her and she was never served.

[3]     All references to exhibits A-G herein refer to the various exhibits attached to Defendants' Bill of Costs.

invoice.  Invoices detailing the specific charges is critical as they may include charges for non-taxable expenses such as expedited transcript fees; ASCII or other electronic copies of the transcript; condensed copy fees; and/or postage/delivery charges.  Accordingly, because the documentation provided is insufficient to determine whether the fees charged are taxable, Defendants' request for taxation of these fees should be denied.

Second, the fee requested for service of subpoenas is excessive.  In *Yasui v. Maui Electric Co., Ltd.*, Judge Mollway imposed a $75.00 limit on taxation of costs for service of subpoenas.  *Yasui*, 78 F. Supp. 2d at 1130.  Here, the amounts sought by Defendants, other than the charge for the service of subpoena on Dr. Kenneth Luke, all exceed the $75.00 limit.  (*See* Ex. A at p. 1; Invoice # 2004003154 included as part of Ex. C (service fee of $125.00); Itemized Listing included as part of Ex. C (identifying services charges of $170.00, $265.00, $195.00 and $132.50).)  Accordingly, if the Court decides to award costs for services of subpoenas, all charges exceeding the $75.00 limit should be reduced.

Finally, Plaintiff objects to charges for delivery, such as "UPS/Fed Ex.," requested by Defendants.  (*See* Invoice # 2004003154 included as part of Ex. C.)  Courier charges, including Federal Express, are not listed in Section 1920 and are not taxable as costs.  *Yasui*, 78 F. Supp. 2d at 1130 (*citing Embotelladora Agral Regiomontana v. Sharp Capital, Inc.*, 952 F. Supp. 415, 418 (N.D. Tex.

1997); *In re Schwinn Bicycle Co.*, 210 B.R. 764, 771 (Bankr. N.D. Ill. 1997)).

Accordingly, any request for taxation of delivery/courier charges must be denied.

In summary, Defendants' taxable costs for Service of Subpoenas is:

| Requested Item | Taxable Cost |
|---|---:|
| Service and mileage fee for Subpoena served on Custodian of Records, Northrop Grumman Information Technology TASC | $75.00 |
| Service and mileage fee for Subpoena served on Custodian of Records, Dr. Kenneth Luke | $17.00 |
| Service and mileage for Subpoena served on Custodian of Records, Dr. Laurence Granston | $0 |
| Service and mileage for Subpoena served on Custodian of Records, Thomas L. Fiester, Ph.D. | $0 |
| Service and mileage for Subpoena served on Custodian of Records, Dr. Haleh Nekoorad-Long | $0 |
| Service and mileage for Subpoena of Monica Nelson | $0 |
| **TOTAL** | **$92.00** |

### D.    Defendants Are Not Entitled To Recover All Of Their Requested Costs For Court Reporter Fees

Plaintiff acknowledges that fees of the court reporter for all or any part of the stenographic transcript **necessarily**[4] obtained for use in the case are generally taxable. 28 U.S.C. § 1920(2). However, the deficiencies in Defendants' request, set forth below, prevent taxation of the full amounts requested.

---

[4]    A transcript is necessarily obtained if it was necessary to counsel's effective performance and proper handling of the case. *Marcoin, Inc. v. Edwin K. Williams & Co.,* 88 F.R.D. 588, 590 (E.D. Va.1980); *Natale v. City of Hartford*, 1989 WL 132542 *6 (D. Conn. 1989).

First, a majority of the documentation provided by Defendants does not include information itemizing the court reporter charges. Instead, Defendants have provided numerous statements which appear to be "delinquency statements" rather than the actual invoices. The "delinquency statements" are insufficient because they do not contain information about what charges comprise the balance due. An example of appropriate documentation is the invoice for the transcript from the deposition of Robert Nehmad, taken on 3/25/2005, which includes a complete accounting of all of the charges associated with that transcript. (*See* Pacific Reporting Services Unlimited Invoice dated 4/1/3005 included as part of Ex. D (indicating charges for copy of transcript, exhibits, ASCII/Summation/ Condensed versions of transcript and Hawaii General Excise Tax).) In contrast, the "delinquency statement" provided for the deposition of Thomas Caffrey, taken on March 31, 2005, does not provide an itemization, only an amount due. (*See* Atkinson-Baker, Inc. Invoice # 9F024FDB included as part of Ex. D.) Without an itemization of the actual charges, Plaintiff, and the Court, cannot accurately determine if the amounts claimed are taxable expenses.

As far as Plaintiff can discern, Defendants have not provided copies of itemized original invoices for the following transcripts:

- Invoice # 9E0346BA (Deposition of Custodian of Records for Northrop Grumman Information Technology TASC) included as part of Ex. D ($161.95)

8

- Invoice # 9F024FDB (Deposition of Thomas Caffrey) included as part of Ex. D ($658.18)

- Invoice # 9F024FEB (Deposition of Ruby Caffrey) included as part of Ex. D ($632.00)

- Invoice # 9F025A8A (Deposition of Fiester and Fiester) included as part of Ex. D ($290.41)

- Invoice # 9F025AAA (Deposition of Custodian of Records for Dr. Laurence Granston) included as part of Ex. D ($314.81)

- Invoice # 9F025A9A (Deposition of the Custodian of Records for Dr. Haleh Nekoorad-Long) included as part of Ex. D ($198.23)

- Invoice # 9F0325EB (Deposition of Peter Pay) included as part of Ex. D ($282.50)

- Invoice # 9F0334EB (Deposition of Richard Kelley) included as part of Ex. D ($261.95)

Accordingly, because the documentation provided is insufficient to determine whether the fees charged are taxable, Defendants' request for taxation of the above-referenced court reporter fees should be denied.

Moreover, some of Defendants' court reporter fees include non-taxable charges for expedited transcripts, condensed transcripts and postage/delivery charges. Those costs are not properly taxable. *Yasui*, 78 F. Supp. 2d at 1126. The non-taxable charges are as follows:

- Invoice # 9F024FDB (Deposition of Thomas Caffrey) included as part of Ex. D – indicating a charge for an expedited transcript ($658.18)

- Invoice # 9F025A8A (Deposition of Fiester and Fiester) included as part of Ex. D – indicating a charge for an expedited transcript ($290.41)

- Invoice # 9F025AAA (Deposition of Laurence Granston) included as part of Ex. D – indicating a charge for an expedited transcript ($314.81)

- Invoice dated April 25, 2005 (Deposition of Lt. Col. Mark Johnson) included as part Ex. D – indicating charges for condensed copy and shipping and handling ($236.50)

- Invoice from the United States District Court for the District of Hawaii (Trial Transcripts) included as part of Ex. D – indicating charges for Realtime court reporting (separate from the charges for the transcript) ($2,430.30)

Defendants have also submitted a request for copies of audio tapes of a hearing. (*See* Customer Copy of Receipt 229197, dated 5/4/2005, included as part of Ex. D.) Costs for duplicate tape recordings are not authorized in any part of Section 1920 and must be excluded. *Yasui*, 78 F. Supp. 2d at 1130.

Finally, Plaintiff objects to the taxation of costs for transcripts that were not necessarily obtained for use in this case. A transcript is necessarily obtained if it was necessary to counsel's effective performance and proper handling of the case. *Marcoin,* 88 F.R.D. at 590. Specifically, Plaintiff objects to taxation in the amount of $282.50 for Defendants' copy of the transcript of Peter Pay's deposition because Defendants have taken the position that Peter Pay's deposition was unnecessarily taken by Plaintiff. (*See* Defendants' Memorandum in Support of Motion for Attorneys' Fees and Costs filed on 12/16/2005 at 16 ("Defendants . . . did not attend the unnecessary depositions noticed by Plaintiff (such as Peter Pay's deposition in California)[.]").) Accordingly, because

10

Defendants claim that Peter Pay's deposition was unnecessary, they are not entitled to recover costs for the deposition transcript.

In summary, Defendants' taxable costs for Court Reporter Fees is:

| Requested Item | Taxable Cost |
|---|---|
| Written Deposition of Custodian of Records, Northrop Grumman Information Technology TASC | $0 |
| Oral Deposition of John A. Moffett (Volume 1) | $1,112.58 |
| Oral Deposition of I. Robert Nehmad | $326.77 |
| Oral Deposition of Thomas Caffrey | $0 |
| Oral Deposition of Ruby Caffrey | $0 |
| Written Deposition of Custodian of Records, Thomas L. Fiester, Ph.D. | $0 |
| Written Deposition of Custodian of Records, Dr. Laurence Granston | $0 |
| Written Deposition of Custodian of Records, Dr. Haleh Nekoorad-Long | $0 |
| Oral Deposition of Lt. Col. Mark Johnson | $176.50 |
| Written Deposition of Custodian of Records, Dr. Kenneth Luke | $121.82 |
| Oral Deposition of Peter Pay | $0 |
| Oral Deposition of Richard Kelley | $0 |
| Oral Deposition of John A. Moffett (Volume 2) | $789.76 |
| Transcription fee, U.S. District Court, Final Pre-trial Conference before Judge Barry Kurren | $0 |
| Trial Transcripts, U.S. District Court, Cynthia Fazio, Court Reporter | $1,364.68 |
| **TOTAL** | **$3,892.11** |

**E.      Defendants' Request For In-House Printing Charges Must Be Reduced By The Number Of Copies Not Necessarily Obtained For Use In This Case**

To recover costs for copying, the prevailing party must provide the best breakdown obtainable regarding the number of pages, the purpose and the cost of each document, but not so detailed as to make it impossible economically to recover photocopying costs. *Northbrook Excess and Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). The breakdown is vital to provide the court with enough information to determine if the copies in question were reasonably necessary, in both price and content, for use in the case. *International Oil*, 1998 WL 895557 at *2.

Here, some of the copy charges requested by Defendants do not have descriptions sufficient to determine what was copied and whether such copies were reasonably necessary. Some of the specific charges with insufficient descriptions are:

- Charges for 2 pages, dated 10/05/2004 – Description "(SMF-Moffett)"

- Charges for 22 pages, dated 4/05/2005 – Description "(11 x 2)"

- Charges for 6 pages, dated 5/13/2005 – Description "(TM)"

- Charges for 86 pages, dated 7/13/2005 – Description "(11 + 8 + 46 + 21)"

- Charges for 15 pages, dated 7/18/2005 – Description "(TM & invoices)"

- Charges for 36 pages, dated 9/06/2005 – Description "(4 x 6 = 24 + 12 = 36)"

- Charges for 1133 pages, dated 9/12/2005 – Description "(oral depo transcript)"

(*See* Ex. E.)  The above-referenced pages total 1300 pages.  In addition, Defendants have numerous entries which provide vague descriptions, such as "letter," "correspondence," "corres.," "docs," etc.  (*See* Ex. E (approximately 240 pages).) These descriptions are also patently insufficient and should not be taxed against Plaintiff.

Defendants' request for taxation of copying costs must also be reduced by the number of copies that were made for the "use and/or convenience of the party seeking recovery and its counsel." *See* L.R. 54.2(f)(4).  Plaintiff contends that copies of documents that (1) Defendants already had copies of, i.e. deposition transcripts, or (2) were served on Defendants by Plaintiff, i.e. copies of pleadings, etc., are copies made for the convenience of Defendants and their counsel.  To the extent that Defendants already had copies of these documents, any further duplication is clearly for the convenience of counsel and is not taxable.  *See* L.R. 54.2(f)(4).

To the extent Plaintiff can interpret the notations provided for the copying costs, Plaintiff believes that the following copying costs are not taxable:

- Charge for 252 pages, dated 10/11/2004 – Description "(Depo Transcript of Pltf.)"

- Charge for 126 pages, dated 12/13/2004 – Description "(Plaintiff's Disclosure of Expert Witnesses)"

- Charges for 36 pages, dated 4/08/2005 – Description "(Discovery Responses from Plaintiff)"

- Charges of 14 pages, dated 7/13/2005 – Description "(T. Caffrey depo transcript)"

- Charges for 10 pages, dated 7/13/2005 – Description "(R. Caffrey depo transcript)"

- Charges for 5 pages, dated 7/13/2005 – Description "(R. Nehmad depo transcript)"

- Charge for 388 pages, dated 9/07/2005 – Description "(P's opp. To MILS)"

- Charges for 280 pages, dated 9/20/2005 – Description "(Depo transcript of Lt. Col. Mark Johnson)"

- Charges for 300 pages, dated 9/20/2005 – Description "(Depo Transcript of Peter Day [sic])"

(*See* Ex. E.)  The above-referenced pages total 1,411 pages.

Based on the foregoing, Defendants' request for taxation of copying costs must be reduced by approximately 2,951 pages.  Accordingly, Plaintiff calculates the taxable copies as follows:

|  |  |  |
|---|---|---|
| Copies claimed by Defendants: | | 6,377 |
| Less reductions: | - | 2,951 |
| Total | | 3,426 pages |

3,426 pages  x $.15 per page =  **$ 513.90**

F.    **Defendants Are Not Entitled To Recover Outside Printing Costs For Plaintiff's EEOC File**

Plaintiff concedes that as a general proposition, taxation of outside copying charges is permitted.  However, in this case, the documentation provided by Defendants with respect to copying costs allegedly incurred in obtaining Plaintiff's EEOC file is insufficient.  In fact, all Defendants provided is a copy of a Disbursement/Reimbursement Request Form which indicates that $22.20 was paid to the U.S. Treasury for copies of EEOC documents.  (*See* Disbursement/ Reimbursement Form included as part of Ex. E.)  Because the documentation provided is insufficient to determine (1) the actual per page cost of the copies and (2) whether the amount paid included additional expenses which are not properly taxable to Plaintiff, such as delivery or other charges, taxation of these costs must be denied.

G.    **Defendants Are Not Entitled To Recover The "Other Costs" Requested**

1.    **The Costs Associated With Plaintiff's Attendance At His April 12, 2005 Oral Deposition Are Not Taxable To Plaintiff**

Defendants have requested taxation of the costs incurred by Plaintiff to attend the continuance of his oral deposition which was conducted in Honolulu on April 15, 2005.  These costs are not taxable to Plaintiff.

Plaintiff was first deposed on September 27, 2004.  (Declaration of Barbara A. Petrus (hereinafter "Petrus Decl.") at ¶ 5.)  Defendants sought a second

15

day to depose Plaintiff, which he opposed. (*Id.*) The parties submitted this dispute to the Court, and on October 14, 2004, after briefing by the parties, Magistrate Judge Barry Kurren issued an Order permitting Defendants some additional time to conduct Plaintiff's deposition. Magistrate Kurren's Order provided:

> Defendants do not present a strong case for being given additional time to complete the deposition of Plaintiff. Nevertheless, the court will grant an additional half day, which translates to four hours, to complete the deposition. The continued deposition must take place at a time mutually convenient to both parties. Defendants may depose Plaintiff by video conference, over the telephone, or in person. <u>Defendants are responsible for all costs associated with the continued deposition</u>.

(Order dated October 14, 2004 attached to Petrus Decl. as Ex. 1 (emphasis added).)

Magistrate Kurren's Order clearly requires Defendants to bear all costs relating to the continued deposition. Plaintiff should not be taxed for expenses which by Order were to be borne by Defendants.

Additionally, Defendants, knowing that they were liable for costs of the continued deposition, nonetheless requested that Plaintiff appear in person, in Hawaii, rather than utilizing less costly means such as video conference or telephone. Defendants should not be able to shift expenses to Plaintiff which were incurred because <u>Defendants chose</u> to require Plaintiff to appear in person.

16

2.    **The Costs Associated With Tom Caffrey's Attendance At The April 12, 2005 Settlement Conference Are Not Taxable To Plaintiff**

Defendants have requested taxation of the costs incurred by Tom Caffrey to attend the settlement conference before Magistrate Kurren on April 12, 2005.  Defendants cite to 28 U.S.C. § 1821; L.R. 54.2(f)(3) as their authority for requesting taxation of these costs.  (Memo. in Support at 6.) However, neither authority permits taxation of costs for attendance at a settlement conference, thus these costs are not taxable to Plaintiff.

Both authorities cited by Defendants, 28 U.S.C. § 1821 and L.R. 54.2(f)(3), allow taxation of expenses incurred by <u>witnesses</u> appearing in any court of the United States.  28 U.S.C. § 1821 (a witness in attendance at any court of the United States shall be paid the fees and allowance provided by this section); L.R. 54.2(f)(3) (per diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821).  Tom Caffrey's appearance at the settlement conference was as a party, not as a witness.[5]  Accordingly, because costs for appearances of non-witnesses is not covered by either Section 1821 or L.R. 54.2(f)(3), and Defendants cite no other authority, such costs may not be taxed against Plaintiff.

---

[5]    Moreover, Tom Caffrey's attendance at the April 12, 2005 settlement conference was purely voluntary as there was no requirement that the parties attend.  (*See* Amended Rule 16 Scheduling Order attached to the Petrus Decl. as Ex. 2; Minutes dated 3/15/2005 attached to the Petrus Decl. as Ex. 3.)

Alternatively, if the Court permits taxation of Tom Caffrey's settlement conference attendance expenses, Plaintiff contends that (1) Defendants have not provided sufficient documentation for the "date change fee" or "lodging and meals;" (2) costs for in room movies are non-taxable; and (3) the costs incurred were unreasonable.

Defendants, apparently relying on a note, handwritten in the margin of the invoice, contend that they are entitled to a "date change fee" of $109.99 for Tom Caffrey's airline ticket. (*See* E-Ticket Receipt & Travel Itinerary issued 29 Mar 05 included as part of Ex. G.) This "handwritten note" is insufficient to establish that a "date change fee" was charged and that it was for the amount of $109.99.[6] In fact, a close examination of the receipt provided shows no indication of a change of date for this ticket.

Defendants also seek reimbursement in the amount of $628.20 for "Lodging and meals for Tom Caffrey to attend April 12, 2005 settlement conference before Judge Barry Kurren." Defendants only submit an invoice for

---

[6]    Plaintiff does not understand why a "date change fee" was charged for this ticket, since there were no changes to the date of the settlement conference **after** the airline ticket was booked. (Tom Caffrey's ticket was issued on March 29, 2005. (*See* E-ticket Receipt & Travel Itinerary for Thomas Caffrey dated March 29, 2005 attached as part of Ex. G.) The only change in the date of the settlement conference occurred on March 15, 2005, prior to the booking of Tom Caffrey's ticket. (*See* Minutes dated 3/15/2005 attached to the Petrus Decl. as Ex. 3.))

$400.70 for Tom Caffrey's hotel charges.  There is no other documentation of meal

expenses to sustain costs of $628.20.[7]

      In addition, the invoice submitted for Tom Caffrey's hotel stay at the

Hyatt Regency Waikiki reflects a charge for $13.53 for "Guest Movies."

Entertainment expenses are not listed as taxable costs in either Section 1821 or

1920 and are not properly taxed against Plaintiff.

      Finally, the costs of both Tom Caffrey's airline ticket and hotel stay

are excessive.  In comparison to Plaintiff's expenses, which were incurred only a

day or so after Tom Caffrey's,[8] Plaintiff's airline ticket was $861.80 (*see*

Invoice/Itinerary #48634 for John Moffett dated March 29, 2005 included as part

of Ex. G) while Tom Caffrey's was nearly $500.00 more at $1303.33 (*see* E-ticket

Receipt & Travel Itinerary for Thomas Caffrey dated March 29, 2005 attached as

part of Ex. G).  Plaintiff's hotel stay, at the Aston Executive Center, was $128.13

(*see* Advanta Business Card Statement reflecting charge dated 4/15/2005 for John

Moffett stay at Executive Centre Hotel included as part of Ex. G) while Tom

Caffrey's was more than three times that amount at $400.70 (*see* Hyatt Regency

---

[7]    The "Expense Report" submitted by Defendants indicates "Per Diem Meals" charges in the amounts of $75.83, $75.84 and $75.83.  (*See* Expense Report for 4/11/2005-4/13/2005 included as part of Ex. G.)  Plaintiff is unaware of the basis for these charges.

[8]    Tom Caffrey was in Honolulu from April 11-April 13, 2005.  Plaintiff was in Honolulu from April 14-April 15, 2005.

Waikiki invoice for Thomas Caffrey included as part of Ex. G). Accordingly, if costs are awarded, they should be reduced to a reasonable amount.

### 3.  The Costs Sought By Defendants For Their Attendance At Trial Must Be Reduced

As set forth above, Plaintiff acknowledges that costs incurred for witnesses' attendance in court are taxable. 28 U.S.C. § 1821; L.R. 54.2(f)(3). However, the amounts requested by Defendants for Tom and Ruby Caffrey's attendance at trial must be reduced because (1) the documentation of costs for hotel expenses and subsistence is insufficient; and (2) Defendants have not demonstrated that their airfare was at the "most economical rate reasonably available."

Defendants are not entitled to taxation of witness expenses for Tom and Ruby Caffrey's hotel and per diem expenses because Defendants have failed to provide documentation which itemizes and substantiates charges. As to the per diem charges, Defendants include an "Expense Report" which lists a $77.00 per diem charge for 7 days, from September 17 through September 23, 2005. (*See* Expense Report for 9/17/2005-9/23/2005 included as part of Ex. G.) Defendants have not provided any documentation, or legal authority, to support a per diem charge of $77.00 per day. Without proper documentation, such charge is not taxable to Plaintiff.

To support their claim for hotel expenses, Defendants submitted an itinerary for their hotel stay at the Hilton Hawaiian Village, but no invoice

verifying that the hotel charges were actually incurred.[9] (*See* Itinerary for Booking # 162859 for Thomas and Ruby Caffrey included as part of Ex. G.)  Without an invoice evidencing charges actually incurred it is impossible to determine if the costs requested are taxable.

Finally, to the extent that Plaintiff can decipher the airline receipts, it is clear that the Caffreys' trip from San Francisco to Honolulu on September 17, 2005 was booked in first class. (*See* Marketplace Travel Invoice No. 73499 included as part of Ex. G.)  28 U.S.C. § 1821 specifically requires that the "witness shall utilize a common carrier at the most economical rate reasonably available."  Here, Defendants have not provided any information supporting a claim that the "first class fare" was the most economical rate available.  Additionally, based on the invoices, it seems that the Caffreys booked one-way tickets, rather than round-trip tickets. (*See* Marketplace Travel Invoice No. 73499 and Marketplace Travel Invoice No. 73498 included as part of Ex. G.)  Clearly, booking one-way fares is not the most economical method of travel.  Accordingly, Defendants' request for taxation of the Caffreys' airfare costs must be denied.

In summary, Defendants' taxable costs for the witness attendance of Tom and Ruby Caffrey are:

---

[9]    A telephone call to Hilton Hawaiian Village revealed that the hotel accommodations booked by the Caffreys were for the "most expensive standard room," in the most "exclusive tower" of the hotel.

| Requested Item | Taxable Cost |
|---|---:|
| Lodging for Tom and Ruby Caffrey's attendance at September 19, 2005 trial | $0 |
| Per Diem/Meals for Tom and Ruby Caffrey's attendance at September 19, 2005 trial | $0 |
| Airfare for Tom and Ruby Caffrey's attendance at September 19, 2005 trial | $0 |
| **TOTAL** | **$0** |

### 4.   The Costs Sought By Defendants For Richard Kelley's Attendance At Trial Are Not Taxable

Defendants seek to tax costs incurred by Richard Kelley for his travel to and stay in Hawaii.  As an initial matter, these costs are not taxable to Plaintiff because Richard Kelley was not a witness at trial.  Accordingly, the expenses claimed for his trip to Honolulu do not fall within 28 U.S.C. § 1821.

However, to the extent that this Court finds that Defendants are entitled to recover "normal travel expenses," the amounts requested by Defendants for Richard Kelley's attendance at trial must be reduced because (1) the invoice for rental car costs is illegible; (2) the invoices provided for Richard Kelley's airfare are incomplete and do not provide enough information to determine which charges are allocable to each flight; (3) Defendants have not demonstrated that their airfare was at the "most economical rate reasonably available;" (4) some of the charges included on Richard Kelley's hotel invoice are non-taxable and (5) the length of Richard Kelley's stay in Honolulu was excessive.

As to the rental car expenses, Plaintiff objects to these expenses to the extent that some of the charges may be unreasonable or unnecessary. At this point, it is impossible for Plaintiff to discern the charges on the rental car invoice as it is mostly illegible. (*See* National Invoice included as part of Ex. G.)

In reviewing the invoices provided for Richard Kelley's airfare, it is extremely difficult, because only portions of the invoices have been provided, to understand the charges on each invoice. (*See* Ex. G.) Without a clear accounting of the air fare charges, it is difficult, if not impossible, for Plaintiff to assess whether the amounts represent the "most economical rate reasonably available" and if they are properly taxable.

Defendants also seek incidental expenses charged to Richard Kelley's hotel account. Many of these charges are non-taxable. The non-taxable charges are itemized as follows:

- 9/16/2005 – $25.90 charge for Wayport Internet Service
- 9/16/2005 – $20.78 charge for In Room Video
- 9/17/2005 – $22.87 charge for In Room Video
- 9/17/2005 – $1.00 charge for Local Telephone Call
- 9/17/2005 – $1.00 charge for Local Telephone Call
- 9/17/2005 – $1.00 charge for Local Telephone Call
- 9/17/2005 – $1.00 charge for Local Telephone Call

23

- 9/17/2005 – $1.00 charge for Local Telephone Call

- 9/17/2005 – $1.00 charge for Local Telephone Call

- 9/18/2005 – $1.00 charge for Local Telephone Call

- 9/18/2005 – $1.00 charge for Local Telephone Call

- 9/18/2005 – $1.00 charge for Local Telephone Call

- 9/18/2005 – $33.07 charge for Laundry Service

- 9/19/2005 – $38.85 charge for Wayport Internet Service

- 9/20/2005 – $42.08 charge for Laundry Service

- 9/20/2005 – $12.29 charge for Laundry Service

(*See* Invoice 400861 included as part of Ex. G.)  Because costs for these "incidental" expenses are not authorized in any part of Sections 1920 or 1821, they must be excluded.

Finally, Defendants seek to recover for Richard Kelley's accommodations in Hawaii.  At the very least, the costs claimed by Defendants must be reduced because Richard Kelley's stay in Honolulu was excessive.  Most importantly, trial in this case was not scheduled to begin until Monday, September 19, 2005.  Nonetheless, Richard Kelley arrived in Honolulu on Friday, September 16, 2005, three full days before trial.  This was unnecessary. Additionally, Mr. Kelley stayed in Hawaii for a full 8 days.  This was also unnecessary.  28 U.S.C. § 1821(b) provides that a witness shall be paid for each

day's attendance, and shall be paid for the time necessarily occupied in going to and returning from the place of attendance. *See* 28 U.S.C. § 1821(b). Thus, at most, even if he had testified at trial, Richard Kelley would only be entitled to accommodations and other expenses for his days traveling and any day that he appeared as a witness.

In summary, Defendants' taxable "other" costs are:

| Requested Item | Taxable Cost |
|---|---:|
| Round trip airfare for John Moffett's travel from Denver to Honolulu for his attendance at his April 15, 2005 oral deposition | $0 |
| Round trip airfare for Tom Caffrey's travel from California to Honolulu for the April 12, 2005 settlement conference before Judge Barry Kurren | $0 |
| Lodging and meals for Tom Caffrey to attend April 12, 2005 settlement conference before Judge Barry Kurren | $0 |
| Lodging for John Moffett's stay at Aston Executive Center. Travel to Honolulu for his April 15, 2005 oral deposition. | $0 |
| John Moffett's travel expenses (i.e., gas, parking, taxi and dinners). Travel expenses to Honolulu for his April 15, 2005 oral deposition. | $0 |
| Round trip airfare for Tom Caffrey and Ruby Caffrey's travel from California to Honolulu for September 19, 2005 trial | $0 |
| Lodging and meals for Tom Caffrey and Ruby Caffrey to attend September 19, 2005 trial | $0 |
| Round trip airfare for Richard Kelley's travel from Florida to Honolulu for September 19, 2005 trial | $0 |
| Lodging, meals and travel expenses (i.e., rental car, parking, gas) to attend September 19, 2005 trial | $0 |
| **TOTAL** | **$0** |

## III.   SUMMARY OF PERMISSIBLE TAXABLE COSTS

| Cost Requested | Taxable Amount |
|---|---:|
| Fees of the Clerk | $0 |
| Fees for Service of Summons/Subpoena | $92.00 |
| Fees of the Court Reporter | $3,892.11 |
| In-House Printing Costs | $513.90 |
| Outside Printing Costs | $0 |
| Fees for Witnesses | $160.00 |
| Other Costs | $0 |
| **Total Taxable Costs** | **$4,658.01** |

## IV.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the taxation of costs requested by Defendants be reduced, as calculated above, by (1) non-taxable expenses; (2) expenses that exceed taxable limits; (3) expenses for which Defendants have not provided sufficient documentation; and (4) expenses which are unnecessary and/or unreasonable.

DATED: Honolulu, Hawaii, January 12, 2006.


/s/ Dawn T. Sugihara
BARBARA A. PETRUS
LINDALEE K. (CISSY) FARM
DONNA H. KALAMA
DAWN T. SUGIHARA

Attorneys for Plaintiff
JOHN A. MOFFETT

GOODSILL ANDERSON QUINN & STIFEL
A Limited Liability Law Partnership LLP

BARBARA A. PETRUS          3238-0
    bpetrus@goodsill.com
LINDALEE K. (CISSY) FARM   4514-0
    lfarm@goodsill.com
DONNA H. KALAMA            6051-0
    dkalama@goodsill.com
DAWN T. SUGIHARA           7631-0
    dsugihara@goodsill.com
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii  96813
Telephone:  (808) 547-5600
Facsimile:  (808) 547-5880

Attorneys for Plaintiff
JOHN A. MOFFETT

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN A. MOFFETT,<br><br>               Plaintiff,<br><br>  vs.<br><br>SMF SYSTEMS CORPORATION, a<br>Maryland corporation; et al.,<br><br>             Defendants. | CIVIL NO.  03-00130 MRL/BMK<br><br>CERTIFICATE OF SERVICE |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly served on this date

upon the following person(s) at the address(es) listed below by the means

indicated:

|  | Mail | Hand Delivery | ECF |
|---|---|---|---|
| LYNNE T. T. TOYOFUKU, ESQ.<br>ltoyofuku@marrhipp.com<br>NICHOLE K. SHIMAMOTO, ESQ.<br>nshimamoto@marrhipp.com<br>Marr Hipp Jones & Wang<br>1001 Bishop Street, 1550 Pauahi Tower<br>Honolulu, HI 96813 |  |  | X |
| H. CLYDE LONG, ESQ.<br>950 Risa Road, 2nd Floor<br>LaFayette, CA 94549 | X |  |  |

Attorneys for Defendants

DATED: Honolulu, Hawaii, January 12, 2006.

/s/ Dawn T. Sugihara
BARBARA A. PETRUS
LINDALEE K. (CISSY) FARM
DONNA H. KALAMA
DAWN T. SUGIHARA

Attorneys for Plaintiff
JOHN A. MOFFETT