GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

BARBARA A. PETRUS          3238-0
    bpetrus@goodsill.com
LINDALEE K. (CISSY) FARM   4514-0
    lfarm@goodsill.com
DONNA H. KALAMA            6051-0
    dkalama@goodsill.com
DAWN T. SUGIHARA           7631-0
    dsugihara@goodsill.com
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii  96813
Telephone:  (808) 547-5600
Facsimile:  (808) 547-5880

Attorneys for Plaintiff
JOHN A. MOFFETT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN A. MOFFETT,<br><br>              Plaintiff,<br><br>     vs.<br><br>SMF SYSTEMS CORPORATION, a Maryland corporation; TOM CAFFREY; RUBY CAFFREY; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; DOE ENTITIES 2-10; JOHN DOES 1-20; JANE DOES 1-20; DOE GOVERNMENTAL AGENCIES 1-20,<br><br>              Defendants. | CIVIL NO.  03-00130 MLR/BMK<br><br>PLAINTIFF JOHN A. MOFFETT'S **RESPONSIVE MEMORANDUM IN OPPOSITION TO** DEFENDANTS SMF SYSTEMS CORPORATION, TOM CAFFREY, AND RUBY CAFFREY'S **MOTION FOR ATTORNEYS' FEES AND COSTS (DATED 12/16/05)**; CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 7.5 FOR CASE NO. CV 03-00130 MLR BMK; AFFIDAVIT OF BARBARA A. PETRUS; EXHIBITS 1 - 9; AFFIDAVIT OF ANNE T. HORIUCHI BELL; AFFIDAVIT OF DONNA H. |

KALAMA; CERTIFICATE OF
SERVICE

*(Non-Hearing Motion)*

*(Statement of Consultation served
12/29/05)*

Trial:          September 19, 2005

## TABLE OF CONTENTS

I.  INTRODUCTION ..................................................................................... 1

II.  FACTUAL BACKGROUND........................................................................ 2

III.  ARGUMENT............................................................................................ 8

    A.  Attorney's Fees Are Not Awardable As A Matter Of Right.............. 8

    B.  Pursuant To Applicable Statutory Provisions, Defendants Are
        Not Entitled To An Award Of Attorney's Fees And Costs For
        Defending Against Counts 1, 2 And 6 ............................................... 8

        1.  Count 1: Unlawful Retaliation Under Haw. Rev. Stat.
            § 378-2........................................................................... 9

        2.  Count 2: Violation of Haw. Rev. Stat. §§ 378-62 et seq. ....... 10

        3.  Count 6: Unlawful Retaliation under 31 U.S.C. § 3730(h) .... 10

    C.  Defendants Are Not Entitled To An Award Of Attorney's Fees
        And Costs Because Plaintiff's Claims Were Not Frivolous, Nor
        Was His Conduct Vexatious................................................................ 11

        1.  Federal Law Claims Under Count 1: Unlawful
            Retaliation Under 42 U.S.C. §§ 2000e et seq. and Under
            Count 6: Unlawful Retaliation Under 31 U.S.C.
            § 3730(h) ...................................................................... 14

            a.  Count 1: Unlawful Retaliation Under 42 U.S.C.
                §§ 2000e et seq. .......................................................... 14

            b.  Count 6: Unlawful Retaliation Under 31 U.S.C.
                § 3730(h)..................................................................... 17

        2.  State Law Claims Under Count 1: Unlawful Retaliation
            Under Haw. Rev. Stat. § 378-2; Count 2: Violation of
            Haw. Rev. Stat. §§ 378-62 et seq.; Count 3: Discharge in
            Violation of Public Policy; Count 7: Intentional Infliction
            of Emotional Distress; and Count 8: Negligent Infliction
            of Emotional Distress........................................................ 19

            a.  The Purported Standard for Awarding Attorney's
                Fees ............................................................................. 19

b.    Count 1: Unlawful Retaliation Under Haw. Rev. Stat. § 378-2 ........................................................ 20

c.    Count 2: Violation of Haw. Rev. Stat. §§ 378-62 et seq. ................................................................ 21

d.    Count 3: Discharge in Violation of Public Policy ........ 22

e.    Count 7: Intentional Infliction of Emotional Distress; and Count 8: Negligent Infliction of Emotional Distress ....................................................... 23

D.    Defendants Have Failed To Demonstrate That They Are Entitled To Recover Attorney's Fees and Costs For Defending Against Counts 4 And 5 .................................................... 24

1.    Standard for Awarding Attorney's Fees ................... 24

2.    Defendants Have Failed to Demonstrate and Cannot Demonstrate that they are Entitled to Recover Attorney's Fees for Defending Counts 4 and 5 ........................... 25

E.    Defendants Are Not Entitled To An Award Of Non-Taxable Costs ................................................................ 28

F.    The Attorney's Fees Claimed By Defendants Are Unsupported And Unwarranted ....................................................... 29

1.    The Amounts Requested By Defendants Must Be Reasonable ....................................................... 30

a.    Burden of Proof ............................................. 30

b.    Application of the Lodestar Method .................... 30

c.    Calculation of the Lodestar Amount ..................... 30

(1)    Hours Reasonably Expended .................... 31

(a)    Insufficient Documentation .............. 31

(b)    Excessive Billing ......................... 33

(c)    Attorney's Fees Requested for H. Clyde Long ................................. 34

2.    The Attorney's Fees For This Motion And Future Post-Trial Work ....................................................... 38

IV.    CONCLUSION..................................................................................... 39

## TABLE OF AUTHORITIES

### CASES

*Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240 (1975) .......................... 8

*Canalez v. Bob's Appliance Service Center, Inc.*, 89 Haw. 292, 972 P.2d 295 (1999) ......................................................................................... 20, 22

*Carpenters Southern California Administrative Corp. v. Russell*, 726 F.2d 1410 (9th Cir. 1984) ............................................................................ 27

*Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412 (1978) ........................................................... 8, 14, 15

*Davis v. City & County of San Francisco*, 976 F.2d 1536 (9th Cir. 1992) ......................................................................................................... 33

*Doe v. Keala*, 361 F. Supp. 2d 1171 (D. Haw. 2005) ............................... 30, 31, 33

*Equal Employment Opportunity Commission v. Bruno's Restaurant*, 13 F.3d 285 (9th Cir. 1993) ........................................................................ 15

*Friend v. Kolodzieczak*, 72 F.3d 1386 (9th Cir. 1995) .......................................... 30

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ................................................... 30, 31

*Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1980) ......................... 24, 27

*Laurino v. Syringa General Hospital*, 2005 WL 1847173 (D. Idaho 2005) ................................................................................................... 11, 13

*Morales v. City of San Rafael,* 96 F.3d 359 (9th Cir.1996) ................................... 31

*Nielson v. Ono*, 750 F. Supp. 439 (D. Haw. 1990) ............................................... 22

*Pfingston v. Ronan Engineering Co.*, 284 F.3d 999 (9th Cir. 2002) ............. 14, 17

*Robinson v. Shell Oil Company*, 519 U.S. 337, 117 S. Ct. 843 (1997) ................. 21

*Saman v. Robbins*, 173 F.3d 1150 (9th Cir. 1999) ................................................ 14

*Solomen v. Redwood Advisory Co.*, 223 F. Supp. 2d 681 (E.D. Pa. 2002) ......................................................................................................... 15

### STATUTES

Haw. Rev. Stat. § 378-2 ............................................... 2, 6, 19, 20, 22, 23

Haw. Rev. Stat. § 378-5(c) .................................................................................. 9

Haw. Rev. Stat. § 378-62 ............................................................... 2, 10, 19, 21

Haw. Rev. Stat. § 378-64 ............................................................................... 10

Haw. Rev. Stat. § 607-14.5 ....................................................................... 20, 22

Haw. Rev. Stat. § 607-14.5(a) ......................................................................... 11

## OTHER AUTHORITIES

29 U.S.C. §1132(g) ......................................................................................... 24

31 U.S.C. § 3730(b) ....................................................................................... 17

31 U.S.C. § 3730(d)(4) .............................................................................. 17, 18

31 U.S.C. § 3730(h) ................................................................ 2, 10, 11, 14, 17

42 U.S.C. § 2000e-5(k) .................................................................................. 14

42 U.S.C. §§ 2000e ............................................................................. 2, 3, 6, 14

PLAINTIFF JOHN A. MOFFETT'S RESPONSIVE MEMORANDUM
IN OPPOSITION TO DEFENDANTS SMF SYSTEMS CORPORATION,
TOM CAFFREY, AND RUBY CAFFREY'S
MOTION FOR ATTORNEYS' FEES AND COSTS (dated 12/16/05)

Plaintiff JOHN A. MOFFETT ("Plaintiff") submits his Responsive

Memorandum in Opposition to Defendants SMF SYSTEMS CORPORATION,

TOM CAFFREY, and RUBY CAFFREY'S ("Defendants") Motion for

Attorneys' Fees and Costs, filed herein on December 16, 2005.

## I.     INTRODUCTION

In their Motion, Defendants sweep over the various standards for

awarding attorney's fees and/or costs and broadly characterize Plaintiff's seven

claims as frivolous, and his prosecution of these claims as vexatious.  Defendants

have not only failed to accurately portray the course and conduct of this case, they

have also failed to establish how this purported course and conduct of the case

entitles them to their fees and costs pursuant to the specific standard to be applied

to each specific claim, as discussed below.

Assuming arguendo that the Court determines that Defendants are

entitled to an award of their attorney's fees and costs, Plaintiff submits that

Defendants' request must be carefully scrutinized so as not to include fees or costs

that have no basis for being awarded, and which are not reasonable.

## II.    FACTUAL BACKGROUND

Plaintiff's Complaint asserted the following claims: Unlawful Retaliation Under 42 U.S.C. §§ 2000e et seq. and Haw. Rev. Stat. § 378-2 (Count 1); Violation of Haw. Rev. Stat. §§ 3786-62 et seq. (Count 2); Discharge in Violation of Public Policy (Count 3); Wrongful Retaliatory Discharge Under ERISA (Count 4); Wrongful Withholding of Benefits Under ERISA (Count 5); Unlawful Retaliation under 31 U.S.C. § 3730(h) (Count 6); Intentional Infliction of Emotional Distress (Count 7); and Negligent Infliction of Emotional Distress (Count 8). Pursuant to the Amended Rule 16 Scheduling Order, filed herein on September 27, 2004, trial was scheduled for June 14, 2005 before Judge Helen Gillmor. Based upon that trial date, the dispositive motions deadline was January 12, 2005. As of that deadline, Defendants did not move for summary judgment as to *any* of Plaintiff's claims. (Affidavit of Barbara A. Petrus (hereinafter "Petrus Aff.") at ¶ 2.)

The parties filed Final Pretrial Statements on April 26, 2005. In their Pretrial Statement, Defendants raised – for the first time – arguments that certain of Plaintiff's claims should be barred. (*Id.* ¶ 3.)

At the Final Pretrial Conference on May 3, 2005, Magistrate Judge Barry Kurren informed the parties that the trial date was advanced to June 7, 2005 and was reassigned from Judge Gillmor to Judge Manuel Real. At that same

conference, Defendants' counsel, when discussing why a motion for summary judgment had not been filed, indicated that she believed that such a motion would not be successful before Judge Gillmor. (*Id.* ¶¶ 4-5.)

By letter dated May 16, 2005, Defendants transmitted to Plaintiff a proposed Stipulation for Partial Dismissal with Prejudice of Defendants Tom Caffrey and Ruby Caffrey from Counts 1 (42 U.S.C. §§ 2000e et seq) and 6. (*Id.* ¶ 6; letter from Defendants' counsel to Plaintiff's counsel dated May 16, 2005, attached to Petrus Aff. as Ex. 1.) In their letter, Defendants set forth their legal authorities for requesting this Stipulation. (*See id.*)

Judge Real held a telephonic status conference on May 17, 2005. During that status conference, Judge Real stated that it appeared from the Complaint that Plaintiff was claiming retaliation for some acts that occurred outside the statute of limitations, and retaliation for acts that were within the statute of limitations. (Petrus Aff. ¶ 7.) He further stated that Plaintiff's emotional distress claims were "not clear" for him.[1] (*Id.*) Judge Real requested that the

---

[1]     Contrary to Defendants' assertion (*see* Memorandum in Support of Motion (hereinafter "Mot.") at 9), Judge Real did *not* state that Plaintiff's emotional distress claims were "without basis." (Petrus Aff. ¶ 7.) Indeed, given the fact that there was no motion pending before the Judge, it is hard to understand how such a conclusion could be reached.

parties narrow the issues for trial,[2] and reopened the dispositive motions deadline, setting it for July 15, 2005. (*Id.* ¶ 8; Minutes, filed herein on May 25, 2005.)

On May 18, 2005, Defendants' counsel Nichole Shimamoto contacted Plaintiff's counsel Anne Bell to ask which claims Plaintiff would stipulate to dismiss. (Affidavit of Anne T. Horiuchi Bell (hereinafter "Bell Aff.") ¶ 2.) Ms. Bell asked defense counsel to draft a letter setting forth the specific claims Defendants proposed to have dismissed. (*Id.*) Plaintiff's counsel expected that defense counsel would provide a letter and perhaps a proposed stipulation, similar to what had been provided on May 16, 2005. (*Id.*)

Instead, by letter dated May 19, 2005, Defendants' counsel noted certain of Judge Real's remarks from the status conference, and stated that Defendants were willing to agree to stipulate to the dismissal of those claims which Plaintiff was willing to dismiss with prejudice. (Petrus Aff. ¶ 9; *see* letter from Defendants' counsel to Plaintiff's counsel dated May 19, 2005, attached to Petrus Aff. as Ex. 2.) Despite Ms. Bell's May 18th request, Defendants' letter did not specify which claims Defendants sought to dismiss through stipulation.

By letter dated May 20, 2005, Plaintiff's counsel disagreed with

---

[2]    Contrary to Defendants' assertion (*see* Mot. at 9), Judge Real did not suggest that the parties stipulate to dismiss claims from the action to narrow the issues for trial, and that, if necessary, the Defendants file a motion. (Petrus Aff. ¶ 8.) Defendants' counsel first suggested that the parties narrow the issues through stipulation, while Judge Real suggested the possibility of motions. (*Id.*)

4

Defendants' counsel's characterization of Judge Real's comments from the May 17th status conference, and further requested that if Defendants sought to have specific claims and/or parties dismissed through stipulation,[3] that Defendants inform Plaintiff of those specific requests and of the bases for those requests. (*Id.* ¶ 10; *see* letter from Plaintiff's counsel to Defendants' counsel dated May 20, 2005, attached to Petrus Aff. as Ex. 3.) Defendants did not respond to this invitation, and instead proceeded with the filing of their Motions for Summary Judgment and Partial Summary Judgment[4] on July 15, 2005. (Petrus Aff. ¶ 11.) Plaintiff adduced substantial legal argument and evidence in opposition to both motions. (*See* Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment, filed herein on July 29, 2005 (hereinafter "MIOMSJ"); Plaintiff's Memorandum in Opposition to Defendants Tom Caffrey and Ruby Caffrey's Motion for Partial Summary Judgment, filed herein on July 29, 2005

---

[3]     Plaintiff's counsel noted that this did not apply to Defendants' proposed Stipulation to Dismiss individual Defendants Tom and Ruby Caffrey from the claims arising under Title VII and the False Claims Act, as Plaintiff was still assessing the proposed Stipulation at that time. The parties subsequently corresponded regarding revisions to the proposed Stipulation, and eventually, the parties came to an agreement and entered into the stipulation. *See* Stipulation for Partial Dismissal with Prejudice of Defendants Tom Caffrey, Individually, and Ruby Caffrey, Individually, from Counts 1 (42 U.S.C. §§ 2000e et seq.) and 6, of the Complaint Filed on March 21, 2003, filed herein on July 28, 2005 (hereinafter "Stipulation for Partial Dismissal").

[4]     The Motion for Partial Summary Judgment sought to dismiss the Caffrey Defendants.

(hereinafter "MIOMPSJ").)[5]

At the August 30, 2005 hearing on Defendants' Motions, the Court granted the Defendants' Motion for Partial Summary Judgment and granted in part and denied in part Defendants' Motion for Summary Judgment. Consequently, the parties proceeded to trial on Count 1 (Unlawful Retaliation Under 42 U.S.C. §§ 2000e et seq. and Haw. Rev. Stat. § 378-2), Count 4 (Wrongful Retaliatory Discharge Under ERISA) and Count 5 (Wrongful Withholding of Benefits Under ERISA).

Prior to trial, on or about August 29, 2005, the parties submitted various motions *in limine* to the Court. Thereafter, on or about September 8, 2005, Plaintiff's counsel sent a letter to Judge Real requesting, among other things, expedited rulings on the motions *in limine*. (*See* Letter from Barbara A. Petrus to The Honorable Manual L. Real dated September 8, 2005, attached to Petrus Aff. as Ex. 4.) As set forth in the letter, Plaintiff's counsel specifically requested early rulings for the purpose of making arrangements for witnesses. (*Id.*) However, despite Plaintiff's counsel's efforts, the Court did not provide rulings on the motions *in limine* until the first day of trial. (Petrus Aff. ¶12.) Thus, prior to the start of trial, Plaintiff had no way of knowing what testimony or which witnesses

---

[5]     Plaintiff incorporates herein by reference all of the arguments and evidence set forth in these Memoranda in Opposition.

would be allowed at trial.

In ruling on the numerous motions *in limine*, the Court reserved ruling on several motions. Most importantly, the Court did not rule on whether it would allow the testimony of Lt. Col. Mark Johnson, Bernard Vailuu and James Michael "Mick" Hipsher. (*See* Minutes dated 9/19/05 attached to Petrus Aff. as Ex. 5; Minutes (Amendment to Court Minutes filed on 9/19/05) dated 10/6/05, attached to Petrus Aff. as Ex. 6.) Without these rulings, Plaintiff had no way to predict what testimony would be permitted to be presented at trial.

During the jury trial on Count 1 of Plaintiff's Complaint, the Court allowed testimony from Plaintiff, Ruby Caffrey, Tom Caffrey, Peter Noel, and Robert Nehmad (by deposition).[6] (Petrus Aff. ¶15.) The Court did not permit Plaintiff to introduce the testimony of Lt. Col. Mark Johnson, Peter Pay and James Michael "Mick" Hipsher. (*Id.*) Following the close of the Plaintiff's case in chief, Defendant SMF[7] moved the Court for judgment as a matter of law as to Count I. (*Id.*) After hearing arguments, the Court granted Defendant SMF's Motion and dismissed Count I.

Thereafter, the Court proceeded to a bench trial of Counts 4 and 5 of

---

[6]     Through the Court's rulings on the motions *in limine*, the Court severely restricted the content of these witnesses' testimony. (Petrus. Aff. ¶ 15.)

[7]     At the time of trial, the only remaining Defendant was SMF Systems Corporation (hereinafter "Defendant SMF").

7

Plaintiff's Complaint. After receiving testimony from Plaintiff and ERISA Plan Administrator, Ruby Caffrey, the Court found in favor of Defendant SMF on both Count 4 and Count 5. (*Id.* ¶ 16.)

On or about December 1, 2005, the Court entered Final Judgment in favor of Defendant SMF and against Plaintiff.

## III.   ARGUMENT

### A.   Attorney's Fees Are Not Awardable As A Matter Of Right

It is the general rule in the United States that, in the absence of legislation providing otherwise, litigants must pay their own attorney's fees. *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 415 (1978)(*citing Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240 (1975)). Congress has provided only limited exceptions to this rule under selected statutes granting or protecting various federal rights. *Id.* Some statutes make fee awards mandatory for prevailing plaintiffs; others make awards permissive but limit them to certain parties; and others are more flexible, authorizing attorney's fees to either plaintiffs or defendants. *Id.*

### B.   Pursuant To Applicable Statutory Provisions, Defendants Are Not Entitled To An Award Of Attorney's Fees And Costs For Defending Against Counts 1, 2 And 6

Defendants' argument for awarding their attorney's fees for prevailing on Plaintiff's federal and state retaliation claims (*see* Mot. at 3-7) fails to cite to the

specific statutes for claims under Hawaii's discriminatory employment practices law, the Hawaii Whistleblowers' Protection Act ("HWPA"), and the False Claims Act ("FCA:") retaliation section.  As set forth below, these specific statutes preclude an award of attorney's fees and costs to Defendants for having prevailed on these various claims.

### 1.    Count 1: Unlawful Retaliation Under Haw. Rev. Stat. § 378-2[8]

Plaintiff submits that Haw. Rev. Stat. § 378-5(c) is the appropriate statute for assessing an award of attorney's fees relating to a claim brought under Hawaii's discriminatory employment practices law, Haw. Rev. Stat. Chap. 378, Part 1.  Section 378-5(c) provides that "[i]n any action brought under this part, the court, in addition to any judgment awarded to the plaintiff or plaintiffs, shall allow costs of action, including costs of fees of any nature and reasonable attorney's fees, **to be paid by the defendant**."  Haw. R. Stat. § 378-5(c) (emphasis added).  Section 378-5(c) does not contemplate an award of attorney's fees and costs to be paid by a plaintiff.  Consequently, Defendants should not be awarded their attorney's fees and costs for having prevailed on this claim.

---

[8]     The standard for the awarding of attorney's fees for the other portion of Count I (Unlawful Retaliation Under 42 U.S.C. §§ 2000e et seq.) is discussed in Part III.C.1.a, *infra*.

### 2.    Count 2: Violation of Haw. Rev. Stat. §§ 378-62 et seq.

The HWPA also contains a specific provision relating to the award of

attorney's fees.  Under the HWPA,

> [a] court, in rendering a judgment in an action brought
> pursuant to this part, shall order, as the court considers
> appropriate, reinstatement of the employee, payment of
> back wages, full reinstatement of fringe benefits and
> seniority rights, actual damages, or any combination of
> these remedies.  A court may also award **the complainant**
> all or a portion of the costs of litigation, including
> reasonable attorney's fees and witness fees, if the court
> determines that the award is appropriate.

Haw. Rev. Stat. § 378-64 (emphasis added).

Because the HWPA does not permit a right of recovery for

employer/defendants, an award of attorney's fees and costs to Defendants for this

claim is inappropriate.

### 3.    Count 6: Unlawful Retaliation under 31 U.S.C. § 3730(h)

Contrary to Defendants' assertion (*see* Mot. at 4-5), the appropriate

statutory provision regarding the award of attorney's fees in FCA retaliation cases

is 31 U.S.C. § 3730(h), which contains specific provisions regarding attorney's

fees.  It provides that:

> Any **employee** who is discharged, demoted, suspended,
> threatened, harassed, or in any other manner discriminated
> against in the terms and conditions of employment by his
> or her employer because of lawful acts done by the
> employee on behalf of the employee or others in

10

> furtherance of an action under this section, . . . shall be
> entitled to all relief necessary to make the employee
> whole.  Such relief shall include . . . **litigation costs and
> reasonable attorney's fees**.

31 U.S.C. § 3730(h) (emphasis added).

This statutory provision permits the recovery of attorney's fees and litigation costs only by an employee, not by an employer/defendant. Consequently, the Court should not award Defendants their attorney's fees and costs for having prevailed on this claim.

### C.    Defendants Are Not Entitled To An Award Of Attorney's Fees And Costs Because Plaintiff's Claims Were Not Frivolous, Nor Was His Conduct Vexatious

In ruling on an award of attorney's fees and costs, because each claim has a separate standard for whether attorney's fees and costs may be awarded, each claim must be evaluated separately.  The court should not evaluate the complaint as a whole.  *See Laurino v. Syringa General Hospital*, 2005 WL 1847173 at *2 (D. Idaho 2005); Haw. Rev. Stat. § 607-14.5(a).

In their Motion, Defendants contend that they are entitled to an award of attorney's fees for defending against Plaintiff's Complaint because his claims were frivolous, without merit and vexatious.  (*See* Mot. at 4-15.)  Defendants are

wrong.[9]  Defendants' discussion of certain acts by Plaintiff (*see* Mot. at 8-15)[10]

---

[9]     Defendants contend in their Motion that Plaintiff's claims were frivolous, yet Defendants failed to file a Motion for Summary Judgment as to *any* of Plaintiff's claims prior to the original dispositive motions deadline of January 12, 2005. (*See* Amended Rule 16 Scheduling Order, filed herein on September 27, 2004; Petrus Aff. ¶ 2.) Indeed, at the Final Pretrial Conference on May 3, 2005, before Magistrate Kurren, counsel for Defendants simply indicated that she did not file a Motion for Summary Judgment because she did not think it would be successful given her "experience" with Judge Gillmor, the original judge assigned to this case. (Petrus Aff. ¶ 4-5.) Had Plaintiff's claims been frivolous, one would have expected Defendants to file their Motion for Summary Judgment post haste.

[10]    Plaintiff does not agree with Defendants' characterization of various events that occurred during the litigation.  As discussed under the Factual Background section above and as will be addressed throughout this Memorandum, Plaintiff proffered reasonable legal arguments and substantial evidence to support each of his claims. (*Cf.* Mot. at 8-9.)

Defendants' contention that "Plaintiff raised frivolous arguments in his attempt to save claims and parties that he should have stipulated to dismiss" and reference to a particular argument from Plaintiff's MIOMPSJ (*see* Mot. at 9-10) fails to acknowledge the primary argument asserted by Plaintiff (over four pages of his Opposition, with citation to cases from the District of Hawaii and the Hawaii Supreme Court) to hold the Caffreys individually liable under Haw. Rev. Stat. Chap. 378 (*see* MIOMPSJ at 3-7). Defendants then discuss Plaintiff's Motion to Compel (*see* Mot. at 10), but this discussion neglects to mention that despite the Court ordering Defendants to allow the inspection of certain documents, Defendants never complied with Plaintiff's repeated requests for said inspection. (Bell Aff. ¶ 4.) Defendants' characterization of certain pre-trial and trial events (*see* Mot. at 11-13) ignores the uncertainty faced by *both* parties due to the Court's late and reserved rulings on numerous evidentiary issues. Defendants further argue that "Plaintiff steadfastly refused" to sign certain submissions by Defendants, and "instead insisted on his own proposals." (Mot. at 14.)  However, a disagreement as to the form of an order is not a basis for an award of attorney's fees and costs; indeed, it is a party's right under the rules of the Court. *See* L.R. 58.2.  Finally, Defendants' recap of the procedural history of this case suggests that because they prevailed on Plaintiff's claims, they are entitled to their attorney's fees and costs. (*See* Mot. at 13.)  By this argument, Defendants appear to be advocating the application of the "English rule," under which the losing party, whether plaintiff or

12

fails to establish how these purported acts show that any specific claim by Plaintiff had no legal merit, or how these purported acts constituted such vexatious conduct so as to warrant the award of fees under a specific claim.

Defendants have not shown that they are entitled to an award of attorney's fees and costs pursuant to the applicable standard for the award of attorney's fees and costs for each of Plaintiff's claims. *See Laurino*, 2005 WL 1847173 at *2. As discussed in Plaintiff's MIOMPSJ and in Plaintiff's MIOMSJ, Plaintiff had both a legal and factual basis for each of his claims, even those which the Court suggested during the May 17, 2005 status conference may have fallen outside the applicable limitations period, or which were "not clear." With respect to the claims that survived summary judgment, those claims certainly were not frivolous, though ultimately unsuccessful. Finally, throughout this case Plaintiff acted no differently than any other party to litigation.[11]

As set forth below, Plaintiff had a legal basis for all his claims from the time he filed his Complaint and throughout the course of this litigation, and

---

defendant, pays the winner's fees, rather than the "American rule," under which the parties bear their own attorney's fees regardless of the outcome of the case. *See Hensley v. Eckerhart*, 461 U.S. 424, 444 n.2 (1983)(Brennan, J., concurring in part and dissenting in part). As set forth below, the mere fact that Defendants prevailed on Plaintiff's claims does not establish their entitlement to attorney's fees pursuant to the standards applicable to each of Plaintiff's claims.

[11] Indeed, prior to trial, Plaintiff stipulated to dismiss the Title VII and False Claims Act retaliation claims against the individual Defendants. *See* Stipulation for Partial Dismissal.

conducted himself reasonably and appropriately in the prosecution of his

Complaint.

**1.    Federal Law Claims Under Count 1: Unlawful Retaliation Under 42 U.S.C. §§ 2000e et seq. and Under Count 6: Unlawful Retaliation Under 31 U.S.C. § 3730(h)**

**a.    Count 1: Unlawful Retaliation Under 42 U.S.C. §§ 2000e et seq.**

42 U.S.C. § 2000e-5(k) provides in relevant part:

> In any action or proceeding under this subchapter the
> court, in its discretion, may allow the prevailing party, . . .
> a reasonable attorney's fee (including expert fees) as part
> of the costs[.]

42 U.S.C. §2000e-5(k).

In evaluating a claim for attorney's fees made by a prevailing

defendant, "a district court may in its discretion award attorney's fees to a

prevailing defendant in a Title VII case upon a finding that the plaintiff's action

was frivolous, unreasonable, or without foundation, even though not brought in

subjective bad faith." *Christiansburg*, 434 U.S. at 421. A claim is frivolous when

the result is obvious or the plaintiff's arguments are wholly without merit.

*Pfingston v. Ronan Engineering Co.*, 284 F.3d 999, 1006 (9th Cir. 2002).

The Ninth Circuit has cautioned that attorney's fees in civil rights

cases should only be awarded to a defendant in exceptional circumstances. *Saman*

*v. Robbins*, 173 F.3d 1150, 1157 (9th Cir. 1999)(affirming the denial of attorney's

14

fees for claims that were groundless but related to the other nonfrivolous claims, and reversing the denial of attorney's fees for claims which were completely "groundless"). Moreover, the Ninth Circuit has specifically directed district courts to exercise caution in awarding fees to a prevailing defendant in order to avoid discouraging legitimate suits that may not be airtight. *Equal Employment Opportunity Commission v. Bruno's Restaurant*, 13 F.3d 285, 287 (9th Cir. 1993)(reversing an award of attorney's fees, finding that the district court failed to follow the standards articulated in *Christiansburg*); *see also Christiansburg*, 434 U.S. at 421-22 (affirming the decision to deny an award of attorneys' fees, noting that assessing attorney's fees against plaintiffs simply because they do not finally prevail would undercut the efforts of Congress to promote vigorous enforcement of Title VII); *Solomen v. Redwood Advisory Co.*, 223 F. Supp. 2d 681, 688 (E.D. Pa. 2002)("The decision to award attorney's fees in these circumstances could lead to a chilling effect on future civil rights plaintiffs, a result that would contravene Congress' intent in enacting the very civil rights statutes at issue here.")(*citing Christiansburg*, 434 U.S. at 419-20).

Further, in applying the above-referenced criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. *Christiansburg*, 434 U.S. at

421-22. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. *Id.*

Here, Plaintiff's Title VII retaliation claim survived summary judgment and proceeded to trial. Plaintiff's arguments and evidence were supported by extensive case law, including many Ninth Circuit decisions. (*See* MIOMSJ at 3-23; Plaintiff's Memorandum in Opposition to Defendant SMF Systems Corporation's Motion for Judgment as a Matter of Law, filed herein on September 21, 2005 (hereinafter "MIOMJMOL")[12] at 3-15.) That Plaintiff ultimately did not prevail[13] does not equate to a showing that this claim was frivolous, and Defendants have not proffered any evidence of "exceptional circumstances" that warrant an award of attorney's fees to them for having prevailed on this claim. Because Defendants have not shown that Plaintiff's Title VII retaliation claim was frivolous, unreasonable or without foundation, the Court should not award them their attorney's fees or costs for prevailing on this claim.

---

[12]    Plaintiff incorporates herein by reference all legal arguments and evidence set forth in his MIOMJMOL.

[13]    Plaintiff had extensive evidence in support of his retaliation claims. (*See* MIOMSJ at 3-23.) Even though the Court excluded some of this evidence prior to and during trial, Plaintiff nevertheless proffered substantial evidence in support of his retaliation claim at trial. (*See* MIOMJMOL at 5-15.)

     **b.**    **Count 6: Unlawful Retaliation Under 31 U.S.C.**
         **§ 3730(h)**

Defendants cite to 31 U.S.C. § 3730(d)(4) for the proposition that the court may award a defendant its reasonable attorney's fees and expenses if the defendant prevails in the action and the court finds that the claims brought by the plaintiff were clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment. (*See* Mot. at 4-5, *citing* 31 U.S.C. § 3730(d)(4).) Defendants' argument in misplaced.

The recovery of attorney's fees and costs contemplated by Section 3730(d)(4) only applies to qui tam plaintiffs. *See* 31 U.S.C. § 3730(d)(4) (permitting the defendant **in a qui tam action** to recover its reasonable attorneys' fees if the court finds that plaintiff's claim was "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment"); *Pfingston*, 284 F.3d at 1005 (instructing that a defendant may recover attorney's fees under 31 U.S.C. § 3730(d)(4) in **qui tam cases**). Here, Count 6 of Plaintiff's Complaint was an FCA retaliation claim under 31 U.S.C. § 3730(h),[14] not an FCA qui tam claim under 31 U.S.C. § 3730(b). Accordingly, Defendants are not entitled to the relief set forth in Section 3730(d)(4).

---

[14]    As discussed above, 31 U.S.C. § 3730(h) contains a provision regarding the award of attorney's fees and costs. *See* Part III.B.3, *supra*.

However, even if Section 3730(d)(4) did provide the appropriate standard for the award of attorney's fees for prevailing on an FCA retaliation claim, Defendants are nevertheless not entitled to such an award here. Although Defendants argued that this claim was barred by the statute of limitations, Plaintiff maintained that a longer limitations period applied,[15] and alternatively, that even if the shorter limitations period advocated by Defendants applied, that Defendants' post-termination retaliatory acts would not be time-barred. (*See* MIOMSJ at 2-3.) Plaintiff also proffered facts and legal argument in support of this claim. (*See id.* at 26-28.)

Again, Defendants have not shown that Plaintiff's FCA retaliation claim was frivolous, unreasonable or without foundation. Consequently, the Court should not award them their attorney's fees for prevailing on this claim.

---

[15]    It is not established at the appellate level as to what time period applies. Plaintiff raised good faith arguments that the statute of limitations for public policy discharge claims was most analogous to FCA retaliation claims, rather than the statute of limitations provided by the HWPA. (*See* MIOMSJ at 2-3.) There is just one district court case (*United States v. UNC/LEAR Services, Inc.*, 2005 WL 639679 (D. Haw. 2005)) discussing the application of the most closely analogous state limitations period. If one district court case causes an argument to be frivolous, the development of case law is impeded, as is the zealous representation of clients as required by the Rules of Professional Conduct.

2.   **State Law Claims Under Count 1: Unlawful Retaliation Under Haw. Rev. Stat. § 378-2; Count 2: Violation of Haw. Rev. Stat. §§ 378-62 et seq.; Count 3: Discharge in Violation of Public Policy; Count 7: Intentional Infliction of Emotional Distress; and Count 8: Negligent Infliction of Emotional Distress**

a.   **The Purported Standard for Awarding Attorney's Fees**

Defendants cite Section 607-14.5 of the Hawaii Revised Statutes for the proposition that they are entitled to an award of attorney's fees for prevailing on Plaintiff's state law claims. (Mot. at 6-7.) This proposition is not entirely accurate. Indeed, Defendants failed to cite attorney's fees provisions that are specifically applicable to claims brought under Hawaii's discriminatory employment practices law, Haw. Rev. Stat. Chap. 378, Part I, and the HWPA, Haw. Rev. Stat. Chap. 378, Part V. (*See* discussion *supra* Parts III.B.1, III.B.2.)

Even if Section 607-14.5 did apply to the awarding of attorney's fees for all or any of Plaintiff's state law claims, Defendants are still not entitled to an award of attorney's fees in this case.

Section 607-14.5 permits recovery of attorney's fees and costs as follows:

(a)     In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, whether or not the party was a prevailing party, and enter

> as part of its order, for which execution may issue, a
> reasonable sum for attorneys' fees and costs, in an amount
> to be determined by the court upon a specific finding that
> all or a portion of the party's claim or defense was
> frivolous as provided in subsection (b).

Haw. Rev. Stat. § 607-14.5.

A claim is frivolous when it is "so manifestly and palpably without

merit, so as to indicate bad faith on the pleader's part such that argument to the

court was not required." *Canalez v. Bob's Appliance Service Center, Inc.*, 89 Haw.

292, 301, 972 P.2d 295, 304 (1999). As set forth below, Plaintiff had valid legal

arguments in support of each of his state law claims.

**b.    Count 1: Unlawful Retaliation Under Haw. Rev. Stat.
§ 378-2**

Plaintiff had extensive evidence and legal argument in support of his

retaliation claims (*see* MIOMSJ at 3-23; MIOMPSJ at 3-8;[16] MIOMJMOL at 3-

15), and his claim for retaliation under state law survived summary judgment along

with his claim for Title VII retaliation. Additionally, despite the exclusion of some

---

[16]    Plaintiff argued that the Caffrey Defendants could be held individually liable
under Haw. Rev. Stat. Chap. 378. Ultimately, Plaintiff was not successful and the
Court granted the Caffrey Defendants' Motion for Partial Summary Judgment.
However, it should be noted that the issue of individual liability under Haw. Rev.
Stat. Chap. 378 is still unsettled law; indeed, in a recent case before Judge
Seabright of this Court, he agreed with the position advocated by Plaintiff. *See
Sherez v. State of Hawaii Dep't of Educ.*, 396 F. Supp. 2d 1138, 1146 (D. Haw.
2005)(noting that there is no binding authority on the issue of individual liability
under Haw. Rev. Stat. § 378-2 and holding that individuals *are* subject to liability
under § 378-2 when they act as agents of an employer).

20

of this evidence prior to and at trial, Plaintiff nevertheless proffered substantial evidence in support of this claim at trial. (*See* MIOMJMOL at 5-15.) Plaintiff submits that the dismissal of this claim at the close of his evidence at trial does not establish that this claim was wholly without merit.

### c.    Count 2: Violation of Haw. Rev. Stat. §§ 378-62 et seq.

Defendants argued that this claim was barred by the statute of limitations, and that Plaintiff could not show that he engaged in a protected activity or that there was a causal link between his protected activity and Defendants' retaliatory conduct.

Throughout this litigation, Plaintiff has maintained that there are two adverse employment actions at issue: Defendants' termination of his employment in 2001 and Defendants' series of post-employment retaliatory acts against him in the form of lawsuits filed against Plaintiff in California and Colorado in 2003 and 2004, respectively. Because post-employment retaliation against a former employee may be the basis for employment claims, *see, e.g., Robinson v. Shell Oil Company*, 519 U.S. 337, 117 S. Ct. 843 (1997)(applying Title VII to post-termination retaliatory actions), Plaintiff argued that the ninety-day statute of limitations did not bar him from prosecuting an HWPA claim for Defendants' post-termination retaliation against him. (*See* MIOMSJ at 1-2.) Additionally,

Plaintiff adduced evidence that he engaged in a protected activity pursuant to the HWPA and that there was a causal connection between his whistleblowing activities and the adverse employment actions (termination and post-termination) at issue. (*See id.* at 23-25.)

Plaintiff submits that his argument for the extension of the HWPA to post-termination retaliation was not so "manifestly and palpably without merit" as to indicate that he acted in bad faith. *See Canalez*, 89 Haw. at 301, 972 P.2d at 304; *see Nielson v. Ono*, 750 F. Supp. 439, 443 (D. Haw. 1990)(plaintiff's argument for an extension of negligent entrustment law did not warrant an award of attorney's fees pursuant to Haw. Rev. Stat. § 607-14.5). Therefore, Defendants should not be awarded their attorney's fees and costs for prevailing on this claim.

### d.    Count 3: Discharge in Violation of Public Policy

Defendants argued that this tort claim was barred because Title VII, Haw. Rev. Stat. § 378-2 and the HWPA provided the exclusive remedy for Plaintiff's claims. Plaintiff countered that Defendants waived this exclusive remedy defense by failing to include it in their Answer to Plaintiff's Complaint. (*See* MIOMSJ at 28-31.) Plaintiff further argued that even if the Court considered Defendants' exclusive remedy defense, it still did not entitle them to summary judgment because the only claims for which an exclusivity defense would bar

Plaintiff's *Parnar*[17] claim are the statutory retaliation claims under Haw. Rev. Stat. § 378-2 and Title VII. The HWPA, on the other hand, specifically provided that it *did not* preempt common law rights and remedies, and Defendants failed to establish how the exclusive remedy defense applied to Plaintiff's claims other than his Title VII and Haw. Rev. Stat. § 378-2 claims. (*See id.* at 31-33.) Plaintiff submits that these legal arguments preclude a finding that this claim was frivolous, and therefore preclude an award of attorney's fees and costs to Defendants for this claim.

> e.     **Count 7: Intentional Infliction of Emotional Distress; and Count 8: Negligent Infliction of Emotional Distress**

As discussed above, at the May 17, 2005 status conference, the Court merely stated that Plaintiff's emotional distress claims were "not clear;" the Court *did not* state that the claims were "without basis" (*see* Mot. at 9). Subsequently, Plaintiff adduced evidence of the extreme emotional distress he suffered as a result of Defendants' adverse employment actions – both the termination of his employment and the lawsuits filed against him following his termination. (*See* MIOMSJ at 35-37.) He also proffered legal arguments regarding the exemption of individuals from Hawaii's workers' compensation exclusivity provision where the injured employee's personal injury is caused by the individuals' wilful and wanton

---

[17]     *Parnar v. Americana Hotels, Inc.*, 65 Haw. 370, 652 P.2d 625 (1982).

misconduct, and the inapplicability of the worker's compensation exclusivity provision to post-termination conduct. (*See id.* at 37-39.) Although these claims were dismissed through summary judgment, Plaintiff submits that said dismissal does not equate to a specific finding that the claims were frivolous, and as such, an award of attorney's fees and costs to Defendants on these claims is not appropriate.

### D.    Defendants Have Failed To Demonstrate That They Are Entitled To Recover Attorney's Fees and Costs For Defending Against Counts 4 And 5

#### 1.    Standard for Awarding Attorney's Fees

Counts 4 and 5 of Plaintiff's Complaint allege violations of ERISA. 29 U.S.C. §1132(g) specifically permits the court, in its discretion, to award "reasonable attorney's fees and costs of action to either party."

In awarding attorney's fees and costs, courts should consider: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' position. *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980) (citations omitted).

2.    **Defendants Have Failed to Demonstrate and Cannot
      Demonstrate that they are Entitled to Recover Attorney's
      Fees for Defending Counts 4 and 5**

Although Defendants cite the same five factors for the evaluation of

an award of attorney's fees under ERISA (*see* Mot. at 7-8), Defendants failed to

evaluate any of these factors to establish their entitlement to an award of their

attorney's fees and costs. Their failure to address these factors notwithstanding,

Plaintiff submits that Defendants cannot demonstrate that an award of their

attorney's fees and costs for having prevailed on Plaintiff's ERISA claims is

warranted.

First, there is no evidence that Plaintiff brought or pursued his ERISA

claims in bad faith. These claims survived summary judgment.[18] Although they

were ultimately unsuccessful, there certainly has been no determination of any bad

faith on Plaintiff's part.

Second, Defendants are seeking $355,034.74 in attorney's fees and

costs and future attorney's fees and costs.[19] Plaintiff testified at trial that his

---

[18]    (*See* MIOMSJ at 25-26, 33-34; Plaintiff's Trial Brief, filed herein on
September 6, 2005, at 15-20.) Counts 4 and 5 proceeded to trial against Defendant
SMF Systems Corporation, only. Despite Plaintiff's arguments that the Caffreys
could be held individually liable under ERISA (*see* MIOMPSJ at 9-11), the Court
granted them summary judgment on these claims.

[19]    *See* Mot. at 17-19; Defendants' Supplement to Motion for Attorneys' Fees
and Costs, filed herein on January 4, 2006, at 2. Plaintiff notes that the attorney's
fees incurred for the defense of Counts 4 and 5 have not been separated from the

current salary at the time of trial was $104,000 per year. (*See* 9/19/05 Trial Transcript at p. 74:1-2 attached, in relevant part, to Petrus Aff. as Ex. 7.) Based on his current salary, Plaintiff simply cannot satisfy such an exorbitant award.

Third, an award of fees against Plaintiff would very likely deter others from acting under similar circumstances. Plaintiff's ERISA claims related to the retaliatory actions taken against him as a result of his complaints regarding the delayed deposits of his 401(k) contributions and the failure to respond to his requests for information, as well as the wrongful withholding of his benefits.[20] An award of attorney's fees in this case – especially of the amount sought by Defendants – would strongly discourage other potential plaintiffs from asserting their rights as provided by ERISA.

The fourth factor of whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a

---

defense of his other claims, and as such, he can refer only to the total amounts provided in Defendants' moving papers.

[20] Plaintiff testified at trial that, despite a document from the Department of Labor to the contrary, he *still* has not received the lost interest he incurred as a result of the delayed deposits of his employee contributions to his 401(k) plan. (*See* 9/21/05 Trial Transcript at p. 50:7-12 attached, in relevant part, to Petrus Aff. as Ex. 8.)

significant legal question regarding ERISA is inapplicable to the current circumstances.[21]

Fifth, Plaintiff's position had merit.  His ERISA claims survived summary judgment; the fact that he ultimately did not prevail on these claims does not equate to a finding that these claims were frivolous.[22]

Plaintiff submits that an application of the *Hummell* factors as set forth above demonstrates that an award of attorney's fees and costs to Defendants for defending against Counts 4 and 5 is not appropriate.  *See Carpenters Southern California Administrative Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984) (stating that courts should note that the *Hummell* factors very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs).

---

[21]   Plaintiff submits that this factor would be relevant to a case in which the plaintiff is seeking an award of fees.  Here, it should be noted that Plaintiff's complaints to his employer regarding the delayed deposits of *his* contributions to his 401(k) plan likely benefited *other* employees suffering from the same delays.

[22]   Indeed, during the bench trial on Counts 4 and 5, the Court took a lengthy recess (from 10:29 a.m. to 11:45 a.m.) in order to consider the legal authorities cited by the parties.  (*See* 9/22/05 Trial Transcript at p. 29:14-17 attached, in relevant part, to Petrus Aff. as Ex. 9.)  Such consideration would not have been necessary had Plaintiff's ERISA claims been groundless.

### E.  Defendants Are Not Entitled To An Award Of Non-Taxable Costs[23]

As discussed in the context of an award of attorney's fees above, Defendants have not provided any legal authority to support an award of non-taxable costs.  (*See* discussion *supra* Parts III.B – III.D.)  However, even if the Court entertains an award of non-taxable costs, such costs are not properly awardable.

L.R. 54.3(d) provides that when filing a motion for attorneys' fees and costs, "[t]he memorandum in support shall set forth . . . a listing, in sufficient detail to enable the court to rule on the reasonableness of the request, of any expenditures for which reimbursement is sought[.]"  L.R. 54.3(d).  Here, Defendants have not provided any information detailing the reasonableness of any of the reimbursement sought.  For example, Defendants submit five pages of fax charges; however, other than specifying the number of pages faxed, the documentation does not contain any evidence that the charges were reasonably incurred.  Defendants also have not provided sufficient details to support their requests for (1) postage costs; (2) long

---

[23]  Defendants have failed to specify the applicable authority entitling them to the requested award of non-taxable costs.  This is a violation of L.R. 54.3(d).  However, without specifying the authority relied on, Plaintiff cannot properly object.  Thus, Plaintiff reserves his right to further object to Defendants' requests.

distance telephone costs; (3) legal research charges;[24] (4) outside courier costs; and (5) trial supplies. Accordingly, these non-taxable costs should not be awarded.

Additionally, Defendants seek reimbursement for professional services provided by Margaret Jenkins. Plaintiff is confused as to why these "costs" were not included as "attorney's fees." In any event, Defendant has not provided any documentation to substantiate the work performed by Ms. Jenkins. Accordingly, their request for reimbursement must be denied.

Because Defendants' request for non-taxable costs completely fails to meet the documentation requirements, any award for non-taxable costs must be denied.

**F.    The Attorney's Fees Claimed By Defendants Are Unsupported And Unwarranted**

Should the Court decide that Defendants are entitled to recover attorney's fees and/or costs, Plaintiff requests that the Court[25] carefully evaluate the attorney's fees and costs claimed by Defendants to insure that (1) Defendants have complied with all applicable requirements for an award of fees and costs and

---

[24]    It is impossible for Plaintiff to evaluate whether these charges were reasonably and necessarily incurred when there is no information about what research was being performed.

[25]    Because a "line item" review of Defendants' request will likely be extremely time consuming, Plaintiff requests that the Court utilize the Magistrate Judge to serve as a special master to adjudicate this Motion pursuant to Fed. R. Civ. P. 54(d)(2)(D) and L.R. 53.1.

(2) that any attorney's fees and costs awarded are reasonable.[26]

### 1.    The Amounts Requested By Defendants Must Be Reasonable

#### a.    Burden of Proof

Where settlement of attorney's fees is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

#### b.    Application of the Lodestar Method

In determining the amount of the award, a court generally should begin by calculating the so-called lodestar amount, arrived at by multiplying the number of hours reasonably spent in achieving the results obtained by a reasonable hourly rate. *Doe v. Keala*, 361 F. Supp. 2d 1171, 1182 (D. Haw. 2005)(*citing Friend v. Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir. 1995)).

#### c.    Calculation of the Lodestar Amount

Factors that should be considered in fashioning the reasonable number of hours expended and the reasonable hourly rate of the lodestar include "(1) the novelty and complexity of the issues, (2) the special skill and experience of

---

[26]    If the Court determines that Defendants are entitled to their attorney's fees for certain claims because they have met the standard applicable to those claims, then the fees requested by Defendants must be allocated to ensure that Defendants are awarded only those fees that they incurred for defending against those particular claims.

counsel, (3) the quality of representation, (4) the results obtained, and (5) the contingent nature of the fee agreement" ("subsumed factors"). *Doe*, 361 F. Supp. 2d at 1183 (*citing Morales v. City of San Rafael,* 96 F.3d 359, 364 n.9 (9th Cir.1996)). The Ninth Circuit prefers that the district court adjust the reasonable number of hours or reasonable hourly rate at the first step when determining the lodestar; "adjusting the lodestar on the basis of subsumed reasonableness factors after the lodestar has been calculated . . . is a disfavored calculation." *Id.* The district court also should exclude from this initial calculation hours that were not reasonably expended. *Hensley*, 462 U.S. at 434.

### (1)    Hours Reasonably Expended

### (a)    Insufficient Documentation

Reduction of the hours reported is warranted where counsel has provided inadequate documentation. *Doe*, 361 F. Supp. 2d at 1184 (citations omitted). Although not every minute of an attorney's time must be documented, there must be an adequate description of how the time was spent and at the very least, the entry must identify the general subject matter of the time expenditure. *See id.* (citations omitted). Additionally, where there are attorney's fees claimed for separate causes of action, the applicant for attorney's fees should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims. *See Hensley*, 461 U.S. at 437.

Here, there are numerous instances where Defendants have provided insufficient descriptions or have failed to specify to which claim the fees incurred applies.  A non-exhaustive list of the deficiencies includes:[27]

- 9/3/2004     "Telephone call with Mr. Nehmad"

- 6/13/2005     "Confer with L. Toyofuku"

- 8/16/2005     "Telephone call with L. Toyofuku; Telephone call with Leslie Sai"

- 3/17/2005     "Team meeting re: strategy"

- 9/15/2004     "Brief review of discovery responses"

- 3/14/2005     "E-mail to Ms. Skinner"

- 4/14/2005     "Telephone conversation with Professional Image"

- 4/12/2005     "Telephone conferences with Mr. Kelley"

- 9/7/2004     "Research re videographer"[28]

- 3/8/2005     "Draft letter to Mr. Robert Nehmad"

- 3/14/2005     "Telephone call with Robert Nehmad"

- 5/16/2005     "Draft portions of remaining Motions in Limine"[29]

---

[27]     Because Defendants have produced numerous billing records, approximately 66 pages, Plaintiff cannot separately itemize every entry which is objectionable.

[28]     Entries for legal research must include an identification of the <u>specific issue</u> researched and, if possible, should identify the pleading or document for which the research was necessary.  *See* L.R. 54.3(d)2.

**(b)    Excessive Billing**

The hours reported by counsel may be reduced if the hours expended are deemed excessive or otherwise unnecessary. *Doe*, 361 F. Supp. 2d at 1184 (citation omitted).  Moreover, clerical and secretarial tasks should not be billed at a paralegal or lawyer's rate. *Id.* (*citing Davis v. City & County of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992), *vacated on other grounds*, 984 F.2d 345 (9th Cir. 1993) ("It is simply not reasonable for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost.")).  Some examples[30] of "excessive billing" or clerical tasks which appear in the billing statements are:

- 1/6/2005    "Confer with W. Vonderburgh re placing of documents on Summation"[31]

- 5/19/2005   "Telephone call to Court Clerk Leslie Sai re Re-calendaring of dates"

- 5/23/2005   "Review deadlines that need to be re-calendared; Telephone call to Courtroom Manager Leslie Sai re re-calendaring of deadlines"

---

[29]    Entries describing the preparation of pleadings and other papers must include an identification of the pleading or other document prepared <u>and</u> the activities associated with such preparation. *See* L.R. 54.3(d)2.

[30]    Because Defendants have produced numerous billing records, approximately 66 pages, Plaintiff cannot separately itemize every entry which is objectionable.

[31]    Clerical and secretarial tasks should not be billed at a paralegal or lawyer's rate. *See Doe*, 361 F. Supp. 2d at 1184.

- 5/31/2005   "Confer with J. Sparks re re-calendaring of deadlines"

- 3/8/2004    "Organize materials from client"

- 9/24/2004   "Oversee production of documents"

- 9/28/2004   "Organize documents produced by Plaintiffs and Defendants; Organize documents received from the Inspector General Department of Defense; Update index of documents produced by Defendants

- 9/26/2004   "Prepare for Plaintiff's deposition" (*See* Next Entry)

- 9/26/2004   "Prepare L. Toyofuku for deposition of Plaintiff"

- 4/7/2005    "Read transcript of Ms. Ruby Caffrey"[32]

- 4/11/2005   "Read transcript of Mr. Tom Caffrey in preparation of April 12 Settlement Conference" (*See* Next Entry performed by the same billing entity)

- 6/13/2005   "Review deposition transcript of Mr. Caffrey"

### (c)   Attorney's Fees Requested for H. Clyde Long

Defendants' request for attorney's fees incurred by H. Clyde Long

("Attorney Long") is set forth in Defendants SMF Systems Corporation, Tom

Caffrey, and Ruby Caffrey's Supplement to Motion for Attorneys' Fees and Costs,

filed on January 4, 2006 ("Supplemental Motion").  The Supplemental Motion was

filed more than 19 days after the December 16, 2005 deadline for filing of motions

---

[32]    8.00 hours was billed for this activity.  It is difficult to believe that it took 8 hours to read a 131 page document.  At this rate, the reader read approximately ¼ of a page per minute.

34

for attorneys' fees and costs.  *See* L.R. 54.3(a) ("a motion for an award of attorneys' fees and related non-taxable expenses must be filed within fourteen (14) days of entry of judgment.")  Moreover, Defendants failed to comply with the consultation requirement set forth in L.R. 54.3(b).[33]  Accordingly, because Defendants' request for attorney's fees for Attorney Long fails to comply with the applicable rules, it must be denied.

Alternatively, if the Court excuses Defendants' failure to comply with the rules and decides to award fees for work billed by Attorney Long, Plaintiff submits that any award of fees must be reduced because (1) many of the work descriptions provided for Attorney Long's work are insufficient; and (2) much of the work performed by Attorney Long was excessive or unnecessary.

A close review of Attorney Long's narrative descriptions reveals many deficiencies.  For example, Attorney Long fails to provide information regarding the subject of many of his letters, meetings and telephone conversations.  Further, Attorney Long also uses the term "status" as a descriptor for many

---

[33]     Although the parties did consult on the issue of attorneys' fees and costs, at no time during the consultation was Plaintiff's counsel aware that Defendants intended to supplement their Motion to request attorney's fees for Attorney Long. It was not until after the consultation that Defendants' counsel sent Plaintiff's counsel a letter advising that they would be amending their Motion to include fees for Attorney Long.  (Affidavit of Donna H. Kalama (hereinafter "Kalama Aff.") at ¶ 2.)

conversations. These descriptions are completely insufficient to support an award of attorney's fees. The following is a non-exhaustive list of the deficiencies in Attorney Long's work descriptions:[34]

- 8/29/2003     "Meeting with client"

- 9/2/2003     "Telephone conference with Attorney Nakashima"

- 9/3/2003     "Letter and documents to Attorney Toyofuku"

- 9/4/2003     "Telephone conference with client"

- 1/12/2004     "Letter to Colorado attorney"

- 3/2/2004     "Letter to Attorney Toyofuku"

- 3/23/2004     "Telephone call to client"

- 4/14/2004     "Telephone call to client re status"

- 5/5/2004     "Meeting with client"

- 5/7/2004     "Telephone call to client re status"

- 10/6/2004     "E-mail to/from Attorney Toyofuku"

- 10/7/2004     "E-mail to/from Attorney Toyofuku"

- 3/22/3005     "E-mails from Marr Hipp re discovery issues"

- 3/28/2005     "Meeting with Tom and Ruby Caffrey"

- 4/6/2005     "Telephone call to Tom Caffrey re status"

---

[34]     Plaintiff has not separately itemized every entry which is objectionable.

- 4/8/2005    "Telephone call to client"

Additionally, many of Attorney Long's time entries reflect work that is excessive,[35] repetitive or not work performed in defense of this case, for example:

- 9/9/2003    "Review Attorney Toyofuku retainer agreement"

- 1/12/2004  "Letter to Colorado attorney" (There were no Colorado attorneys involved with this case. The only Colorado attorney Plaintiff is aware of is the Colorado attorney who sued Plaintiff on behalf of Defendants.)

- 3/1/2004    "Prepare Final Long declaration"

- 1/31/2005  "Review Plaintiff's Motion to Compel"

- 2/22/2005  "Review opposition re: Plaintiff's Motion to Compel"

- 3/16/2005  "Review miscellaneous deposition notices"

- 4/9/2005    "Telephone appearance re Johnson depo"[36]

It is clear from the examples provided above that the fees requested for work performed must be closely scrutinized and reduced to the extent that they are insufficiently documented, excessive and/or unreasonable.

---

[35]    It is Plaintiff's position that much of the work performed by Attorney Long was unnecessary and excessive as it is clear from the billing records that Attorney Toyofuku and Attorney Shimamoto performed the bulk of the work in this matter.

[36]    It is interesting that Attorney Long billed .50 hours for this appearance when he did not make an appearance at the deposition due to the lack of a speaker phone. (Kalama Aff. ¶ 3.)

2.    **The Attorney's Fees For This Motion And Future Post-Trial Work**

Defendants seek attorney's fees incurred in the filing of this Motion and attempt to claim future expenses, in the amount of $10,000.00, for additional post-trial work. To support their claim for fees relating to this Motion, Defendants fail to provide the number of hours, or the amount incurred in the preparation of this Motion. Instead, they cite to the "Post-trial Motions section of Exhibit F" and the Toyofuku Aff. ¶¶ 22-23; however, neither of these documents provides information detailing the fees or costs incurred. In fact, it is difficult from the descriptions provided to discern what time was actually spent working on this Motion. Accordingly, without proper documentation, it is impossible for Plaintiff to determine whether the time incurred on this Motion is reasonable.

Defendants also seek additional fees in the amount of $10,000.00 and costs in the amount of $150.00 for future post-trial work. However, Defendants do not provide any authority for the award of these fees or costs as such fees and costs have not yet been incurred. Moreover, Defendants have not provided any information about (1) the work to be performed; (2) the number of hours involved; or (3) the names and the billing rates of the people performing the work. Without this information, Plaintiff, and this Court, cannot properly evaluate the

reasonableness of the "future" fees and costs. Accordingly, Defendants' request should be denied.

## IV.  CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that Defendants' Motion for Attorney's Fees and Costs be denied in its entirety. Alternatively, should this Court determine that some attorney's fees and non-taxable costs are warranted, Plaintiff requests that the amounts requested by Defendants be reduced to only the amounts that are legally supportable.

DATED: Honolulu, Hawaii, January 12, 2006.


/s/ Dawn T. Sugihara
BARBARA A. PETRUS
LINDALEE K. (CISSY) FARM
DONNA H. KALAMA
DAWN T. SUGIHARA

Attorneys for Plaintiff
JOHN A. MOFFETT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN A. MOFFETT, | CIVIL NO.  03-00130 MRL/BMK |
| Plaintiff, | CERTIFICATE OF SERVICE |
| vs. | |
| SMF SYSTEMS CORPORATION, a Maryland corporation; et al., | |
| Defendants. | |

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly served on this

date upon the following person(s) at the address(es) listed below by the means

indicated:

| | Mail | Hand Delivery | ECF |
|---|---|---|---|
| LYNNE T. T. TOYOFUKU, ESQ.<br>ltoyofuku@marrhipp.com<br>NICHOLE K. SHIMAMOTO, ESQ.<br>nshimamoto@marrhipp.com<br>Marr Hipp Jones & Wang<br>1001 Bishop Street, 1550 Pauahi Tower<br>Honolulu, HI  96813 | | | X |
| H. CLYDE LONG, ESQ.<br>950 Risa Road, 2nd Floor<br>LaFayette, CA  94549 | X | | |

Attorneys for Defendants

DATED: Honolulu, Hawaii, January 12, 2006.


/s/ Dawn T. Sugihara
BARBARA A. PETRUS
LINDALEE K. (CISSY) FARM
DONNA H. KALAMA
DAWN T. SUGIHARA

Attorneys for Plaintiff
JOHN A. MOFFETT