IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN A. MOFFETT,<br><br>     Plaintiff,<br><br>vs.<br><br>SMF SYSTEMS CORPORATION, a Maryland corporation; TOM CAFFREY; RUBY CAFFREY; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; DOE ENTITIES 2-10; JOHN DOES 1-20; JANE DOES 1-20; DOE GOVERNMENTAL AGENCIES 1-20,<br><br>     Defendants. | CIVIL NO.  03-00130 MLR/BMK<br><br>AFFIDAVIT OF BARBARA A. PETRUS; EXHIBITS 1 - 9 |

### AFFIDAVIT OF BARBARA A. PETRUS

STATE OF HAWAII           )
                          )   SS.
CITY AND COUNTY OF HONOLULU   )

BARBARA A. PETRUS, being duly sworn on oath, declares and says:

1. I am one of the attorneys for Plaintiff John A. Moffett in this action and am licensed to practice law in all courts of the State of Hawaii. I make this affidavit on personal knowledge.

2. Pursuant to the Amended Rule 16 Scheduling Order, filed herein on September 27, 2004, trial was scheduled for June 14, 2005 before Judge

1161254.1

Helen Gillmor. Based upon that trial date, the dispositive motions deadline was January 12, 2005. Defendants did not move for summary judgment as to any of Plaintiff's claims by that deadline.

3. Defendants filed their Pretrial Statement on April 26, 2005. In their Pretrial Statement, Defendants raised – for the first time – arguments that certain of Plaintiff's claims should be barred.

4. I attended the Final Pretrial Conference on May 3, 2005, during which Magistrate Judge Barry Kurren informed the parties that the trial date was advanced from June 14, 2005 to June 7, 2005 and was reassigned from Judge Gillmor to Judge Manuel Real.

5. It is my recollection that at the Final Pretrial Conference, Defendants' counsel Lynne Toyofuku indicated, when discussing why a motion for summary judgment had not been filed, that she believed that such a motion would not be successful before Judge Gillmor.

6. Attached hereto as Exhibit 1 is a true and correct copy of a letter from Defendants' counsel to Plaintiff's counsel, dated May 16, 2005, and the enclosed proposed Stipulation for Partial Dismissal with Prejudice of Defendants Tom Caffrey and Ruby Caffrey from Counts 1 (42 U.S.C. §§ 2000e et seq.) and 6. In this letter, Defendants set forth their legal authorities for requesting this Stipulation.

7. On May 17, 2005, I attended the telephonic status conference before Judge Real. During this status conference, Judge Real stated that it appeared from the Complaint that Plaintiff was claiming retaliation for some acts that occurred outside the statute of limitations, and retaliation for acts that were within the statute of limitations. He further stated that Plaintiff's emotional distress claims were "not clear" for him. Judge Real did not state that Plaintiff's emotional distress claims were "without basis."

8. Judge Real further requested that the parties narrow the issues for trial, and reopened the dispositive motions deadline, setting it for July 15, 2005. Judge Real did not suggest that the parties stipulate to dismiss claims from the action to narrow the issues for trial, and that, if necessary, the Defendants file a motion. Defendants' counsel first suggested that the parties narrow the issues through stipulation, while Judge Real suggested the possibility of motions.

9. Attached hereto as Exhibit 2 is a true and correct copy of a letter from Defendants' counsel to Plaintiff's counsel, dated May 19, 2005. In this letter, Defendants' counsel noted certain of Judge Real's remarks from the May 17th status conference and stated that Defendants were willing to agree to stipulate to the dismissal of those claims which Plaintiff was willing to dismiss with prejudice.

10. Attached hereto as Exhibit 3 is a true and correct copy of a

letter from our office to Defendants' counsel, dated May 20, 2005. In this letter, we disagreed with Defendants' counsel's characterization of Judge Real's comments from the May 17th status conference, and we further requested that if Defendants sought to have specific claims and/or parties dismissed through stipulation, that Defendants inform Plaintiff of those specific requests and of the bases for those requests. We noted that this request did not apply to Defendants' proposed Stipulation to Dismiss individual Defendants Tom and Ruby Caffrey from the claims arising under Title VII and the False Claims Act, as Plaintiff was still assessing Defendants' proposed Stipulation at that time.

11. Defendants did not respond to the invitation made in our letter dated May 20, 2005. Instead, Defendants proceeded with filing their Motions for Summary Judgment and Partial Summary Judgment on July 15, 2005. The Motion for Partial Summary Judgment sought to dismiss the Caffrey Defendants from the case.

12. Attached hereto as Exhibit 4 is a true and correct copy of a letter I sent to The Honorable Manuel L. Real, dated September 8, 2005. In this letter, I requested, among other things, expedited rulings on the motions *in limine*, for the purpose of making arrangements for witnesses. Despite this request, the Court did not provide rulings on the motions *in limine* until the first day of trial.

13. Attached hereto as Exhibit 5 is a true and correct copy of the

Minutes dated 9/19/05.

14. Attached hereto as Exhibit 6 is a true and correct copy of the Minutes (Amendment to Court Minutes filed on 9/19/05) dated 10/6/05.

15. During the jury trial on Count I of Plaintiff's Complaint, the Court allowed testimony from Plaintiff, Ruby Caffrey, Tom Caffrey, Peter Noel, and Robert Nehmad (by deposition). Through the Court's rulings on the motions *in limine*, the Court severely restricted the content of these witnesses' testimony. The Court did not permit Plaintiff to introduce the testimony of Lt. Col. Mark Johnson, Peter Pay and James Michael "Mick" Hipsher. Following the close of Plaintiff's case in chief, Defendant SMF Systems Corporation moved the Court for judgment as a matter of law as to Count I. After hearing arguments, the Court granted Defendant SMF Systems Corporation's Motion and dismissed Count I.

16. Thereafter, the Court proceeded to a bench trial of Counts 4 and 5 of Plaintiff's Complaint. After receiving testimony from Plaintiff and Ruby Caffrey, the ERISA Plan Administrator, the Court found in favor of Defendant SMF Systems Corporation on both Count 4 and Count 5.

17. Attached hereto as Exhibit 7 is a true and correct copy of an excerpt from the trial transcript, dated September 19, 2005.

18. Attached hereto as Exhibit 8 is a true and correct copy of an excerpt from the trial transcript, dated September 21, 2005.

19. Attached hereto as Exhibit 9 is a true and correct copy of an excerpt from the trial transcript, dated September 22, 2005.

Further affiant sayeth naught.

_____
BARBARA A. PETRUS

Subscribed and sworn to before me
this 12th day of January, 2006.

_____
Printed Name: Lorjie T. Cuartero
Notary Public, State of Hawaii

My Commission expires: 9/19/2008

