**MARR HIPP JONES & WANG**
**A LIMITED LIABILITY LAW PARTNERSHIP**

LYNNE T. T. TOYOFUKU      4958-0
Email:  ltoyofuku@marrhipp.com
JENNIFER K. MURATA        8370-0
Email:  jmurata@marrhipp.com
1001 Bishop Street
1550 Pauahi Tower
Honolulu, Hawaii 96813
Tel. No. (808) 536-4900
Fax No. (808) 536-6700

H. CLYDE LONG, ESQ.
Email: longlawoffices@yahoo.com
Long Law Offices
950 Risa Road, 2nd Floor
Lafayette, California  94549
Tel. No. (925) 284-5575
Fax No. (925) 284-5659

Attorneys for Defendants
SMF SYSTEMS CORPORATION, TOM
CAFFREY AND RUBY CAFFREY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN A. MOFFETT, | ) | CV NO. 03-00130 MLR-BMK |
| | ) | |
| Plaintiff, | ) | DEFENDANTS SMF SYSTEMS |
| | ) | CORPORATION, TOM CAFFREY, |
| vs. | ) | AND RUBY CAFFREY'S REPLY |
| | ) | MEMORANDUM TO PLAINTIFF |
| SMF SYSTEMS CORPORATION, A | ) | JOHN A. MOFFETT'S RESPONSIVE |
| MARYLAND CORPORATION; TOM | ) | MEMORANDUM IN OPPOSITION |
| CAFFREY; RUBY CAFFREY; DOE | ) | TO OUR MOTION FOR |
| CORPORATIONS 1-20; DOE | ) | ATTORNEYS' FEES AND COSTS |

75410/455.002                                1

CORPORATIONS 1-20; DOE            )    FILED 1/12/06; DECLARATION OF
ENTITIES 1-20; JOHN DOES 1-20;    )    LYNNE T. T. TOYOFUKU;
JANE DOES 1-20; GOVERNMENTAL      )    EXHIBITS "I" – "N"; APPENDICES
AGENCIES 1-20,                    )    "A" – "B"; CERTIFICATE OF
                                  )    COMPLIANCE PURSUANT TO
                                  )    LR7.5 FOR CASE NO. CV03-00130
                  Defendants.     )    MLR BMK; CERTIFICATE OF
                                  )    SERVICE
                                  )
                                  )    [Non-Hearing Motion]
                                  )
_____  )    TRIAL:  September 19, 2005

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................1

II.   DISCUSSION ....................................................................................1

A.    Defendants are entitled to their attorneys' fees and costs for
      defending against Plaintiff's ERISA Claims (Counts 4 and
      5)................................................................................................................3

B.    Defendants are entitled to their attorneys' fees and costs for
      defending against Plaintiff's state law claims (Counts 1, 2, 3,
      7 and 8) ................................................................................................8

      1.    Plaintiff's Public Policy, IIED, and NIED Claims
            (Counts 3, 7, and 8) ................................................................8

      2.    Plaintiff's claims brought under Haw. Rev. Stat. §§
            378-2 and 378-62 et seq. (Counts 1 and 2) ..............................10

C.    Defendants are entitled to their attorneys' fees and costs for
      defending against Plaintiff's Title VII Claim (Count 1) .................... 12

III.  CONCLUSION .............................................................................. 17

## TABLE OF AUTHORITIES

Page

## Cases

*Allstate Ins. Co. v. Harms,*
 21 Fed. Appx. 614 (9th Cir. 2001) ...............................................12

*Brown v. Borough of Chambersburg,*
 903 F.2d 274 (3d Cir. 1990) ..........................................................13

*Canalez v. Bob's Appliance Serv. Ctr.,*
 89 Hawai'i 292, 972 P.2d 295 (1999) ...........................................11

*Carpenters S. Cal. Admin. Corp. v. Russell,*
 726 F.2d 1410 (9th Cir. 1984) .....................................................3, 4

*Christiansburg Garment Co. v. E.E.O.C.,*
 434 U.S. 412 (1978).............................................................. 1, 2, 12

*Coll v. McCarthy,*
 72 Haw. 20, 804 P.2d 881 (1991)...................................................10

*E.E.O.C. v. Bruno's Restaurant,*
 13 F.3d 285 (9th Cir. 1993) ...........................................................13

*Hummell v. S.E. Rykoff & Co.,*
 634 F.2d 446 (9th Cir. 1980) ............................................... 3, 4, 7, 8

*Idding v. Mee-Lee.,*
 82 Haw. 1, 919 P.2d 263 (1995)......................................................9

*Paddack v. Morris,*
 783 F.2d 844 (9th Cir. 1986) ................................................. 4, 6, 7

*Pfingston v. Ronan Eng'g Co.,*
 284 F.3d 999 (9th Cir. 2002) ................................................... 13, 14

*Ross v. Stouffer Hotel Co.,*
 76 Haw. 454, 879 P.2d 1046 (1994)................................................9

*Takaki v. Allied Machinery Corp.*,
87 Haw. 57, 951 P.2d 507 (1998)......................................................9

*Saman v. Robbins*,
173 F.3d 1150 (9th Cir. 1999) ......................................................16

*Viswanathan v. Leland Stanford Jr. Univ.*,
1 Fed. Appx. 669 (9th Cir. 2001)..................................................13


## Statutes

HRS §378-2.........................................................................................10

HRS §378-5.........................................................................................10

HRS §378-5(c) ....................................................................................10

HRS §378-62.......................................................................................11

HRS §378-62 et. seq. ..........................................................................10

HRS §378-64.......................................................................................10

HRS §386-3...........................................................................................9

HRS §386-5...........................................................................................9

HRS §607-14.5............................................................................ 8, 10, 11, 12


29 U.S.C. §1132(g) ..................................................................... 1, 3, 6, 7

29 U.S.C. §1132(g)(1)............................................................................4

29 U.S.C. §1132(g)(1) and (2) ..............................................................4

31 U.S.C. §3730(h) ...............................................................................2

42 U.S.C. §2000e-5(k). .......................................................................12

**DEFENDANTS SMF SYSTEMS CORPORATION, TOM CAFFREY, AND RUBY CAFFREY'S REPLY MEMORANDUM TO PLAINTIFF JOHN A. MOFFETT'S RESPONSIVE MEMORANDUM IN OPPOSITION TO OUR MOTION FOR ATTORNEYS' FEES AND COSTS FILED 1/12/06**

## I.    INTRODUCTION

Defendants SMF SYSTEMS CORPORATION, TOM CAFFREY, and RUBY CAFFREY ("Defendants") submit this Reply Memorandum to Plaintiff JOHN A. MOFFETT's ("Plaintiff") Memorandum in Opposition to Defendant's Motion for Attorneys' Fees and Costs (hereinafter "Opposition"). Plaintiff contends in his Opposition that the support in our Motion for establishing that Plaintiff's claims are collectively frivolous is insufficient because each claim must be evaluated individually to determine whether an award of fees and costs is appropriate. However, as set forth below, an evaluation of each claim individually only enhances Defendants' support for their entitlement to reasonable attorneys' fees and costs in defending against each of Plaintiff's frivolous claims.

## II.    DISCUSSION

As Plaintiff admits in his Opposition, prevailing defendants are entitled to attorneys' fees and costs where applicable statutory provisions exist that allow such recovery. Opposition at 8; *see also Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 415-16 (1978). Many of these provisions are flexible, and authorize the award of attorneys' fees to either plaintiffs or defendants, entrusting

the application of the statutory policy to the discretion of the trial courts.

*Christiansburg*, 434 U.S. at 416.  As set forth in further detail below, as well as in

our Memorandum in Support of Motion (hereinafter "Motion"), applicable

statutory provisions for awarding attorneys' fees and costs to Defendants exist for

each of Plaintiff's claims (except Count VI – unlawful retaliation under the False

Claims Act - 31 U.S.C. § 3730(h))[1] and Defendants are able to meet the respective

standards for an award of attorneys' fees and costs for **each of these unsuccessful**

**claims** brought by Plaintiff against them.

        This Reply relies on and incorporates by reference all of the

arguments, legal authority, and evidence set forth in Defendants' Motion for Partial

Summary Judgment, filed on July 15, 2005 (hereinafter "MPSJ"), attached hereto

as Ex. I, Defendants' Motion for Summary Judgment, filed on July 15, 2005

(hereinafter "MSJ"), attached hereto as Ex. J, and Defendant SMF's Motion for

Judgment as a Matter of Law filed on September 21, 2005 (hereinafter

"MJMOL"), attached hereto as Ex. K, as well as the corresponding Order Granting

Defendants' Motion for Partial Summary Judgment, filed on September 15, 2005

(hereinafter "MPSJ Order") (attached to our Motion as Ex. A), Order Granting in

---

[1]        Although Defendants submit that there is no specific statutory provision
allowing for an amount of attorneys' fees, Defendants' position is that his
retaliatory discharge claim under the False Claims Act was patently frivolous as it
was barred because it was brought outside the statute of limitations.  MSJ at 11.
The Court agreed and thus granted Summary Judgment in favor of Defendants on
his claim. MSJ Order.

Part and Denying in Part Defendants' Motion for Summary Judgment, filed on

September 15, 2005 (hereinafter "MSJ Order") (attached to our Motion as Ex. B),

Order Granting Defendant SMF Systems Corporation's Motion for Judgment as a

Matter of Law, filed on November 18, 2005 (hereinafter "JMOL Order") (attached

to our Motion as Ex. C), and Findings of Fact and Conclusions of Law Regarding

Counts IV and V, filed November 18, 2005 (hereinafter "FOFCOL")(attached to

our Motion as Ex. D).

### A.    Defendants Are Entitled To Their Attorneys' Fees And Costs For Defending Against Plaintiff's ERISA Claims (Counts IV And V)

As discussed in our Motion and in Plaintiff's Opposition, the Ninth

Circuit has set forth five factors[2] for district courts to consider as "guidelines" in

exercising their discretion to award attorneys' fees and costs under 29 U.S.C. §

1132(g); and these factors are equally applied to plaintiff-employee and defendant-

employers.[3]  *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980).

---

[2]    These five factors are:  (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.  *Hummell*, 635 F.2d at 453 (citations omitted).

[3]    The Ninth Circuit has specifically rejected arguments by loosing plaintiffs that that standard should not be the same for defendants and plaintiffs.  *Carpenters Admin. Corp. v. Russell*, 726 F.2d 1410, 1415-16 (9th Cir. 1984)(rejecting arguments that attorney's fees can be awarded to a defendant-employer only if (1)

These factors are not absolute, but are to be applied by the court "among others" in making its determination. *Id.*; *see Russell*, 726 F.2d at 1416. ("No one of the *Hummell* factors . . . is necessarily decisive, and some may not be pertinent in a given case."). In other words, the court has the ultimate discretion to consider factors other than these five which it deems relevant in determining whether to award fees and costs to a party. *See* 29 U.S.C. § 1132(g)(1); *see also Paddack v. Morris*, 783 F.2d 844, 846 (9th Cir. 1986) ("Under 29 U.S.C. § 1132(g)(1) and (2), a trial court has discretion to award attorney fees to prevailing parties, including employers, in ERISA actions.") (citation omitted).

  An evaluation of the five *Hummell* factors demonstrates that Defendants are clearly entitled to attorneys' fees and costs for defending against Plaintiff's ERISA claims. First, Plaintiff's actions clearly indicate bad faith. With respect to Count V (Wrongful Withholding of Benefits Under ERISA), the Court expressly found that "Plaintiff was too interested in litigation and not in justice . . ." and that "his problem was that he was more interested in 'litigation' than anything else." FOFCOL ¶¶ 18. Evidence of this conduct was based upon the following: He filed the lawsuit against Defendants after being informed that his claim for $150.00 of lost interest **had been resolved** by the U.S. Department of Labor ("DOL"), that **payment** of the amount **into his account had been**

_____

There is a finding of bad faith in the part of the plaintiff or (2) there is a finding that the claim was frivolous).

**confirmed by the fund administrator, Citistreet, LLC**., and **before** ever

informing the DOL, SMF, or CitiStreet of his claim.  "FOFCOL" ¶¶ 7-9, 10-12.

Rather, two years later, Plaintiff simply filed a lawsuit against SMF, and Tom and

Ruby Caffrey in their individual capacity.  Indeed, the first time that SMF and Tom

and Ruby Caffrey found out that Plaintiff was claiming he did not receive the

$150.00 was during the course of litigation of this lawsuit.  FOFCOL ¶ 17[4].

Plaintiff's claim against Tom Caffrey was patently frivolous as Plaintiff has never

been able to demonstrate that Tom Caffrey ever had any involvement with the

SMF's 401(k) Plan.  Indeed, Plaintiff did not call Mr. Caffrey as a witness in the

bench trial on the ERISA claims.  Declaration of Lynne T. T. Toyofuku.

Moreover, Plaintiff at no time ever offered to stipulate to a dismissal of Mr.

Caffrey.  Declaration of Lynne T. T. Toyofuku.  As such, they were forced to file

the MPSJ, to obtain a judgment in their favor on the ERISA claims.  MPSJ Order ¶

2.

     With respect to Count IV (Retaliatory Discharge Under ERISA), the

Court also found that "Plaintiff was too interested in litigation and not in justice,

and these claims came after Plaintiff had seen a lawyer."  FOFCOL ¶ 37.  This was

based upon the Court's findings that Plaintiff had no evidence whatsoever that

---

[4]     The Court specifically found that prior to filing the lawsuit, Plaintiff never
made a request or demand to the Plan Administrator Ruby Caffrey for the $150.00.
FOFCOL ¶ 12.

Tom Caffrey knew that Plaintiff had made any inquires to anyone at SMF before he terminated Plaintiff.  FOFCOL ¶ 35.  Indeed, he admitted that he did not inform Mr. Caffrey that he was making inquires about the 401(k) Plan at any time prior to his termination.  FOFCOL ¶ 33.  Moreover, even more deficient was his individual claim against Ruby Caffrey who was not involved in Plaintiff's termination and never discussed 401(k) issues with Tom Caffrey at any time prior to Plaintiff's termination.  FOFCOL ¶ 34.  Yet, at no time did Plaintiff ever offer to dismiss Mrs. Caffrey from this claim.  Declaration of Lynne T. T. Toyofuku.

As to the second factor, with an annual salary at the time of trial of $104,000 (Opp. at 26), Plaintiff is more than capable of satisfying a reasonable award of attorneys' fees and costs incurred by Defendants in defending against his unsubstantiated ERISA claims.

The third factor of whether an award of fees would deter parties from acting under similar circumstances weighs overwhelmingly in favor of an award to Defendants.  Given the Court's findings, it is doubtful that most individuals would act (i.e., file a lawsuit) under circumstances similar to Plaintiff's.  Indeed, it is far more likely that individuals in such circumstances would attempt to resolve the matter via non-litigious methods.  Thus, to the extent that an award of attorneys' fees for these claims would deter others in similar circumstances from acting, it would reduce frivolous lawsuits and promote efficiency in our courts.  *Cf.*

*Paddack*, 783 F.2d at 847 (affirming an award of attorneys' fees to a defendant employer under § 1132(g), and noting under this factor that "[a]n award of fees . . . would not deter trustees from bringing meritorious actions[,]" but would "discourage trustees from asserting, and possibly fabricating, claims with no basis in law or fact") (citation omitted).

Contrary to Plaintiff's contention, the fourth factor should be considered in determining whether Defendants are entitled to fees and costs in this case. *See id.* (evaluating all five *Hummell* factors in affirming an award of attorneys' fees to a defendant employer under § 1132(g)). Here, Plaintiff's claims did not involve any significant legal questions regarding ERISA and, Plaintiff sought only to benefit himself in making his claims. There is no indication that Plaintiff had any concern for, much less any intent to benefit, other participants of the plan.[5] This factor therefore weighs heavily in favor of an award to Defendants.

Fifth, not only were Plaintiff's ERISA claims unsubstantiated, but since the Court found in favor of Defendants on all claims, clearly Defendants' position had relatively more merit than Plaintiff's. *Cf. Paddack*, 783 F.2d at 847 (affirming an award of attorneys' fees to a defendant employer under § 1132(g) where the trial court had entered judgment for the defendant, and noting under this

---

[5]     It is irrelevant whether Plaintiff's complaints regarding delayed deposits of *his* contributions to *his* 401(k) plan *may have* benefited other employees, because he *sought only* to benefit himself in making these claims.

factor that "plaintiffs did not carry their initial evidentiary burden").  In addition, contrary to Plaintiff's contention that his ERISA claims survived summary judgment, these claims as to the Caffreys individually were in fact dismissed on summary judgment.  MPSJ Order ¶ 2. And further, the mere fact that Plaintiff survived summary judgment as to his claims against SMF does not buttress his position given the Court's findings cited above.

The foregoing application of the *Hummell* factors to the present case demonstrates that Defendants are entitled to an award of their attorneys' fees and costs incurred in defending against Plaintiff's ERISA claims (Counts IV and V).

**B.    Defendants Are Entitled To Their Attorneys' Fees And Costs For Defending Against Plaintiff's State Law Claims (Counts I, II, III, VII, And VIII)**

**1.    Plaintiff's Public Policy, IIED, and NIED Claims (Counts III, VII, and VIII)**

Plaintiff appears to concede that Haw. Rev. Stat. § 607-14.5 of the Hawaii Revised Statutes applies to the awarding of attorneys' fees for Counts III, VII, and VIII.[6]  *See* Opp. at 8-10, 19-24.  As set forth in our Motion, arguments made and actions taken by Plaintiff related to all of his claims were frivolous.

---

[6]    Although Plaintiff argues that the application of Section 607-14.5 to these claims is "not entirely accurate" (Opp. at 19), he fails to cite to any alternative statute which should govern the award of fees and costs for Counts III, VII, and VIII.  *See* Opp. at 19-24.  Further, where Plaintiff addresses the inapplicability of Section 607-14.5 in another section of his Opposition, he discusses only Counts I, II, and VI.  *See* Opp. at 8-11.

Motion at 8-15. In addition, these claims as to the Caffreys individually, were also frivolous and vexatious. As such, the Court granted summary judgment in favor of all defendants as to all these claims. Motion at 2-3.

Specifically, as to Count III, Plaintiff's claim that he was discharged in violation of public policy was frivolous as clear legal precedent exists that precluded this claim as a matter of law. [7] *See* MSJ at 35-36. As for Plaintiff's IIED claim, it was frivolous because Plaintiff patently lacked evidentiary support to establish a *prima facie* case, and the claim thus failed as a matter of fact and law. *See id.* at 38-40. Plaintiff's NIED claim too was frivolous because based upon clear legal precedent,[8] it was barred as a matter of law by the Hawaii workers' compensation statutes.[9] *See id.* at 40-41. The Court concurred and granted summary judgment for Defendants on all of these Counts. Ex. B (MSJ Order) ¶ 1. In addition, *all* claims against the Caffreys individually, including these claims, were also dismissed on summary judgment. MPSJ Order ¶ 2.

---

[7] Both *Ross v. Stouffer Hotel Co.*, 76 Hawai`i 454, 879 P.2d 1046 (1994) and *Takaki v. Allied Machinery Corp.*, 87 Hawai`i 57, 951 P.2d 507 (1998) hold that a public policy claim fails if the statutory or regulatory provisions which evidence the public policy themselves provide a remedy for the wrongful discharge.

[8] *Idding v. Mee-Lee*, 82 Hawai`i 1, 5, 919 P.2d 263, 267 (1995).

[9] These statutes are embodied at Sections 386-3 and 386-5 of the Hawaii Revised Statutes.

2.    **Plaintiff's claims brought under Haw. Rev. Stat. §§ 378-2 and 378-62 et seq. (Counts I and II)**

Plaintiff contends that an award of fees and costs to Defendants for Counts I and II is precluded by Haw. Rev. Stat. §§ 378-5(c) and 378-64, respectively, of the Hawaii Revised Statutes. Opp. at 8-10. However, there is no language in either of these statutes prohibiting such an award to a defendant. *See* Haw. Rev. Stat. §§ 378-5(c) and 378-64. Rather, the sections of Hawaii Revised Statutes on which Plaintiff relies for his misguided argument concern *remedies* that a court may award to a plaintiff who brings an action under these sections.[10] *See id.* Because specific attorneys' fees provisions for actions brought under Sections 378-2 and 378-62 et seq. are absent from these statutes, the general provision on attorneys fees at Haw. Rev. Stat. § 607-14.5, entitled "*Attorneys' fees in civil actions*," should apply. *See id.* Haw. Rev. Stat. § 607-14.5 (providing courts with discretion to assess attorneys' fees "against *either* party" in "*any* civil action in this State where a party seeks money damages or injunctive relief, or both, against another party . . .") (emphases added); *cf. Coll v. McCarthy*, 72 Haw. 20, 27-33, 804 P.2d 881, 886-89 (1991) (evaluating the prevailing defendant's claim for attorneys' fees made under three different attorneys' fees provisions, including

---

[10]    Section 378-5 is entitled "*Remedies*" and Section 378-64 is entitled "*Remedies ordered by court*."

§ 607-14.5, and finding the trial court's denial of fees under this statute an abuse of discretion).

With respect to Count II, Plaintiff's claim under the Hawaii Whistleblower Protection Act (Haw. Rev. Stat. § 378-62), it was brought outside the applicable statute of limitations and was thus barred as a matter of law.  MSJ at 10.  As such, Plaintiff's claim patently frivolous as it had no basis in law and was thus "manifestly and palpably without merit."  *Canalez v. Bob's Appliance Serv. Ctr.*, 89 Hawai'i 292, 300, 972 P.2d 295, 303 (1999).   The Court thus granted summary judgment in favor of Defendants on this claim.  *See* MSJ Order ¶ 1; MPSJ Order ¶ 2.

With respect to Count I, Plaintiff lacked evidentiary support to even establish the *prima facie* elements of the claim and as such, the Court granted Defendant SMF's Motion for Judgment as a Matter of Law after the close of Plaintiff's case in chief.  JMOL Order.

In addition to the discussion set forth in our Motion as to the frivolousness of all of Plaintiff's claims, the foregoing factors demonstrate that Counts I and II specifically meet the standard for frivolousness under Section 607-14.5, thereby entitling Defendants to reasonable award of attorneys' fees and costs for defending against these claims.  Indeed, the Hawaii Supreme Court in *Canalez, supra,* implied that if a trial court grants a directed verdict, the claim would be

considered frivolous. *Id.* at 303, 972 at 300; *Allstate Ins. Co. v. Harms*, 21 Fed. Appx. 614, 617 (9th Cir. 2001) (**unpublished**) (because the "district court's denied defendant's motion for judgment as a matter of law and allowed the case to go to the jury, plaintiff's claims were not frivolous for purposes of Haw. Rev. Stat. § 607-14.5).

Based on the foregoing, Defendants are entitled to a reasonable award of attorneys' fees and costs for defending against each of Plaintiff's claims brought pursuant to state law (Counts I, II, III, VII, and VIII).

### C. Defendants Are Entitled To Their Attorneys' Fees And Costs For Defending Against Plaintiff's Title VII Claim (Count I)

As Plaintiff recognizes in his Opposition, prevailing defendants are entitled to recover attorneys' fees under 42 U.S.C. § 2000e-5(k).  Opp. at 14.  Such awards to successful defendants are permitted "where the action brought is found to be unreasonable, frivolous, meritless, *or* vexatious."  *Christiansburg*, 434 U.S. at 421 (emphasis added) (citation and internal quotations omitted).  The disjunctive language of the *Christiansburg* standard establishes that the losing plaintiff's claims need not meet all of these requirements, but may satisfy *any* of them to entitle the prevailing defendant to an award of fees.  Moreover, where a plaintiff is "found to have brought or continued [to litigate] such a claim in *bad faith*, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense."  *Id.* at 422 (emphasis in original).  As set forth in our Motion and

below, Plaintiff's claims were not only frivolous, unreasonable, *and* vexatious, but were also pursued in bad faith.  Defendants are therefore clearly entitled to their reasonable attorneys' fees and costs in defending against Plaintiff's Title VII claims.

An action is frivolous under Title VII if "the plaintiff knew or should have known the legal or evidentiary deficiencies of his claim." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 277 (3d Cir. 1990).  It is also frivolous where a plaintiff "should have anticipated at the outset that none of [his] evidence . . . was credible." *See E.E.O.C. v. Bruno's Restaurant*, 13 F.3d 285, 291(9th Cir. 1993).  Further, where a plaintiff fails to present any credible evidence to support his claim, and "h[is] own personal knowledge indicate[s] a lack of foundation for h[is] claims[,]" the Title VII standard of frivolousness is met.  *See Viswanathan v. Leland Stanford Jr. Univ.*, 1 Fed. Appx. 669, 672 (9th Cir. 2001) (**unpublished**).  If the result of the action is obvious or the plaintiff's arguments were without merit, the action is "*clearly* frivolous." *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1006 (9th Cir. 2002) (emphasis added) (citations and internal quotations omitted).  Here, Plaintiff's Title VII claim meets the frivolousness standard.

Since the inception of the case, Plaintiff has been unable to establish the elements of a Title VII retaliation case.  Most basically, he failed to establish that he engaged in protected activity under Title VII.  MSJ at 14-15.  The sole

piece of evidence he had to support this element was an e-mail which was written over five months before he was terminated. The e-mail, which was not entitled as a harassment complaint, did not indicate who was harassed, did not identify any alleged harasser, did not include any details or dated of the alleged harassment, and did not indicate that Plaintiff was going to report harassment to any agency. MJMOL at 11.

More importantly, Plaintiff had no evidence that the decisionmaker, Mr. Caffrey, had knowledge of any alleged protected activity engaged in by Plaintiff. Indeed, nothing in the e-mail could reasonably put Mr. Caffrey on notice that Plaintiff was opposing sexual harassment. MJMOL at 9.

Not only was Plaintiff's Title VII claim frivolous, but it was also vexatious. A Title VII claim is "*clearly* vexatious" where it is "brought primarily for purposes of harassment[.]" *Pfingston*, 284 F.3d at 1006 (citation omitted). This standard is met where "the plaintiff pursues the litigation with an improper purpose, such as to annoy or embarrass the defendant." *Id.* (citation omitted). As set forth in the Motion (at 8-15), Plaintiff's actions and arguments in this case clearly demonstrate that Plaintiff brought these claims against Defendants for the purpose of harassing them, particularly since the claims were frivolous and had no basis in law or fact.

Additional examples of Plaintiff's vexatious conduct include his refusal to move downward from his initial settlement offer of $750,000. Declaration of Lynne T. T. Toyofuku.  On or about April 22, 2005, counsel for Defendants transmitted an Offer of Judgment to counsel for Plaintiff in the amount of $40,000. Ex. L to Declaration of Lynne T. T. Toyofuku.  On or about May 2, 2005, counsel for Plaintiff responded by alleging, without legal support, that the Offer of Judgment was defective and inviting Defendants to "justify" their $40,000 offer.  Ex. M to Declaration of Lynne T. T. Toyofuku.  No counteroffer was made. Declaration of Lynne T. T. Toyofuku.  By letter dated May 2, 2005, counsel for Defendants responded to counsel for Plaintiff's allegations and set forth with specificity its position that each of Plaintiff's claims was legally and factually insufficient and invited Plaintiff to discuss settlement.  Ex. N to Declaration of Lynne T. T. Toyofuku.  Counsel for Plaintiff never contacted counsel for Defendants to discuss settlement and thus, Defendants had not choice but to defend against Plaintiff's frivolous claims and incurring substantial fees in the process. Declaration of Lynne T. T. Toyofuku.  As Ex. F reveals, a majority of the attorney's fees were incurred **after** Defendants' good faith efforts to settle the case were met with Plaintiff's stone walling tactics thrusting Defendants down the road toward trial.  Declaration of Lynne T. T. Toyofuku.  They subsequently filed a

motion for summary judgment[11], prevailing on five of the eight claims, and

contending with a plaintiff who insisted that he was calling fifty-plus witnesses and

introducing 228 exhibits, notwithstanding that he was proceeding to trial on only

three claims (Title VII and ERISA). Defendants were thus forced to file twenty-

five motions in limine. Ultimately, Plaintiff ended up calling only one live witness

besides the parties despite the twenty he listed in September 8, 2005, less than two

weeks before trial[12]. Declaration of Lynne T. T. Toyofuku.

As the Ninth Circuit expressly recognized, the "hurdle for prevailing

defendants to clear before being awarded attorney fees . . . is *not insurmountable*."

*Saman v. Robbins*, 173 F.3d 1150, 1158 (9th Cir. 1999) (emphasis added). In

*Saman*, the Ninth Circuit reversed the district court's order denying attorneys' fees

and costs to a defendant against whom the district court had found the plaintiff's

claims were groundless. *Id.* at 1157-58. For the remaining defendants for whom

---

[11]    Counsel for Plaintiff's assertions that Defendants' counsel indicated at a May 3, 2005 Pretrial Conference that she believed that a motion for summary judgment would not be successful, is patently false. Rather, on May 2, 2005, Defendants' counsel transmitted a letter to Plaintiff's counsel informing her that Plaintiff's claims were without legal or factual merit. *See* Ex. N. Declaration of Lynne T. T. Toyofuku.

[12]    Despite the fact that Plaintiff was allowed twelve hours to present his case-in-chief and grumbled to the Court that he needed more than twelve hours to present his case or he would be forced to exclude crucial liability witnesses and damages experts, he rested without using his twelve hours of court time and not calling witnesses he claimed were crucial (Lori Hoffman, Katherine Elliot, James Hipsher, and Edward Cheski) and damages experts Thomas Loudat Ph.D. and Kenneth Luke, M.D. Declaration of Lynne T. T. Toyofuku.

the denial of fees was affirmed, the Ninth Circuit noted that "although several of the plaintiff's claims may have been groundless, those claims were *related to plaintiff's nonfrivolous claims.*"  *Id.* at 1157(emphasis added) (internal brackets and quotations omitted).  Here, *all* of Plaintiff's claims were frivolous and unreasonable, and his vexatious behavior related to all claims as well.  Thus, unlike in *Saman*, Plaintiff's Title VII claim may not be "saved" by virtue of being interrelated with nonfrivolous claims, since Plaintiff did not have any such nonfrivolous claims.

Based on the foregoing, Defendants are entitled to recover their reasonable attorneys' fees and costs incurred in defending against Plaintiff's Title VII claim (Count I).

## III.  <u>CONCLUSION</u>

For all the reasons set forth in Defendants' Motion and in this Reply, Defendants respectfully request that the Court award them attorneys' fees and costs that they incurred in defending against Plaintiff's frivolous claims.

DATED:    Honolulu, Hawaii, January 26, 2006.

  /s/ Lynne T. T. Toyofuku
LYNNE T. T. TOYOFUKU
JENNIFER K. MURATA

Attorneys for Defendants
SMF SYSTEMS CORPORATION,
TOM CAFFREY AND RUBY
CAFFREY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN A. MOFFETT, | ) | CV NO. 03-00130 MLR-BMK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| SMF SYSTEMS CORPORATION, A | ) | |
| MARYLAND CORPORATION; TOM | ) | |
| CAFFREY; RUBY CAFFREY; DOE | ) | |
| CORPORATIONS 1-20; DOE | ) | |
| PARTNERSHIPS 1-20; DOE ENTITIES | ) | |
| 1-20; JOHN DOES 1-20; JANE DOES 1- | ) | |
| 20; GOVERNMENTAL AGENCIES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that, on the date and by the method of service noted

below, a true and correct copy of the foregoing was served on the following at their

last known addresses:

Served Electronically through CM/ECF:

| | | |
|---|---|---|
| BARBARA A. PETRUS, ESQ. | bpetrus@goodsill.com | January 26, 2006 |
| LINDALEE (CISSY) K. FARM, ESQ. | lfarm@goodsill.com | January 26, 2006 |
| DONNA H. KALAMA, ESQ. | dkalama@goodsill.com | January 26, 2006 |
| ANNE T. HORIUCHI BELL, ESQ. | abell@goodsill.com | January 26, 2006 |
| DAWN T. SUGIHARA, ESQ. | dsugihara@goodsill.com | January 26, 2006 |
| GOODSILL ANDERSON QUINN & STIFEL | | |

DATED:      Honolulu, Hawaii, January 26, 2006.


   /s/ Lynne T. T. Toyofuku
LYNNE T. T. TOYOFUKU
JENNIFER K. MURATA

Attorneys for Defendants
SMF SYSTEMS CORPORATION,
TOM CAFFREY AND RUBY
CAFFREY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN A. MOFFETT, | ) CV NO. 03-00130 MLR-BMK |
| | ) |
| Plaintiff, | ) CERTIFICATE OF COMPLIANCE |
| | ) PURSUANT TO LR7.5 FOR CASE |
| vs. | ) NO. CV03-00130 MLR BMK |
| | ) |
| SMF SYSTEMS CORPORATION, A | ) |
| MARYLAND CORPORATION; TOM | ) |
| CAFFREY; RUBY CAFFREY; DOE | ) |
| CORPORATIONS 1-20; DOE | ) |
| CORPORATIONS 1-20; DOE | ) |
| ENTITIES 1-20; JOHN DOES 1-20; | ) |
| JANE DOES 1-20; GOVERNMENTAL | ) |
| AGENCIES 1-20, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## CERTIFICATE OF COMPLIANCE PURSUANT
## TO LR7.5 FOR CASE NO. CV03-00130 MLR BMK

Pursuant to LR7.5, I certify that the attached is DEFENDANTS SMF

SYSTEMS CORPORATION, TOM CAFFREY, AND RUBY CAFFREY'S

REPLY MEMORANDUM TO PLAINTIFF JOHN A. MOFFETT'S

RESPONSIVE MEMORANDUM IN OPPOSITION TO OUR MOTION FOR

ATTORNEYS' FEES AND COSTS FILED 1/12/06 proportionately spaced, has a

typeface of 14 points or more and contains 4,200 words.

DATED:    Honolulu, Hawaii, January 26, 2006.


  /s/ Lynne T. T. Toyofuku
LYNNE T. T. TOYOFUKU
JENNIFER K. MURATA

Attorneys for Defendants
SMF SYSTEMS CORPORATION,
TOM CAFFREY AND RUBY
CAFFREY