IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN A. MOFFETT, ) | CV NO. 03-00130 MLR-BMK |
| ) | |
| Plaintiff, ) | DECLARATION OF LYNNE T. T. |
| ) | TOYOFUKU |
| vs. ) | |
| ) | |
| SMF SYSTEMS CORPORATION, A ) | |
| MARYLAND CORPORATION; TOM ) | |
| CAFFREY; RUBY CAFFREY; DOE ) | |
| CORPORATIONS 1-20; DOE ) | |
| CORPORATIONS 1-20; DOE ) | |
| ENTITIES 1-20; JOHN DOES 1-20; ) | |
| JANE DOES 1-20; GOVERNMENTAL ) | |
| AGENCIES 1-20, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## DECLARATION OF LYNNE T. T. TOYOFUKU

LYNNE T. T. TOYOFUKU, declares the following:

1.  I am a partner with Marr Hipp Jones & Wang, a Limited Liability Law Partnership, am licensed to practice law in the State of Hawaii, and have been admitted to practice law before this court. I am one of the attorneys representing Defendants SMF Systems Corporation, Tom Caffrey and Ruby Caffrey ("Defendants") in the above-entitled action.

2.  All the statements made in this Declaration are based on my personal knowledge unless otherwise stated.

3. Plaintiff did not call Mr. Caffrey as a witness in the bench trial on the ERISA claims.

4. Plaintiff at no time ever offered to stipulate to a dismissal of Mr. Caffrey from Count V.

5. Plaintiff at no time ever offered to dismiss Mrs. Caffrey from this claim, Count IV.

6. Additional examples of Plaintiff's vexatious conduct include his refusal to move downward from his initial settlement offer of $750,000.

7. Plaintiff was allowed twelve hours to present his case in-chief and grumbled to the Court that he needed more than twelve hours to present his case or he would be forced to exclude crucial liability witnesses and damages experts, he rested without using his twelve hours of court time and not calling witnesses he claimed were crucial (Lori Hoffman, Katherine Elliot, James Hipsher, Edward Cheski) and damages experts Thomas Loudat, Ph.D. and Kenneth Luke, M.D.

8. Exhibit I attached hereto is a true and correct copy of Defendants' Motion for Partial Summary Judgment, filed on July 15, 2005.

9. Exhibit J attached hereto is a true and correct copy of Defendants' Motion for Summary Judgment, filed on July 15, 2005.

10. Exhibit K attached hereto is a true and correct copy of Defendant SMF's Motion for Judgment as a Matter of Law filed September 21, 2005.

11. Exhibit L attached hereto is a true and correct copy of a letter dated April 22, 2005 that counsel for Defendants transmitted to Plaintiff's as an Offer of Judgment to counsel for Plaintiff in the amount of $40,000.

12. Exhibit M attached hereto is a true and correct copy of a letter dated May 2, 2005, Plaintiff's counsel responded by alleging, without legal support, that the Offer of Judgment was defective and inviting Defendants to "justify" their $40,000 offer.

13. No counter offer was made to Defendants $40,000.

14. Exhibit N attached hereto is a true and correct copy of a letter dated May 2, 2005 in which Defendants' counsel responded to Plaintiff's allegations and set forth with specificity its position that each of Plaintiff's claims was legally and factually insufficient and invited Counsel to discuss settlement.

15. Plaintiff's counsels' assertions that I indicated at a May 3, 2005 Pretrial Conference that she believed that a motion for summary judgment would not be successful, is patently false. Rather, on May 2, 2005, I transmitted a letter to Plaintiff's counsel informing her that Plaintiff's claims were without legal or factual merit. See Ex. N.

16. Counsel for Plaintiff never contacted counsel for Defendants to discuss settlement.

17. A majority of the attorney's fees that were incurred by counsel for Defendants, **after** Defendants' good faith efforts to settle the case were met with Plaintiff's stone walling tactics thereby thrusting Defendants down the road toward trial.

18. Defendants subsequently filed a motion for summary judgment, prevailing on five of the eight claims, and contending with a plaintiff who insisted that he was calling fifty-plus witnesses and introducing 228 exhibits, notwithstanding that he was proceeding to trial on only three claims (Title VII and ERISA). Defendants were thus forced to file twenty-five motions in limine. Ultimately, Plaintiff ended up calling only one live witness besides the parties despite the twenty he listed in September 8, 2005, less than two weeks before trial

This Declaration is filed pursuant to 28 U.S.C. § 1746(2). I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 26, 2006.

       /s/ Lynne T. T. Toyofuku
      LYNNE T. T. TOYOFUKU