**MARR HIPP JONES & WANG**
A LIMITED LIABILITY LAW PARTNERSHIP

LYNNE T. T. TOYOFUKU     4958-0
Email: ltoyofuku@marrhipp.com
NICHOLE K. SHIMAMOTO   7700-0
Email: nshimamoto@marrhipp.com
1001 Bishop Street
1550 Pauahi Tower
Honolulu, Hawaii 96813
Tel. No. (808) 536-4900
Fax No. (808) 536-6700

H. CLYDE LONG, ESQ.
Email: longlawoffices@yahoo.com
Long Law Offices
950 Risa Road, 2nd Floor
Lafayette, California 94549
Tel. No. (925) 284-5575
Fax No. (925) 284-5659

Attorneys for Defendants
SMF SYSTEMS CORPORATION, TOM
CAFFREY AND RUBY CAFFREY

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 1 5 2005

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN A. MOFFETT,<br><br>            Plaintiff,<br><br>vs.<br><br>SMF SYSTEMS CORPORATION, A MARYLAND CORPORATION; TOM CAFFREY; RUBY CAFFREY; DOE | ) CV NO. 03-00130 MLR-BMK<br>)<br>) NOTICE OF HEARING;<br>) DEFENDANTS TOM CAFFREY<br>) AND RUBY CAFFREY'S **MOTION**<br>) **FOR PARTIAL SUMMARY**<br>) **JUDGMENT**; MEMORANDUM IN<br>) SUPPORT OF MOTION;<br>) CERTIFICATE OF SERVICE |

70657.v1
0455.002

**EXHIBIT I**

```
CORPORATIONS 1-20; DOE       )
CORPORATIONS 1-20; DOE       )
ENTITIES 1-20; JOHN DOES 1-20; ) DATE:   August 18, 2005
JANE DOES 1-20; GOVERNMENTAL ) TIME:   12:00 noon
AGENCIES 1-20,               ) JUDGE:  The Honorable
                             )         Manuel L. Real
          Defendants.        )
                             ) TRIAL:  September 19, 2005
                             )
_____ )
```

## NOTICE OF HEARING

TO:      BARBARA A. PETRUS, ESQ.
         DONNA H. KALAMA, ESQ.
         ANNE T. HORIUCHI BELL, ESQ.
         GOODSILL ANDERSON QUINN & STIFEL
         1099 Alakea Street
         1800 Alii Place
         Honolulu, Hawaii 96813

         Attorneys for Plaintiff
         JOHN A. MOFFETT

NOTICE IS HEREBY GIVEN that Defendants Tom Caffrey and Ruby Caffrey's Motion for Partial Summary Judgment shall come on for hearing

69379v1
0455.002          2

before the Honorable Manuel L. Real, Judge of the United States District Court,

for the State of Hawaii, via telephone on August 18, 2005 at 12:00 noon.

DATED:   Honolulu, Hawaii, July 15, 2005.

*/s/ Nichole K. Shimamoto*
LYNNE T. T. TOYOFUKU
NICHOLE K. SHIMAMOTO

Attorneys for Defendants
SMF SYSTEMS CORPORATION, TOM
CAFFREY AND RUBY CAFFREY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN A. MOFFETT, ) | CV NO. 03-00130 MLR-BMK |
| ) | |
| Plaintiff, ) | DEFENDANTS TOM CAFFREY |
| ) | AND RUBY CAFFREY'S **MOTION** |
| vs. ) | **FOR PARTIAL SUMMARY** |
| ) | **JUDGMENT** |
| SMF SYSTEMS CORPORATION, A ) | |
| MARYLAND CORPORATION; TOM ) | |
| CAFFREY; RUBY CAFFREY; DOE ) | |
| CORPORATIONS 1-20; DOE ) | |
| CORPORATIONS 1-20; DOE ) | |
| ENTITIES 1-20; JOHN DOES 1-20; ) | |
| JANE DOES 1-20; GOVERNMENTAL ) | |
| AGENCIES 1-20, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANTS TOM CAFFREY AND RUBY CAFFREY'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants TOM CAFFREY and RUBY CAFFREY (referred herein as "Defendants Caffrey") hereby move this Court for partial summary judgment in their favor as to Count I (Unlawful retaliation under 42 U.S.C. §§2000e *et seq.* and Haw. Rev. Stat. §378-2), Count II (Violation of Haw. Rev. Stat. §§378-62 *et seq.*), Count IV (Wrongful retaliatory discharge under ERISA), Count V (Wrongful withholding of benefits under ERISA), and Count VI (Unlawful retaliation under 31 U.S.C. §3730(h)) in Plaintiff JOHN A. MOFFETT ("Plaintiff")'s Complaint filed March 21, 2003.

This motion is brought pursuant to Rules 7 and 56 of the Federal Rules of Civil Procedure, and it is supported by the attached memorandum, the concise statement of facts, the declarations and exhibits filed concurrently with Defendants' Motion for Summary Judgment, the records and files in this case, and such argument as may be presented on this motion.

DATED:   Honolulu, Hawaii, July 15, 2005.

_____
LYNNE T. T. YOYOFUKU
NICHOLE K. SHIMAMOTO

Attorneys for Defendants
SMF SYSTEMS CORPORATION, TOM
CAFFREY AND RUBY CAFFREY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN A. MOFFETT,<br><br>   Plaintiff,<br><br> vs.<br><br>SMF SYSTEMS CORPORATION, A MARYLAND CORPORATION; TOM CAFFREY; RUBY CAFFREY; DOE CORPORATIONS 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; JOHN DOES 1-20; JANE DOES 1-20; GOVERNMENTAL AGENCIES 1-20,<br><br>   Defendants. | CV NO. 03-00130 MLR-BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

70657.v1
0455.002

## TABLE OF CONTENTS

Page

I.  INTRODUCTION .................................................................................. 2

II. UNDISPUTED FACTS ......................................................................... 2

III. STANDARD OF REVIEW ................................................................... 8

IV. ANALYSIS ............................................................................................ 9

    A. Individual Liability Is Barred Under 42 U.S.C.
        §§ 2000e *et seq.*, 31 U.S.C. § 3730(h), HRS
        ch. 378, and ERISA ...................................................................... 9

V. CONCLUSION .................................................................................... 10

## I. INTRODUCTION

Defendants TOM CAFFREY and RUBY CAFFREY (referred herein as "Defendants Caffrey") are entitled to summary judgment in their favor as to Count I (Unlawful retaliation under 42 U.S.C. §§2000e *et seq.* and Haw. Rev. Stat. §378-2), Count II (Violation of Haw. Rev. Stat. §§378-62 *et seq.*), Count IV (Wrongful retaliatory discharge under ERISA), Count V (Wrongful withholding of benefits under ERISA), and Count VI (Unlawful retaliation under 31 U.S.C. §3730(h)) in Plaintiff JOHN A. MOFFETT ("Plaintiff")'s Complaint filed March 21, 2003.

## II. UNDISPUTED FACTS

From its inception in 1989 until approximately October, 2000, when it sold most of its assets, SMF Systems, with its corporate office in San Ramon, California, was primarily involved with providing computer (IT) products and services to the federal government in various parts of the United States.[1] Thomas Caffrey Deposition ("Ex.O") at 9-10, 16-18. Ms. Caffrey is the President of SMF Systems and in charge of overseeing the financial and administration functions and Mr. Caffrey was, until 2002, Vice President of SMF Systems in charge of overseeing sales and operations, and field activities. Ex.O at 18. Both

---

[1] All declarations and exhibits are attached to Defendants' Concise Statement of Facts filed concurrently with Defendants' Motion for Summary Judgment.

69379v1
0455.002

2

Ms. Caffrey's and Mr. Caffrey's offices were located at corporate headquarters in San Ramon, California. Ex.O at 16.

Plaintiff was hired on or about June 21, 1999 as a Computer Network Security Analyst/Subject Matter Expert with SMF Systems under a defense contract SMF Systems had with the U.S. Army, its customer, to support the Theater Network Operations Security Center ("TNOSC"), U.S. Army, 516th Signals Brigade, Fort Shafter, Hawaii ("TNOSC contract"). John Moffett Deposition, Vol. 1 ("Ex.A") at 61-62; Ex.B; John Moffett Deposition, Vol. 2 ("Ex.G") at 261. He was considered a technical professional and made approximately $103,000 annually. His responsibilities were technical in nature and did not involve any contract administration duties nor did he supervisor any employees. Ex.A at 61-62; Ex.B.

During the relevant timeframe, from November, 1999 to the Fall, 2000, Robert Nehmad was in charge of overseeing the TNOSC contract and sales in Hawai`i. Mr. Nehmad reported to Richard Kelley, who was the regional manager for SMF Systems. Mr. Kelley reported to Mr. Caffrey. In the Fall, 2000, Robert Langley assumed the responsibilities of overseeing the TNOSC contract. I. Robert Nehmad Deposition ("Ex.R") at 29-30.

On October 4, 2000, Plaintiff drafted an e-mail to Ms. Caffrey, entitled "Request for Assistance," which identified a "leadership problem" in

Hawaii on the basis that Plaintiff believed that David Millard, the civil servant charged with contract management, had too much control over the TNOSC Systems contract. Ex.A at 191; Ex.D. On October 4, 2000, Ms. Caffrey responded to Plaintiff's e-mail with an e-mail stating: "I recommend that you contact Rick Kelley to discuss your concerns as he is the individual in charge of the Hawaii office and operations. Tom Caffrey is out of the office until Monday, October 9. You may contact him next week upon his return." Ex.A at 191; Ex.D. Plaintiff's October 4, 2000 e-mail does not identify the name of the any employee who had complained of sexual harassment nor does the e-mail identify the name of any government official who allegedly engaged in sexual harassment with any employee. Ex.A at 191; Ex.D. Plaintiff did not contact Mr. Caffrey to follow-up on his e-mail dated October 4, 2000. Ex.A at 174. Mr. Caffrey construed the October 4, 2000 e-mail as reflective of Plaintiff's displeasure with Mr. Nehmad, site manager, not as a complaint or report of sexual harassment. Ex.O at 72-73.

On or about October 9, 2000, Plaintiff addressed a complaint to the DoD Hotline about mismanagement of the SMF Systems by civil servant David Millard ("DoD complaint"). The DoD complaint did not make any allegations that SMF Systems submitted false payments or overcharged the government under the TNOSC contract. Ex.G at 303, 306, 308; Ex.A at 191; Ex.E. Plaintiff did not

inform Defendants that he had filed the DoD complaint nor does he know of anyone who informed Defendants of the DoD complaint. Ex.A at 191, 194.

In the Fall, 2000, Plaintiff sent e-mails to Robert Langley regarding the "management" of the SMF System's 401(k) plan, which was administered by CitiStreet LLC. Ex.G at 388-89; Exs. K, L.

In or about early March 2001, Plaintiff made several calls to SMF Systems' corporate office in San Ramon, California about an expense report reimbursement for a recent job-related trip he had taken. Some time after his telephone call to SMF Systems' headquarters, Plaintiff learned that the person with whom he spoke was Ms. Ruby Caffrey. Ex.A at 151-52; Ex.C; Ex.G at 315; Ex.I.

On or about March 22, 2001, while on a business trip to Hawaii, Mr. Caffrey terminated Plaintiff's employment with SMF Systems on the basis of his unprofessional and obnoxious behavior on the telephone with Ms. Caffrey. Ex.A at 151-52; Ex.C; Ex.G at 315; Ex.I; Ex.O at 91, 106; Ex.P. The termination was pursuant to and consistent with SMF Systems' policies prohibiting rude and unprofessional behavior towards managers.[2] Ex.A at 259; Ex.H. Mr. Caffrey made the decision to terminate Plaintiff without input from Mr. Kelley or Mr.

---

[2] At the commencement of his employment, Plaintiff received a copy of the "SMF Systems Corporation Employee Orientation Package," which contained policies regarding employee conduct and the consequences for violation of same, including specifically that an employee may be terminated for "an unwarranted demonstration of disrespect to a supervisor or manager . . ." Ex. A at 259; Ex. H.

Langley because the termination was based upon Plaintiff's conduct with the corporate office. Ex.O at 91. Mr. Caffrey has terminated other employees for unprofessional and/or rude and/or obnoxious behavior as follows: George Bowns, Blane Cowart, William Matt King, and Barney Tobe Henry. Ex.O at 102-04.

Prior to terminating Plaintiff, neither Mr. Caffrey nor Ms. Caffrey were aware of Plaintiff's DoD complaint. Ex.O at 83-84; Ruby Caffrey Deposition ("Ex.Q") at 62-63. Prior to terminating Plaintiff, neither Mr. Caffrey nor Ms. Caffrey were aware of the Fall, 2000 e-mails sent to Mr. Langley. Ex.O at 143-44; Ex.Q at 112-14.

*After* his termination, Plaintiff did the following:

- On May 14, 2001, Plaintiff wrote a letter to the Pension and Welfare Benefits Administration ("PWBA") accusing SMF Systems of "mismanagement" of his 401(k) account. Ex.G at 380; Ex.J.

- On May 16, 2001, Plaintiff transmitted a complaint to the DoD Hotline asserting that he was retaliated against by Mr. Caffrey for filing his October 9, 2000 DoD complaint. Ex.G at 315; Ex.I.

- On September 19, 2001, Plaintiff filed a charge against Defendants with the U.S. Equal Employment Opportunity Commission ("EEOC") and concurrently with the Hawaii Civil Rights Commission ("HCRC"), alleging that his retaliation was a result of his complaint of sexual harassment against Moncia Nelson ("EEOC complaint").[3] Ex.A at 151-52; Ex.C.

---

[3] SMF Systems, however, did not receive a copy of the EEOC complaint until the week of September 24, 2001 or later. Declaration of Ruby Caffrey at ¶4.

69379v1
0455.002                                6

- On March 19, 2002, Plaintiff filed a second charge against Defendants with the EEOC and concurrently with the HCRC asserting that SMF System's September 21, 2001 request for reimbursement for tuition costs incurred by Plaintiff was in retaliation for the filing of the EEOC complaint. Ex.G at 399; Ex.N.

- On March 21, 2003, Plaintiff filed the present Complaint in the United States District Court for the District of Hawaii. Declaration of Nichole Shimamoto at ¶3.

On June 4, 2002, Mel Huey, Senior Investigator, Department of Labor, PWBA, wrote to Plaintiff, stating, "Our records indicate that you were notified telephonically on December 21, 2001 that the investigation was completed and that SMF Systems, Inc. agreed to restore lost interest to the Plan due to making delinquent employee contributions. You were advised that your share of the lost interest was $150. This payment to participants' accounts was confirmed and verified by CitiStreet LLC on February 11, 2002. The telephone notification on December 21, 2001 constituted the report of results of the investigation with respect to you. You may consider this letter as the final written report to you." Ex.G at 388-89; Ex.L.

On December 16, 2003, Plaintiff received a letter from M. Jane Deese, Director, Military Reprisal Investigations, informing Plaintiff that the DoD completed an investigation into Plaintiff's reprisal allegations (May 16, 2001 complaint) and concluded that the "adverse personnel actions were not taken against [Plaintiff] in reprisal for [his] protected disclosures." Enclosed with the

69379v1
0455.002

7

letter was a copy of the "Report of Investigation" wherein the DoD specifically concluded that "the responsible management officials were not aware of [Plaintiff]'s protected disclosures before taking adverse personnel actions against him," that there was "no credible evidence that the responsible officials were aware of [Plaintiff]'s protected disclosures before terminating his employment," and that "the responsible officials would have taken the same actions absent the protected disclosures." Ex.A at 211-12.

### III. STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party satisfies its initial burden of production by producing evidence that either negates an essential element of the non-moving party's case or demonstrates that the non-moving party does not have enough evidence of an essential element of its claim to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Co.*, 210 F.3d 1099, 1106 (9th Cir. 2000). Once the moving party makes its initial showing, the burden shifts to the non-moving party to go beyond the pleadings and to "designate *specific facts* showing that there is a genuine issue for trial." *Celotex v. Catrett*, 477 U.S. 317, 324 (1986)

(emphasis added). If the non-moving party fails to so respond, summary judgment must be entered against him. Fed. R. Civ. P. 56(e).

## IV. ANALYSIS

### A. Individual Liability Is Barred Under 42 U.S.C. §§ 2000e *et seq.*, 31 U.S.C. § 3730(h), HRS ch. 378, and ERISA

Individually named defendants are not personally liable under Title VII, *see Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (Title VII and ADEA claims against individual defendants properly dismissed as individual defendants are not personally liable under those statutes); *Grant v. Lone Star Co.*, 21 F.3d 649 (5th Cir. 1994); *Busby v. City of Orlando*, 931 F.2d 764 (11th Cir. 1991)).

In addition, there is no individual liability under 31 U.S.C. § 3730(h). *See Orell v. UMass Memorial Med. Ctr., Inc.*, 203 F. Supp. 2d 52, 66-67 (D. Mass. 2002); *United States v. Jamieson Science and Engineering, Inc.*, 191 F. Supp. 2d 17, 19-22 (D.D.C. 2002); *United States v. Board of Regents of the University of California*, 165 F. Supp. 2d 1052, 1056 (N.D. Cal. 2001).

Similarly, under state law, liability generally lies against "employers." *See* HRS §§ 378-2(1)(A) and (2); 378-62. Thus, an individual normally may not be held liable under state law unless the individual "actually employs someone." *See Mukaida v. Hawaii*, 159 F. Supp. 2d 1211, 1227 (D. Haw. 2001) ("This court finds that, if called upon to decide the issue, Hawaii appellate courts would likely

follow the federal courts' reasoning in Title VII case and rule that, under Chapter 378, unless an individual actually employs someone, the individual cannot be liable [under that chapter] because the individual is not an 'employer.'").

Finally, any money judgment under ERISA is enforceable against the employee benefit plan and not against any individuals, unless there is a showing of individual misconduct. 29 U.S.C. § 1132(d)(2) ("Any money judgment under this subchapter [including §§ 1132 and 1140] shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter."); *Keegan v. Steamfitters Local Union No. 420 Pension Fund*, 174 F. Supp. 2d 332, 340 (E.D. Pa. 2001).

## V. CONCLUSION

For the foregoing reasons, summary judgment should be granted to Defendants Caffrey as set forth herein.

DATED:   Honolulu, Hawaii, July 15, 2005.

_____
LYNNE T. T. TOYOFUKU
NICHOLE K. SHIMAMOTO

Attorneys for Defendants
SMF SYSTEMS CORPORATION, TOM
CAFFREY AND RUBY CAFFREY