**MARR HIPP JONES & WANG**
A LIMITED LIABILITY LAW PARTNERSHIP

LYNNE T. T. TOYOFUKU    4958-0
Email: ltoyofuku@marrhipp.com
NICHOLE K. SHIMAMOTO    7700-0
Email: nshimamoto@marrhipp.com
1001 Bishop Street
1550 Pauahi Tower
Honolulu, Hawaii 96813
Tel. No. (808) 536-4900
Fax No. (808) 536-6700

H. CLYDE LONG, ESQ.
Email: longlawoffices@yahoo.com
Long Law Offices
950 Risa Road, 2nd Floor
Lafayette, California 94549
Tel. No. (925) 284-5575
Fax No. (925) 284-5659
Attorneys for Defendants
SMF SYSTEMS CORPORATION, TOM
CAFFREY AND RUBY CAFFREY

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 21 2005

at ____ o'clock and ____ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN A. MOFFETT, | ) CV NO. 03-00130 MLR-BMK<br>)<br>) DEFENDANT SMF SYSTEMS<br>) CORPORATION'S MOTION FOR<br>) JUDGMENT AS A MATTER OF<br>) LAW; MEMORANDUM IN<br>) SUPPORT OF MOTION;<br>) CERTIFICATE OF SERVICE<br>)<br>) Judge: The Honorable Manuel L. Real<br>) TRIAL: September 19, 2005 |
| Plaintiff, | |
| vs. | |
| SMF SYSTEMS CORPORATION, A MARYLAND CORPORATION; TOM CAFFREY; RUBY CAFFREY; DOE CORPORATIONS 1-20; DOE CORPORATIONS 1-20; DOE | |

**EXHIBIT K**

```
ENTITIES 1-20; JOHN DOES 1-20;      )
JANE DOES 1-20; GOVERNMENTAL        )
AGENCIES 1-20,                      )
                                    )
                                    )
              Defendants.           )
                                    )
_____)
```

### DEFENDANT SMF SYSTEMS CORORATION'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendant SMF SYSTEMS CORPORATION ("Defendant SMF"), hereby submits its Motion for Judgment as a Matter of Law.

This motion is brought pursuant to Rule 50(a) of the Federal Rules of Civil Procedure and it is supported by the attached memorandum, the evidence presented at trial, the records and files in this case, and such argument as may be presented at the hearing on this motion.

DATED:   Honolulu, Hawaii, __SEP 2 1 2005__.

MARR HIPP JONES & WANG

_____
LYNNE T. T. TOYOFUKU
NICHOLE K. SHIMAMOTO

Attorneys for Defendant
SMF SYSTEMS CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN A. MOFFETT,<br><br>           Plaintiff,<br><br>vs.<br><br>SMF SYSTEMS CORPORATION, A MARYLAND CORPORATION; TOM CAFFREY; RUBY CAFFREY; DOE CORPORATIONS 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; JOHN DOES 1-20; JANE DOES 1-20; GOVERNMENTAL AGENCIES 1-20,<br><br>           Defendants. | CV NO. 03-00130 MLR-BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW |

## MEMORANDUM IN SUPPORT OF MOTION

### I. INTRODUCTION

In support of its motion for judgment as matter of law, Defendant SMF SYSTEMS CORPORATION (Defendant "SMF") hereby submits this memorandum pursuant to Rule 50(a) of the Federal Rules of Civil Procedure.

### II. LEGAL STANDARD

Under Rule 50(a)(1) of the Federal Rules of Civil Procedure, a motion for judgment as a matter of law ("JMOL") should be granted as follows:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a

72174.v1/455.002

reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

The Ninth Circuit has recognized that, to avoid a Rule 50(a) judgment as a matter of law, a party must present "substantial evidence" in support of his case. *See, e.g., Janich Bros., Inc. v. The Am. Distilling Co.*, 570 F.2d 848, 853-54 (9th Cir. 1978).[1] "Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994).

---

[1] *See id.* at 854 ("a plaintiff must present substantial evidence on [the elements of his claim] to avoid a directed verdict"); *see also Chisholm Bros. Farm Equip. Co. v. Int'l Harvester Co.*, 498 F.2d 1137, 1140 (9th Cir. 1974) ("When considering the propriety of the grant or denial of a motion for directed verdict, the correct standard is whether or not, viewing the evidence as a whole, there is substantial evidence that could support a finding, by reasonable jurors, for the nonmoving party").

Although *Janich Brothers* and *Chisolm Brothers* were decided under the pre-1991 version of Rule 50 which used the terms "directed verdict and "judgment notwithstanding the verdict," the 1991 amendments – which replaced these terms with "judgment as a matter of law" – did not involve any substantive alteration. *See* Fed. R. Civ. P. 50, Advisory Committee Note of 1991 ("Paragraph (a)(1) articulates the standard for the granting of a motion for judgment as a matter of law. It effects no change in the existing standard").

72174.v1/455.002

Although the evidence must be viewed in the light most favorable to the nonmovant,[2] the "substantial evidence" standard nevertheless requires "more than a mere scintilla." *Janich Bros.*, 570 F.2d at 853 n. 2 (citation omitted); *see also Nelson v. Silverman*, 888 F. Supp. 1041, 1044 (S.D. Cal. 1995) ("The federal courts have . . . declined to follow the rule that a scintilla of evidence is enough to create [an] issue for the jury").[3]

In entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (U.S. 2000). The court should consider "a number of factors, including the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and *any other evidence that supports the employer's case.*" *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 148-49 (U.S. 2000) (emphasis added).

---

[2] *See Chisholm Bros. Farm Equip. Co.*, 498 F.2d at 1140 ("The evidence must be examined in a light most favorable to the nonmovant, . . . and there can be no weighing of evidence. . . . [nonmovant] is entitled to the benefit of all reasonable inferences that may be drawn from the evidence") (citations omitted).

[3] Put another way, there must be sufficient evidence so that the jury does not have to "speculat[e]" in order to find for the non-movant. *See id.* ("the party with the burden of proof . . . has to come forward with evidentiary facts that establish the ultimate facts and the degree of proof must be such as to remove these ultimate facts from the field of mere speculation or conjecture; specifically, the jury cannot be allowed to theorize the ultimate facts based on a mere possibility").

In the absence of substantial evidence, the District Court has a "duty" to enter judgment as a matter of law. As the Ninth Circuit stated:

> [I]f an antitrust plaintiff, as well as any other plaintiff, does not present enough evidence within his case-in-chief to support a reasonable finding in his favor, a district court has a duty to direct a verdict in favor of the opposing party.

*Chisholm Brothers*, 498 F.3d at 1139-40 (citation omitted).

Judgment as a matter of law must be granted in employment cases where the plaintiff cannot sufficiently prove an unlawful animus. For instance, in *Reeves*, the United States Supreme Court noted that

> [c]ertainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory. For instance, the employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred. To hold otherwise would be effectively to insulate an entire category of employment discrimination cases from review under Rule 50, and we have reiterated that trial courts should not "treat discrimination differently from other ultimate questions of fact."

*Reeves*, 530 U.S. at 148 (citations omitted).

Similarly, in *Maynard*, the Ninth Circuit found that the District Court should have granted judgment as a matter of law against the plaintiff's retaliation claim. In that case, the plaintiff complained internally that his supervisor had committed

irregularities in the hiring process for a certain position. The irregularity resulted in the hiring of a white applicant over an African-American applicant. *Id.* at 1399. Thereafter, the department director reprimanded the plaintiff for going outside the chain of command in reporting the irregularities.[4] The plaintiff filed, *inter alia*, "federal civil rights claims in which he asserted that the defendants retaliated against him because he aided a Black person and because he exercised his right to free speech." *Id.* at 1400. The jury entered a verdict against defendants on the civil rights claims, and the District Court denied the defendants' Rule 50 motion. *Id.* at 1401.

Reversing the jury verdicts on the federal civil rights claims, the Ninth Circuit found a "dearth of evidence suggesting any racial animus on the part of" the defendants. The implicit reasoning was that, although there was evidence that the defendants were angry at the plaintiff's internal complaint and that one of the individual defendants had expressed her opposition to minority preferences, this was not sufficient evidence of a racial animus:

> [W]hile there is evidence against that [defendants] retaliated against Maynard, there is an absence of evidence that this retaliation occurred because Maynard assisted a Black person. The record reflects instead that they were angry and embarrassed that Maynard had publicly exposed the [hiring irregularity]. . . . Maynard testified that at one time [one of the individual defendants] told him she did not believe in giving

---

[4] The plaintiff alleged several other forms of retaliation, including being harassed and excluded from meetings.

minorities preferential treatment. Standing alone, this cannot establish a racial animus. . .

Thus, the federal courts have recognized that judgment as a matter of law is appropriate where a plaintiff has minimal evidence establishing a discriminatory animus.

## III. DISCUSSION

Judgment as a matter of law is appropriate on Plaintiff's Count I alleging retaliation under Title VII[5] and the Hawaii Fair Employment Practices Act[6] ("FEP").

### A. No Reasonable Jury Could Find A Causal Link Between The Alleged Protected Activity And Plaintiff's Termination

To establish a *prima facie* case of retaliation, a plaintiff must show (1) that he was engaged in a protected activity; (2) that he suffered an adverse employment decision; and (3) that there was a causal link between the protected activity and the adverse employment decision. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2004) (applying test to Title VII); *Schefke v. Reliable Collection Agency, Ltd.*, 96 Hawai'i 408, 32 P.3d 52 (2001) (applying test to Hawaii FEP).

In the present instance, even assuming *arguendo* that Plaintiff could reasonably be found to have engaged in protected activity, no reasonable jury

---

[5]  42 U.S.C. 2000e *et seq.*

[6]  HRS 378-2.

72174.v1/455.002

6

could find any causal link between his alleged protected activity and his termination.

<u>The Conversation with Nehmad and Kelley</u>. It is well-settled that there can be no causation if the decision-maker is not aware of the protected activity at the time he takes the adverse action. *See Strickland v. Waterworks & Sewer Bd. Of the City of Birmingham*, 239 F.3d 1199, 1207-08 (11th Cir. 2001) (no causation where "the decisionmaker did not have knowledge that the employee [had engaged or was attempting to engage] in protected conduct"); *Chaney v. New Orleans Pub. Facility Mgt.*, 179 F.3d 164, 169 (5th Cir. 1999) (no causation where none of the supervisors responsible for plaintiff's discharge knew about plaintiff's protected activity at the time of discharge); *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982) ("Essential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity") (citation omitted).

In the present instance, even assuming *arguendo* that Plaintiff's conversation with Nehmad and Kelley was protected activity, sole-decision-maker Tom Caffrey was **unaware of** these conversations at the time of Plaintiff's termination. Further, even assuming the believability of Plaintiff's testimony that Kelley told him that he was going to inform Mr. Caffrey about the conversation, and get back to Plaintiff, Plaintiff has no proof that Mr. Kelley did so. In fact, Plaintiff testifies that Mr. Kelley never informed him about any discussions with Mr. Caffrey. Therefore, no

reasonable jury could find a causal link between these conversations and Plaintiff's termination.

<u>October 2000 e-mail</u>. Neither the timing nor any other evidence suggests a causal link between Plaintiff's October 2000 e-mail and his discharge.[7]

In order for causation to be based on temporal proximity between the alleged protected activity and the adverse action, the time lapse must be "very close" – typically, less than three months. *See, e.g., Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (per curium) ("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close,'" finding that a 3-month or 4-month period was insufficient).[8]

---

[7] Plaintiff admitted that this October 2000 e-mail was "the only e-mail" and "the only communication" in which he allegedly complained about harassment. Plaintiff also admitted that he never had a direct conversation with Tom Caffrey about this issue.

[8] *See also Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390, 398-99 (7th Cir. 1999) (affirming summary judgment for employer on Title VII retaliation claim where there was a four-month gap between Plaintiff's EEOC filing and his termination); *Sanders v. Culinary Workers Union Local No. 226*, 804 F. Supp. 86, 100-01 (D. Nev. 1992) (five-month lapse between protected activity and discharge was "sufficient time to negate" an inference of retaliatory discharge).

72174.v1/455.002

8

In the present instance, the time lapse between Plaintiff's e-mail and his discharge was five months. This is simply too long to permit any inference of causation.

Furthermore, the only alleged protected activity within the e-mail, at most, was a *single cursory sentence*; put another way, the e-mail was focused upon complaining about *other* matters. As Plaintiff admitted, the e-mail was not titled as a harassment complaint; did not state that Plaintiff was complaining about harassment; did not indicate who was being harassed; did not identify any alleged harasser; did not include any details or dates of alleged harassment; did not otherwise describe any alleged harassment; and did not indicate that Plaintiff was going to file a complaint about harassment with any agency. Thus, there is no reasonable basis to infer that this single, cursory sentence pertaining to harassment – buried in a much longer e-mail narrative – was considered by Mr. Caffrey, the sole decision-maker as reporting or complaining of sexual harassment.

Accordingly, in the absence of any other evidence, no reasonable jury could find any causation between Plaintiff's October 2000 e-mail and his discharge.

**B.   No Reasonable Jury Could Find That Defendant's Legitimate Reasons For Termination Was Pretextual**

Even assuming *arguendo* that Plaintiff could establish a prima facie case, that prima facie case has been rebutted by Defendant's legitimate reasons for

termination, and no reasonable jury could find that those reasons were a pretext for discrimination.[9]

First, Defendant had a legitimate reason to discharge Plaintiff because he was unprofessional and rude to the Company President, Ruby Caffrey. Furthermore, Plaintiff himself admits to being informed by Tom Caffrey that the reason for termination was his unprofessional telephone call. *See, e.g., LeBlanc v. TJX Companies, Inc.*, 214 F.Supp.2d 1319, 1326-27 (S.D.Fla.2002) (in race and age discrimination and retaliation case, sales clerk's rude behavior toward co-workers and customers constituted legitimate ground for discharge).

---

[9] In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the U.S. Supreme Court developed a three-part framework for allocating the burdens and analyzing the development of proof in an employment discrimination case: First, the plaintiff must demonstrate that there was discrimination on the basis of a protected characteristic. Next, the burden of production then shifts to the defendant to proffer a legitimate, non-discriminatory reason for the adverse employment action. Finally, the burden returns to the plaintiff to show that the defendant's explanation was pretextual. Plaintiff at all times retains the ultimate burden of persuasion that the Company intentionally discriminated or retaliated against him. *See, e.g., Hicks*, 509 U.S. at 518. The Hawai'i Supreme Court adopted the *McDonnell Douglas* burden-shifting analysis. *See, e.g., Shoppe v. Gucci*, 94 Hawai'i 368, 379, 14 P.3d 1049, 1060 (1993) ("the burden reverts to the plaintiff to demonstrate that the defendant's proffered reasons were pretexual").

To demonstrate pretext, Plaintiff must do more than prove that the Company's stated reason is false; Plaintiff must also prove that the real reason for the Company's action is discriminatory. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 511 (1993) ("a reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason").

72174.v1/455.002

Second, no reasonable jury could find that this reason was pretextual. It is well-settled that an employer's business decision to terminate an employee is given latitude and that a court will not second-guess such business decisions. *See Brill v. Lante*, 119 F.3d 1266, 1272 (7th Cir. 1997) ("Courts refuse to sit in judgment as super-personnel departments overseeing corporate decisions"); *Scaria v. Rubin*, 117 F.3d 652 (2nd Cir. 1997) ("This Court does not sit as a super-personnel department that reexamines an entity's business decisions").

In the present instance, Plaintiff has presented no evidence to indicate that Tom Caffrey's decision to discharge him due to his rude behavior was to cover up a retaliatory animus. As noted above, the cursory nature of the alleged protected activity (*i.e.*, a single sentence about harassment, buried in a longer e-mail) does not support any inference of a retaliatory motive. Thus, Plaintiff is left with only his own speculation that he suffered retaliation. Such speculation is insufficient to establish pretext. *See Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983) (employee's "mere assertions that [employer] had discriminatory motivation and intent . . . were inadequate, without substantial factual evidence, to raise an issue precluding summary judgment").[10]

---

[10] *See also Johnson v. Univ. of Wis.-Eau Claire*, 70 F.3d 469, 480 (7th Cir. 1995) (employee's "subjective belief that the [employer's] action was retaliatory and that the claimed reasons were pretext does not alone create a genuine issue of

72174.v1/455.002

11

### C. The Legal Actions Instituted Against Plaintiff, As A Matter Of Law, Cannot Qualify As Retaliatory "Adverse Employment Actions"

Although Plaintiff also alleges that Defendants' retaliation includes the filing of legal actions against him, these lawsuits (besides being based upon legitimate purposes) are not actionable as a matter of law because lawsuits are not "employment actions" and, therefore, cannot be retaliatory "adverse employment actions." *See, e.g., Equal Employment Opportunity Comm'n v. R.J. Gallagher Co.*, 181 F.3d 645, 657 (5th Cir. 1999) ("[A] lawsuit cannot be an 'adverse employment action' ... because a lawsuit is not an employment action at all").

Additionally, even assuming that the lawsuits may be actionable, they can be considered actionable **only if** they are filed not in good faith and are clearly frivolous. *Ward v. Wal-Mart Stores, Inc.*, 140 F.Supp.2d 1220, 1231 (DNM 2001). Such is not the case here. It is undisputed that the lawsuits were based upon the language contained in the travel and training forms which state that when an employee terminates employment within one year of completing the training, the employee is required to reimburse SMF for the cost of the tuition.

---

material fact"), *abrogated on other grounds by Spiegla v. Hull*, 371 F.3d 928 (7th Cir. 2004).

Furthermore, a plaintiff's mere disagreement with an employer's decision does not make the decision discriminatory. *See Hawkins v. Pepsico, Inc.*, 203 F.3d 274, 280 (4th Cir. 2000) ("[I]n a wrongful discharge action, it is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff").

72174.v1/455.002

12

Furthermore, Plaintiff has established that Defendant had notice of Defendant's initial request for reimbursement prior to receipt of the EEOC complaint. As such, he is unable to prove that Tom Caffrey knew he filed an EEOC charge at the time Mr. Caffrey made the decision to request reimbursement from Plaintiff. Second, with respect to the filing of the lawsuits, this occurred almost two years after Plaintiff filed his EEOC charge. There is simply no causal connection between the filing of the EEOC charge by Plaintiff and the filing of the lawsuits several years later and only after Plaintiff filed the instant complaint against Defendants.

## IV.  CONCLUSION

For the foregoing reasons and as otherwise set forth in the record and as may be raised orally, judgment as a matter of law should be granted to Defendant SMF SYSTEMS CORPORATION as to Plaintiff's Count I.

DATED:   Honolulu, Hawaii,   SEP 2 1 2005   .

_____
LYNNE T. T. TOYOFUKU
NICHOLE K. SHIMAMOTO

Attorneys for Defendant
SMF SYSTEMS CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN A. MOFFETT, | ) CV NO. 03-00130 MLR-BMK |
| Plaintiff, | ) CERTIFICATE OF SERVICE |
| vs. | ) |
| SMF SYSTEMS CORPORATION, A MARYLAND CORPORATION; TOM CAFFREY; RUBY CAFFREY; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; DOE ENTITIES 1-20; JOHN DOES 1-20; JANE DOES 1-20; GOVERNMENTAL AGENCIES 1-20, | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was duly served upon the following individuals as shown below by hand delivery on September 21, 2005:

        BARBARA A. PETRUS, ESQ.
        LINDALEE K. FARM, ESQ.
        DONNA H. KALAMA, ESQ.
        GOODSILL ANDERSON QUINN & STIFEL
        1099 Alakea Street
        1800 Alii Place
        Honolulu, Hawaii 96813

        Attorneys for Plaintiff
        JOHN A. MOFFETT

DATED:   Honolulu, Hawaii, September 21, 2005.

_____
LYNNE T. T. TOYOFUKU
NICHOLE K. SHIMAMOTO

Attorneys for Defendant
SMF SYSTEMS CORPORATION