**FILE COPY**



# MARR HIPP
# JONES & WANG
A LIMITED LIABILITY LAW PARTNERSHIP

*Labor and Employment Law*

April 22, 2005

**Via Hand Delivery**

Barbara A. Petrus, Esq.
Anne T. Horiuchi Bell, Esq.
Goodsill Anderson Quinn & Stifel
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813

Re: **John A. Moffett v. SMF Systems Corporation, et al.
Civil No. CV03-00130 HG/BMK, Trial Date: June 14, 2005**

Dear Counsel:

Enclosed please find an Offer of Judgment, inclusive of all attorneys' fees accrued to the date of the timely acceptance of the Offer of Judgment, made on behalf of Defendants SMF Systems Corporation, Tom Caffrey, and Ruby Caffrey ("Defendants") in the above-referenced case. The offer, as well as this letter, is submitted pursuant to Fed. R. Evid. 408.

The Offer of Judgment, in the amount of $40,000.00 and a withdrawal by SMF Systems Corporation of its claims for training reimbursement from Plaintiff, is made pursuant to Federal Rule of Civil Procedure 68 and, with respect to the state-law claims in the case, pursuant to *Collins v. South Seas Jeep Eagle*, 87 Hawaii 86, 952 P.2d 374 (Haw. 1997). Under Rule 68, it is intended by the Offer of Judgment that if Plaintiff does not recover damages and pre-offer costs in an amount that exceeds the amount stated in the offer, then Defendants will be entitled to recover against Plaintiff all of Defendants' costs from the date of this Offer of Judgment through trial.[1] As provided under Rule 68, the Offer of Settlement will remain open for ten days. In the

---

[1] Pursuant to Federal Rules of Civil Procedure 68:

*cont'd*

*SETTLEMENT OFFER MADE PURSUANT TO RULE 408 OF THE FEDERAL RULES OF EVIDENCE
EVIDENTIARY USE IS NOT INTENDED AND IS PROHIBITED*

1001 Bishop Street • Suite 1550 Pauahi Tower • Honolulu, Hawaii 96813
Phone: (808) 536-4900 • Fax: (808) 536-6700 • E-mail: ltoyofuku@marrhipp.com

**EXHIBIT L**

COPY SENT TO CLIENT
DATE: 4/25/05
INITIALS: LB

Barbara A. Petrus, Esq.
Anne T. Horiuchi Bell, Esq.
April 22, 2005
Page 2

event Plaintiff wishes to accept the Offer of Settlement but would like to discuss additional issues, such as the characterization of the settlement proceeds, you must contact us within the ten-day period.

      Defendants believe that this is a very generous offer given the facts of this case. Defendants have strong defenses to all of Plaintiff's claims and are likely to prevail on all claims at trial. Moreover, even assuming that Plaintiff is able to prevail on any of his claims, his damages are minimal at best. As you know, as of 2002, SMF Systems ceased administering any governmental contracts in Hawaii and has had no employees or assets. Thus, even if Plaintiff had not been fired for unprofessional behavior towards President Caffrey, his employment with SMF Systems would have ended in 2002. In addition, Plaintiff's position was never filled after his termination on or about March 22, 2001, and his position was eventually eliminated. Therefore, even if Plaintiff were to prevail at trial, he would not be entitled to lost wages beyond 2002. Based on the foregoing, Plaintiff will be unable to recover more than the value of this offer. This means that, at the conclusion of trial, Plaintiff will owe Defendants all costs and fees incurred as of the date of this offer. Clearly, costs and fees will increase as Defendants commence trial preparation.

      Defendants submit this Offer of Settlement because they believe there is an opportunity for both sides to reach an agreement before the costs and attorneys' fees associated with trial and trial preparation are incurred. Defendants would obviously rather not incur substantial costs and attorneys' fees to resolve this matter, and we are sure that Plaintiff would rather not have to reimburse Defendants for those costs and fees. Accordingly, we hope that Plaintiff gives this offer serious consideration.

      If you have any questions, please do not hesitate to contact us.

Very truly yours,

Lynne T. T. Toyofuku
Nichole K. Shimamoto

LTTT/NKS:jes
Enclosure

---

*cont'd*

If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

Fed. R. Civ. P. 68.

68375/455.002

**MARR HIPP JONES & WANG**
A LIMITED LIABILITY LAW PARTNERSHIP
LYNNE T. T. TOYOFUKU    4958-0
Email: ltoyofuku@marrhipp.com
NICHOLE K. SHIMAMOTO   7700-0
1001 Bishop Street, 1550 Pauahi Tower
Honolulu, Hawaii 96813
Tel. No. (808) 536-4900
Fax No. (808) 536-6700

H. CLYDE LONG, ESQ.
Email: longlawoffices@yahoo.com
Long Law Offices
950 Risa Road, 2nd Floor
Lafayette, California 94549
Tel. No. (925) 284-5575
Fax No. (925) 284-5659
Attorneys for Defendants
SMF SYSTEMS CORPORATION, TOM
CAFFREY AND RUBY CAFFREY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN A. MOFFETT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SMF SYSTEMS CORPORATION, A MARYLAND CORPORATION; TOM CAFFREY; RUBY CAFFREY; DOE CORPORATIONS 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; JOHN DOES 1-20; JANE DOES 1-20; GOVERNMENTAL AGENCIES 1-20,<br>　　　　Defendants. | CV NO. 03-00130 HG-BMK<br><br>DEFENDANTS' OFFER OF JUDGMENT TO PLAINTIFF JOHN A. MOFFETT<br><br><br><br><br><br>TRIAL: June 14, 2005 |

68061.v2
0455.002

## DEFENDANTS SMF SYSTEMS CORPORATION, TOM CAFFREY AND RUBY CAFFREY'S OFFER OF JUDGMENT TO PLAINTIFF JOHN A. MOFFETT

Pursuant to Rule 68 of the Federal Rules of Civil Procedure Defendants SMF Systems Corporation, Tom Caffrey, and Ruby Caffrey ("Defendants") offer to allow judgment to be taken against them by Plaintiff John A. Moffett ("Plaintiff") on the Complaint for the total sum of FORTY THOUSAND AND NO/100 DOLLARS ($40,000.00) and a withdrawal by SMF Systems Corporation of its claims for training reimbursement from Plaintiff, said total lump sum being **inclusive** of all attorneys' fees and costs accrued to the date of the timely acceptance of this Offer of Judgment. No additional attorneys' fees or costs are offered by Defendants and no additional attorneys' fees or costs will be paid by Defendants.

This Offer of Judgment is made in accordance with Rule 68 of the Federal Rules of Civil Procedure and for the purposes stated therein, and is not to be construed either as an admission that Defendants or each of them is liable in this action or that Plaintiff has suffered any damages. With respect to any state law claim in the Complaint, this Offer of Judgment is also made pursuant to Collins v. South Seas Jeep Eagle, 87 Hawai`i 86, 952 P.2d 374 (Haw. 1997) and Plaintiff agrees that if he accepts this Offer of Judgment, he intends to waive all his rights to attorneys' fees, including **all statutory and contractual rights to attorneys' fees**.

68061.v2
0455.002

2

If it shall be determined that this Offer of Judgment is not inclusive of all attorneys' fees accrued to the date the Offer of Judgment is timely accepted, then this Offer of Judgment shall be ***void ab initio*** and any settlement based upon this Offer of Judgment may and shall be **vacated** upon *ex parte* motion or other application of Defendants.

If Plaintiff accepts this Offer of Judgment and serves a written Notice of Acceptance of Offer of Judgment within 10 days after service of this Offer of Settlement, the clerk of court shall, in accordance with this Offer of Judgment, enter Judgment in the above-entitled case as to Defendants. Furthermore, if Plaintiff accepts this Offer of Judgment, Plaintiff agrees that it is the express intent of all the parties to this Offer of Judgment that neither the Offer of Judgment nor Judgment shall create any preclusive effect against Defendants, including, but not limited to, the preclusive effect of the doctrines of res judicata, collateral estoppel, issue preclusion, and/or claim preclusion.

Under Rule 408 of the Federal Rules of Evidence, this Offer of Judgment may not be introduced into evidence in any case or proceeding, other than a proceeding to determine costs, **inclusive** of attorneys' fees.

This Offer of Judgment must be accepted in writing within ten days after service of this offer. If the judgment finally obtained by Plaintiff is not more favorable than this Offer of Judgment, Plaintiff must pay the costs, **including** attorneys' fees, incurred by Defendants after the making of this Offer of Settlement.

DATED: Honolulu, Hawaii, April 22, 2005.

_____
LYNNE T. T. TOYOFUKU
NICHOLE K. SHIMAMOTO
Attorneys for Defendants
SMF SYSTEMS CORPORATION,
TOM CAFFREY, AND RUBY
CAFFREY