# GOODSILL ANDERSON QUINN & STIFEL

A LIMITED LIABILITY LAW PARTNERSHIP LLP

ALII PLACE, SUITE 1800 • 1099 ALAKEA STREET
HONOLULU, HAWAII 96813

MAIL ADDRESS: P.O. BOX 3196
HONOLULU, HAWAII 96801

TELEPHONE (808) 547-5600 • FAX (808) 547-5880
info@goodsill.com • www.goodsill.com

MARTIN ANDERSON
CONRAD M. WEISER
DAVID J. REBER
JOHN R. LACY
RAYMOND S. IWAMOTO
THOMAS W. WILLIAMS, JR.
WILLIAM S. MILLER
JACQUELINE L.S. EARLE
LANI L. EWART
RANDALL K. STEVERSON
PATRICIA Y. LEE
GARY M. SLOVIN
LISA WOODS MUNGER
ERNEST J. T. LOO
BRUCE L. LAMON
PETER T. KASHIWA
RUSSELL S. KATO
LANT A. JOHNSON
VINCENT A. PIEKARSKI
LEIGHTON J.H.S. YUEN
CORLIS J. CHANG

BARBARA A. PETRUS
PATRICIA M. NAPIER
MIKI OKUMURA
AUDREY E. J. NG
ALAN E. FUJIMOTO
WALTER C. DAVISON
RAYMOND K. OKADA
GAIL O. AYABE
DALE E. ZANE
LINDALEE K. FARM
CAROL A. EBLEN
ROY JOHN TJIOE
KELLIE M. N. SEKIYA
JUDY Y. LEE
A. RICHARD PHILPOTT
LENNES N. OMURO
DEREK R. KOBAYASHI
PETER Y. KIKUTA
THOMAS BENEDICT
EDMUND K. SAFFERY
RUSSELL K. KAUPU

LISA A. BAIL
CAROLYN K. GUGELYK
DONNA H. KALAMA
JOACHIM P. COX
EVELYN J. BLACK

M. ELIZABETH RAXTER
ANNE T. HORIUCHI BELL
ROBERT K. FRICKE
SEAN K. CLARK
SCOTT G. MORITA
RANDOLF L. M. BALDEMOR
LORI M. HIRAOKA
JILL MURAKAMI BALDEMOR
REGAN M. IWAO
EMILY REBER PORTER
DAWN T. SUGIHARA
PAMELA ANN FONG
MICHAEL D. ORLANDO
JOIE M. B. C. YUEN

LIANN Y. EBESUGAWA
VALERIE M. IINUMA
MIHOKO E. ITO
JENNIFER M. YOUNG

COUNSEL:
E. LAURENCE GAY
RICARDO S. GALINDEZ
KAHBO DYE-CHIEW
NATALIE S. HIU

OF COUNSEL:
WILLIAM F. QUINN
GENRO KASHIWA
RONALD H.W. LUM
DAVID J. DEZZANI

MARSHALL M. GOODSILL
(1916-2004)

May 2, 2005

***VIA HAND DELIVERY***

Lynne T. T. Toyofuku, Esq.
Nichole K. Shimamoto, Esq.
Marr Hipp Jones & Wang
1001 Bishop Street
1550 Pauahi Tower
Honolulu, Hawaii 96813

   Re: *Moffett v. SMF Systems Corporation, et al.*
     **CV No. 03-00130 HG/BMK, United States District Court for the District of Hawaii**

Dear Counsel:

  We are in receipt of your letter of April 22, 2005, and the enclosed "Defendants' Offer of Judgment to Plaintiff John A. Moffett," hereafter referred to as the purported Offer of Judgment or "POJ."

  It is Plaintiff's position that the POJ is defective and therefore incapable of acceptance or rejection as an FRCP Rule 68 Offer of Judgment. Among the many defects is Defendants' attempt to impose on Plaintiff as a consequence of rejection of the POJ Defendants' attorneys' fees incurred after the making of the POJ should Plaintiff obtain a judgment not more favorable than the POJ. That consequence is directly contrary to controlling Ninth Circuit law and may not be a condition of a Rule 68 Offer of Judgment. The offer to "withdraw" SMF's "claims" for training reimbursement is also a defect of the POJ.

  In addition to the POJ's ineffectiveness as a Rule 68 Offer of Judgment, the substance of the offer itself makes little sense. Even assuming, as you contend, that Plaintiff's special damages for lost wages are limited temporally (a contention with which we do not agree), that damage figure alone using your time period is still in excess of $40,000, and fails to take into account Plaintiff's other special damages and likely recovery of general damages. Moreover, because your purported Offer of Judgment is inclusive of attorneys' fees and costs, the POJ's $40,000 figure would be compared not just with Plaintiff's ultimate damage award, but also with the fees and costs award.

947092.1

COPY SENT TO CLIENT
DATE: 5/2/05
INITIALS: jes

EXHIBIT M R 5/2/05 hand

GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

Lynne T. T. Toyofuku, Esq.
Nichole K. Shimamoto, Esq.
May 2, 2005
Page 2

Plaintiff's fees and costs to date already exceed your POJ figure, and continue to mount with trial quickly approaching. Thus, assuming Plaintiff prevails in this case, the likelihood of Plaintiff recovering a total judgment, inclusive of fees and costs, less than the $40,000 figure you propose, is extremely small.

If you can provide information that justifies your $40,000 figure, we would be happy to give such information further scrutiny. Otherwise, we believe it is Defendants who should give serious consideration to the possibility of paying substantial fees and costs to Plaintiff in addition to damages.

If you have any questions regarding the foregoing, do not hesitate to contact us.

Very truly yours,

GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

*Anne S. Horiuchi Bell*

Barbara A. Petrus
Donna H. Kalama
Anne T. Horiuchi Bell

BAP/DHK/ATHB