FILE COPY



## MARR HIPP JONES & WANG
### A LIMITED LIABILITY LAW PARTNERSHIP

*Labor and Employment Law*

May 2, 2005

Barbara A. Petrus, Esq.　　　　　　　　**Via Fax to (808) 547-5880 & U.S. Mail**
Anne T. Horiuchi Bell, Esq.
Goodsill Anderson Quinn & Stifel
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813

　　　　Re:　John A. Moffett v. SMF Systems Corporation, et al.
　　　　　　　Civil No. CV03-00130 HG/BMK, Trial Date: June 14, 2005

Dear Counsel:

　　　　This responds to your letter of May 2, 2005 in which Plaintiff contends, without any legal basis, that Defendants' Offer of Judgment to Plaintiff John Moffett ("Offer of Judgment") contains "many defects," and on that basis, Plaintiff is incapable of either accepting or rejecting the Offer of Judgment. Plaintiff's allegations are without merit as they are unsupportable by legal precedent. Indeed, to the contrary, with respect to state law claims (counts 1, 2, 3, 4, 7, and 8), the Hawai`i Supreme Court expressly held that costs include attorney's fees. Collins v. South Seas Jeep Eagle, 87 Hawai`i 86, 952 P.2d 374 (1997). Further, even with respect to the federal claims (counts 1, 5, and 6), the fact that a plaintiff rejects a more favorable offer is considered in determining whether to award attorney's fees and in what amount. In short, Plaintiff has asserted numerous claims against Defendants, and unless he prevails as to all claims in an amount that exceeds the Offer of Judgment (which is very highly unlikely), it is highly unlikely that he will be awarded all of his attorney's fees.

　　　　Defendants will consider Plaintiff's failure to accept the Offer of Judgment within ten days after service as a rejection of the Offer of Judgment.

　　　　The Offer of Judgment is extremely generous considering the evidence he has to support his claims is legally and factually insufficient. First, he is unlikely to prevail as a matter of law on his state whistleblower (count 2) as well as his reprisal claim under the False Claims Act (count 6), which are both time barred. Second, his Parnar claim (count 3) is barred as a matter of law because the public policy upon which Plaintiff brings his claim is embodied in several federal and state statutes. Third, his NIED claim (count 8) is barred as worker's

COPY SENT TO CLIENT
DATE: 5/3/05
INITIALS: LB

1001 Bishop Street • Suite 1550 Pauahi Tower • Honolulu, Hawaii 96813
Phone: (808) 536-4900 • Fax: (808) 536-6700 • E-mail: ltoyofuku@marrhipp.com
68116/455.002

**EXHIBIT N**

compensation is the exclusive remedy for negligence-based work injuries. Fourth, with respect to Plaintiff's retaliation claim under Title VII and Haw. Rev. Stat. § 378-2 (count 1), Plaintiff fails to proffer sufficient evidence that he engaged in protected activity prior to his termination (October, 2000 e-mail which only vaguely mentioned sexual harassment) and further, there is no evidence Mr. Caffrey knew about his report of sexual harassment of Monica Nelson. Indeed, the October, 2000 e-mail does not mention the name of the alleged victim or the alleged harasser and there is no evidence that Mr. Caffrey learned of this information prior to receipt of the EEOC complaint over six months after Plaintiff's termination. Fifth, with respect to Plaintiff's claim regarding wrongful withholding of benefits under ERISA (count 5), the evidence demonstrates that there were problems with the fund administrator CitiStreet's depositing the proper deductions but no evidence of intent on the part of Defendants to withhold moneys from Plaintiff's 401(k) account. Sixth, with respect to Plaintiff's claim of wrongful retaliatory discharge under ERISA (count 6), the undisputable fact is that Plaintiff did not file a complaint until after he was terminated. Lastly, with respect to Plaintiff's IIED claim (count 7), Plaintiff cannot prove that Defendants' conduct was "outrageous" as required under Hawaii law. Succinctly stated, it is extremely unlikely that Plaintiff will prevail on any of his claims against Defendants.

However, in the interests of efficiency and economy, Defendants have made a good faith effort to settle this matter prior to the parties incurring the cost of preparing for trial. The amount of the Offer of Judgment is not meant to cover Plaintiff's attorney's fees to date but rather to bring closure to this matter for all parties. Indeed, given Defendants' likelihood of prevailing as to all claims, Defendants do not believe that Plaintiff will be awarded any attorney's fees. In fact, by settling with Defendants, Plaintiff will not be exposed to a judgment against him for costs and attorney's fees.

Should Plaintiff be inclined to discuss settlement, please contact me.

Very truly yours,

Lynne T. T. Toyofuku
Nichole K. Shimamoto

LTTT:NKS:lfs

68116/455.002