

21 Fed.Appx. 614, 2001 WL 1218746 (C.A.9 (Hawai'i))
**(Cite as: 21 Fed.Appx. 614)**

**C**

Briefs and Other Related Documents

This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. (FIND CTA9 Rule 36-3.)

United States Court of Appeals,Ninth Circuit.
ALLSTATE INSURANCE COMPANY, Plaintiff-Counter-Defendant-Appellee,
v.
Ardythe HARMS, Defendant-Counterclaimant-Appellant.
**No. 00-15217, 00-16823.**
**D.C. No. CV 98-251 HG/FIY.**

Argued and Submitted May 18, 2001.
Decided Oct. 12, 2001.

Insurer brought action seeking declaration that insured was not entitled to benefits under residential fire policy because insured intentionally set fire or caused fire to be set, and made material misrepresentations in connection with insurer's investigation of loss. Insured filed counterclaim for breach of contract. The United States District Court for the District of Hawaii, Helen Gillmor, J., and Susan Oki Mollway, J., entered judgment on jury verdict in favor of insurer and entered judgment granting insurer attorney fees and costs, and insured appealed. Appeals were consolidated. The Court of Appeals held that: (1) exclusion of evidence of subsequent fires at insured's other properties was not abuse of discretion; (2) mention of alleged accusation that insured had caused her husband's death did not result in manifest injustice; and (3) insured's defense was not frivolous.

Affirmed in part, reversed in part, and remanded.

West Headnotes

**[1] Evidence 157 ⟜146**

157 Evidence
   157IV Admissibility in General
     157IV(D) Materiality
      157k146 k. Tendency to Mislead or Confuse. Most Cited Cases
Exclusion on grounds of prejudice, in insurer's action alleging that insured intentionally set fire, of evidence of several subsequent fires at insured's other

properties was not abuse of discretion, absent showing as to who caused other fires or evidence to support insured's general suspicions that later fires were connected to fire involved in action. Fed.Rules Evid.Rule 403, 28 U.S.C.A.

**[2] Federal Courts 170B ⟜626**

170B Federal Courts
   170BVIII Courts of Appeals
     170BVIII(D) Presentation and Reservation in Lower Court of Grounds of Review
      170BVIII(D)2 Objections and Exceptions
       170Bk626 k. Conduct of Trial in General. Most Cited Cases
Insurer's counsel's mention, during insurance fraud action, of alleged accusation that insured had caused her husband's death did not result in manifest injustice, so as to warrant appellate review of issue despite insured's failure to object at trial, where counsel asked insured about accusation not to demonstrate its truth or falsity, but rather to show its effect on insured, court read curative instruction, and insured had opportunity to explain context of accusation regarding her role in her husband's death.

**[3] Costs 102 ⟜2**

102 Costs
   102I Nature, Grounds, and Extent of Right in General
     102k1 Nature and Grounds of Right
      102k2 k. In General. Most Cited Cases

**Costs 102 ⟜194.44**

102 Costs
   102VIII Attorney Fees
     102k194.44 k. Bad Faith or Meritless Litigation. Most Cited Cases
Under Hawaii law, insured's defense in insurance fraud suit was not frivolous, and thus insured was not liable for insurer's attorney's fees and costs, even though jury did find that insured intentionally set fire or caused it to be set and that she misrepresented facts during insurer's investigation of loss, where district court denied insurer's motion for judgment as matter of law and allowed case to go to jury. HRS § 607-14.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 Fed.Appx. 614                                                                Page 2
21 Fed.Appx. 614, 2001 WL 1218746 (C.A.9 (Hawai'i))
**(Cite as: 21 Fed.Appx. 614)**

**\*614** Appeal from the United States District Court for the District of Hawaii Helen Gillmor, District Judge, Presiding. <u>FN\*</u>    **\*615**<u>Susan Oki Mollway</u>, District Judge, Presiding. <u>FN\*\*</u>

>    <u>FN\*</u> Judge Gillmor presided over the jury trial and entered the judgment, from which Harms appeals in No. 00-15217.

>    <u>FN\*\*</u> Following Judge Gillmor's self-recusal, Judge Mollway adjudicated Allstate's motion for an award of costs and fees, from which Harms appeals in No. 00-16823.

Before <u>B. FLETCHER</u>, <u>CANBY</u>, and PAEZ, Circuit Judges.

MEMORANDUM \*\*\*

>    <u>FN\*\*\*</u> This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36-3.

**\*\*1** Plaintiff Allstate Insurance Company denied Defendant Ardythe Harms' claim for benefits under a residential fire policy because the results of its investigation showed that Harms intentionally set the fire that destroyed the dwelling or caused the fire to be set. · Allstate also concluded that Harms made material misrepresentations in connection with Allstate's investigation of the loss. Allstate filed this diversity action on March 25, 1998, seeking a declaration that the fire policy was null and void. Harms filed a counterclaim for breach of contract and "negligence and intentional acts."

The jury returned a special verdict for Allstate, finding that Harms had intentionally caused the fire, that she failed to take reasonable steps to save and preserve the subject home when it was endangered from fire, and that she willfully made material false statements to Allstate or willfully concealed material facts from Allstate in connection with the post-fire investigation. The district court entered judgment on the verdict.

In appeal No. 00-15217, Harms argues that: (1) the district court's order granting Allstate's motion in limine to exclude evidence of subsequent fires at Harms's other rental properties prejudiced her right to a fair trial; and (2) Allstate's mention during the trial

of an accusation that Harms had caused her husband's death deprived her of a fair trial, notwithstanding her stipulation that any prejudice would be mitigated by the district court's instruction to the jury that the accusation was untrue.

The district court referred Allstate's motion for attorneys' fees to the magistrate judge as special master and later adopted most of the special master's report, modifying it in part. The court awarded Allstate $54,262.67 in attorneys' fees and $3,121.42 in costs. Harms's second appeal, No. 00-16823, challenges the adequacy of the district court's findings that Harms's defenses and claims were completely frivolous and totally unsupported by the facts and law in the civil action.

We have jurisdiction over both appeals under <u>28 U.S.C. § 1291</u>. We affirm the judgment in Allstate's first appeal, No. 00-15217. We reverse the judgment for costs and fees at issue in the second, No. 00-16823, and remand the case to the district court for reconsideration of Allstate's motion for costs and fees under <u>Haw.Rev.Stat. § 607-14</u>.

*Standard of Review*

We review for abuse of discretion a district court's decision to exclude evidence pursuant to <u>Federal Rule of Evidence 403</u>. <u>FN1</u>  <u>Norris v. Sysco Corp., 191 F.3d 1043, 1047 (9th Cir.1999)</u>; *see also* <u>Trevino v. Gates, 99 F.3d 911, 922 (9th Cir.1996)</u> ("The district**\*616** court has considerable latitude in performing a <u>Rule 403</u> balancing test and we will uphold its decision absent clear abuse of discretion"). If we determine that the court has abused its discretion, we then ask whether the error was harmless. Only where the jury's verdict was more probably than not tainted by the error must a jury verdict be reversed. <u>Beachy v. Boise Cascade Corp., 191 F.3d 1010, 1015-16 (9th Cir.1999)</u>.

>    <u>FN1.</u> <u>Rule 403</u> provides, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

**\*\*2** When the appealing party fails to timely object to the admissibility of evidence, we review only if

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 Fed.Appx. 614
21 Fed.Appx. 614, 2001 WL 1218746 (C.A.9 (Hawai'i))
(Cite as: 21 Fed.Appx. 614)

Page 3

"necessary to prevent manifest injustice, ... or unless the issue not objected to in the district court is one of law and does not affect or rely upon the factual record ...." *City of Phoenix v. Com/Systems, Inc.,* 706 F.2d 1033, 1038 (9th Cir.1983) (internal citations omitted). Where, as here, the district court instructs or cautions the jury in order to neutralize the possibility of prejudice, we do not assume the jury ignored the instruction. *U.S. v. Berry,* 627 F.2d 193, 200 (9th Cir.1980).

The district court's award of attorneys' fees under state law is reviewed for abuse of discretion. *See Kona Enterprises, Inc. v. Estate of Bishop,* 229 F.3d 877, 883 (9th Cir.2000). We review de novo whether the district court properly interpreted and applied the relevant state statute. *Id.; see also Velarde v. PACE Membership Warehouse, Inc.,* 105 F.3d 1313, 1318-19 (9th Cir.1997).

*Appeal No. 00-15217*

Harms argues that the district court abused its discretion in granting Allstate's motion in limine pursuant to Federal Rule of Evidence 403 to exclude evidence of several subsequent fires at Harms's other properties. Harms acknowledged that she did not know who caused the other fires and identified no evidence to support her general suspicions that the later fires were connected to the one involved in this action.

[1] In these circumstances, the district court was in no position to assess whether the [unidentified] evidence was even probative. The district court could reasonably find that introduction of the unspecified evidence regarding later fires would not be an efficient allocation of trial time. *See Tennison v. Circus Circus Enterprises, Inc.,* 244 F.3d 684, 690 (9th Cir.2001). The district court could also "reasonably conclude that admitting [evidence of subsequent fires], along with [Allstate's] rebuttal evidence, would create a significant danger that the jury would base its assessment of liability on remote events involving other [non-parties], instead of recent events concerning [Harms]." *Id.* We find no abuse of discretion in the district court's in limine ruling excluding the evidence.[FN2]

FN2. In light of the substantial evidence adduced at trial concerning the circumstances of the fire, notably Harms's means, motive, and opportunity to set the blaze, any error would have been harmless in any event.

[2] Harms also argues that Allstate's counsel's mention of an alleged accusation that Harms had caused her husband's death constituted incurable prejudice warranting reversal of the judgment. Although we find the comment troubling and of questionable relevance, Harms did not object to the inquiry. "By failing to object to evidence at trial and request a ruling on such an objection, a party waives the right to raise admissibility issues on appeal." *Marbled Murrelet v. Babbitt,* 83 F.3d 1060, 1066 (9th Cir.1996). Harms has identified no manifest injustice or issue of law that might warrant our review despite her failure to object at trial. *See City of Phoenix v. Com/Systems, Inc.,* 706 F.2d at 1038.

*617 **3 Indeed, Allstate and Harms stipulated that the district court would read an agreed-upon statement to the jury that "[a]ny statement or assertion by any person that Ardythe Harms was in any way responsible for the death of her husband, David Harms, is untrue." As a general rule, "[a] timely instruction from the judge usually cures the prejudicial impact of evidence [of other misconduct] unless it is highly prejudicial or the instruction is clearly inadequate." *U.S. v. Berry,* 627 F.2d at 198 (internal citations omitted). We must assess whether the prejudice that the evidence generated outweighs the forcefulness of the curative instruction. "In fixing the degree of prejudice, the probative force of the inadmissible evidence must be compared with that of the admissible evidence which supports the verdict." *U.S. v. Johnson,* 618 F.2d 60, 62 (9th Cir.1980) (although court could have given a more forceful instruction, improper evidence was not highly prejudicial) (internal citations omitted).[FN3]

FN3. We note, too, that counsel discussed the issue at length with the district court, out of the jury's presence. In response to Allstate's counsel's agreement to stipulate to a curative instruction and the court's suggestion that this approach might have merit, Harms's counsel stated:
Your Honor, I did speak to my client about the Court's proposal, and she found great merit. And as the Court laid that out has given me authority, perhaps if, with the Court's permission, [Allstate's counsel] and myself this weekend can share a fax transmission about some proposed language and then come up with a way-I do like the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

idea, frankly, that it be read by the Court, and perhaps that would be the quickest way in order to resolve that particular issue.

Here, Allstate asked Harms about the accusation not to demonstrate its truth or falsity, but rather to show its effect on Harms. Allstate's counsel did not accuse Harms of killing her husband; he asked Harms to compare the relative emotional impact of the accusations of killing her husband and committing arson.

Second, during later cross-examination, Harms had an opportunity to explain the context of the accusation regarding her role in her husband's death. The jury thus had an opportunity to hear Harms's view of the accuser and the absurdity of the accusation. Thus, we conclude that Harms waived the issue by failing to object at the time, and, with the district court's curative instruction to the jury, no manifest injustice warrants our review.

*Appeal No. 00-16823*

The second appeal concerns the district court's award of attorneys' fees and costs to Allstate under Haw.Rev.Stat. § 607-14.5. That statute authorizes the court to award a "reasonable sum" for attorneys' fees and costs upon the court's specific finding that the losing party's claim or defense was frivolous. The district court made the requisite finding of frivolousness, the adequacy of which Harms now contests.

[3] Although the jury did find that Harms intentionally set the fire or caused it to be set and that she misrepresented the facts during Allstate's investigation of the loss, it is also true that the district court denied Allstate's motion for judgment as a matter of law and allowed the case to go to the jury. We find the district court's denial of Allstate's motion to be inconsistent with a finding of frivolousness under Hawaii law. *See Coll v. McCarthy, 72 Haw. 20, 28, 804 P.2d 881, 887 (1991)* (Under Hawaii law, "frivolous" means "manifestly and palpably without merit;" claim must indicate pleader's bad faith).

*618 Allstate also sought its attorneys' fees and costs under another Hawaii statute, Haw.Rev.Stat. § 607-14, which makes an award to the prevailing party *mandatory* "in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee...." Section 607-14 caps the amount of fees at 25

percent of the judgment sought; the requested fees must also be reasonable. The Hawaii Supreme Court has recognized an insurer's ability to claim legal fees under this statute when the insurer prevails on a claim for insurance benefits. *Finley v. Home Ins., 90 Hawai'i 25, 38, 975 P.2d 1145, 1158 (1998).*

**\*\*4** It appears that the district court did not reach the issue of an award of attorneys' fees and costs to Allstate under Section 607-14, and we therefore remand for reconsideration of Allstate's motion for an award of costs and fees under this statute.

With respect to Appeal No. 00-15217, the district court's judgment is AFFIRMED.

With respect to Appeal No. 00-16823, the district court's judgment for costs and fees is REVERSED and REMANDED for reconsideration under Haw.Rev.Stat. § 607-14.

C.A.9 (Hawai'i),2001.
Allstate Ins. Co. v. Harms
21 Fed.Appx. 614, 2001 WL 1218746 (C.A.9 (Hawai'i))

Briefs and Other Related Documents (Back to top)

• 2001 WL 34097816 (Appellate Brief) Defendant/Counter-Claimant/Appellant's Reply Brief and Certificate of Compliance and Certificate of Service (Apr. 02, 2001) Original Image of this Document (PDF)
• 2001 WL 34097817 (Appellate Brief) Plaintiff/Counter-Defendant/Appellee's Answering Brief and Certificate of Service (Mar. 05, 2001) Original Image of this Document (PDF)
• 2000 WL 33984755 (Appellate Brief) Defendant/Counter-Claimant/Appellant's Reply Brief and Certificate of Compliance and Certificate of Service (Dec. 04, 2000) Original Image of this Document (PDF)
• 2000 WL 33984753 (Appellate Brief) Plaintiff/Counter-Defendant/Appellee's Answering Brief and Certificate of Service (Nov. 16, 2000) Original Image of this Document (PDF)
• 2000 WL 33984754 (Appellate Brief) Defendant-Appellant's Opening Brief and Certificate of Compliance and Certificate of Service (Oct. 12, 2000) Original Image of this Document (PDF)
• 00-16823 (Docket) (Sep. 29, 2000)
• 00-15217 (Docket) (Feb. 07, 2000)
• 2000 WL 33987291 (Appellate Brief) Defendant-Appellant's Opening Brief and Certificate of Compliance and Certificate of Service (Jan. 01, 2000)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21 Fed.Appx. 614
21 Fed.Appx. 614, 2001 WL 1218746 (C.A.9 (Hawai'i))
**(Cite as: 21 Fed.Appx. 614)**

Original Image of this Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.