**Westlaw**

1 Fed.Appx. 669                                                                                                   Page 1
1 Fed.Appx. 669, 2001 WL 30497 (C.A.9 (Cal.))
**(Cite as: 1 Fed.Appx. 669)**

**C**
Briefs and Other Related Documents
This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. (FIND CTA9 Rule 36-3.)
United States Court of Appeals,Ninth Circuit.
Usha VISWANATHAN, Plaintiff-Appellant,
v.
LELAND STANFORD JUNIOR UNIVERSITY, a non-profit corporation; Stanford Law School, a subdivision of Leland Stanford Jr. University; Stanford Law School Career Services Office, a subdivision of Stanford Law School; Cooley Godward, a limited liability partnership; Gloria Pyszka, an individual; Jeffrey S. Zimman, an individual, Defendants-Appellees.
Nos. 98-17315, 99-16028.
D.C. No. CV-97-20874-JF/PVT.

Submitted Dec. 14, 2000. [FN1]

FN1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).
Decided Jan. 9, 2001.

Law school graduate who failed to find private firm employment brought Title VII discrimination claim against school, administrator, and private firm. The United States District Court for the Northern District of California, Jeremy Fogel, J., granted summary judgment for defendants, and appeal was taken. The Court of Appeals held that: (1) administrative charge was not timely filed, and (2) award of attorney fees to defendants was not abuse of discretion.

Affirmed.

West Headnotes

[1] Civil Rights 78 ⟶1505(3)

78 Civil Rights
    78IV Remedies Under Federal Employment Discrimination Statutes
        78k1503 Administrative Agencies and Proceedings
            78k1505 Time for Proceedings; Limitations
                78k1505(3) k. Operation; Accrual and Computation. Most Cited Cases
                    (Formerly 78k342)
Claim for discrimination accrues upon notice of unlawful act, for purpose of determining whether administrative charge with Equal Employment Opportunity Commission (EEOC) is timely filed. Civil Rights Act of 1964, § 706(e), 42 U.S.C.A. § 2000e-5(e).

[2] Civil Rights 78 ⟶1505(7)

78 Civil Rights
    78IV Remedies Under Federal Employment Discrimination Statutes
        78k1503 Administrative Agencies and Proceedings
            78k1505 Time for Proceedings; Limitations
                78k1505(7) k. Continuing Violations; Serial, Ongoing, or Related Acts. Most Cited Cases
                    (Formerly 78k342)
"Continuing violations doctrine" applies, so that suit may be maintained under Title VII even as to acts of discrimination occurring prior to limitations period, if claimant shows continuing policy and practice of discrimination on company-wide basis, operating at least in part within limitations period, or when claimant alleges series of related acts, one or more of which falls within limitations period. Civil Rights Act of 1964, § 706(e)(1), as amended, 42 U.S.C.A. § 2000e-5(e)(1).

[3] Civil Rights 78 ⟶1505(7)

78 Civil Rights
    78IV Remedies Under Federal Employment Discrimination Statutes
        78k1503 Administrative Agencies and Proceedings
            78k1505 Time for Proceedings; Limitations
                78k1505(7) k. Continuing Violations; Serial, Ongoing, or Related Acts. Most Cited Cases
                    (Formerly 78k342)
Continuing violations doctrine did not save law school graduate's otherwise untimely discrimination claim against school under Title VII; there was gap of ten to twelve months during which student had no contact with allegedly discriminating administrator. Civil Rights Act of 1964, § 706(e)(1), as amended, 42 U.S.C.A. § 2000e-5(e)(1).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Appendix B**

1 Fed.Appx. 669                                                                                                    Page 2
1 Fed.Appx. 669, 2001 WL 30497 (C.A.9 (Cal.))
**(Cite as: 1 Fed.Appx. 669)**

[4] **Federal Civil Procedure 170A ⚞2553**

170A Federal Civil Procedure
    170AXVII Judgment
        170AXVII(C) Summary Judgment
            170AXVII(C)3 Proceedings
                170Ak2547 Hearing and Determination
                    170Ak2553 k. Time for Consideration of Motion. Most Cited Cases
Denial of motion for additional discovery before ruling on defendant's summary judgment motion was not abuse of discretion, in law school graduate's Title VII action against law school; there was no nexus between discovery sought and dispositive issue of claim's timeliness, and student had had ample time to conduct discovery. Civil Rights Act of 1964, § 706(e)(1), as amended, 42 U.S.C.A. § 2000e-5(e)(1); Fed.Rules Civ.Proc.Rule 56(f), 28 U.S.C.A.

[5] **Civil Rights 78 ⚞1070**

78 Civil Rights
    78I Rights Protected and Discrimination Prohibited in General
        78k1059 Education
            78k1070 k. Other Particular Cases and Contexts. Most Cited Cases
            (Formerly 78k127.1)

**Civil Rights 78 ⚞1120**

78 Civil Rights
    78II Employment Practices
        78k1120 k. Particular Cases. Most Cited Cases
        (Formerly 78k141)
Law school graduate who failed to find private firm employment was not discriminated against by school, in violation of either Title VII or California law, absent evidence that she was not given access to every opportunity afforded school's other students and graduates. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.; West's Ann.Cal.Civ. Code § 51.

[6] **Civil Rights 78 ⚞1592**

78 Civil Rights
    78IV Remedies Under Federal Employment Discrimination Statutes
        78k1585 Attorney Fees
            78k1592 k. Awards to Defendants; Frivolous, Vexatious, or Meritless Claims. Most Cited Cases
            (Formerly 78k416)

**Civil Rights 78 ⚞1594**

78 Civil Rights
    78IV Remedies Under Federal Employment Discrimination Statutes
        78k1585 Attorney Fees
            78k1594 k. Amount and Computation. Most Cited Cases
            (Formerly 78k418)
Award of $10,000 in attorney fees to prevailing Title VII defendant was not abuse of discretion, where plaintiff not only failed to present any credible evidence of discrimination, but her own personal knowledge indicated lack of foundation for her claims. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.

[7] **Civil Rights 78 ⚞1517**

78 Civil Rights
    78IV Remedies Under Federal Employment Discrimination Statutes
        78k1512 Exhaustion of Administrative Remedies Before Resort to Courts
            78k1517 k. Parties in Administrative Proceedings. Most Cited Cases
            (Formerly 78k364)
Failure to name a party in Equal Employment Opportunity Commission (EEOC) charge precludes possibility of suing under Title VII unless unnamed party was (1) involved in acts which were subject of EEOC charge, or (2) should have anticipated that it would be named in Title VII suit. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.

*670 Appeal from the United States District Court for the Northern District of California, Jeremy Fogel, District Judge, Presiding.

Before KLEINFELD, HAWKINS and RICHARD C. TALLMAN, Circuit Judges.

MEMORANDUM 2

    FN2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36-3.

**1 Attorney Usha Viswanathan appeals pro se 1) the district court's summary judgment against her on

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

claims she brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, and the Unruh Act, California Civil Code § 51; 2) the district court's denial of Ms. Viswanathan's Rule 56(f) motion for additional discovery; and 3) the district court's order granting in part Stanford's motion for an award of attorneys' fees. Viswanathan is a graduate of Stanford Law School ("Stanford") who sued Stanford, Stanford's Career Services Office and its director Gloria Pyszka (collectively, "Stanford Defendants"), Cooley Godward LLP ("Cooley") and Cooley attorney Jeffrey Zimman after she failed to obtain employment with a private law firm. As the parties are familiar with the facts of this case, we do not recite them here.

## DISCUSSION

### A. Statute of Limitation.

[1] Viswanathan was required to file her administrative charge with the EEOC within 300 days from the date of the alleged*671 discriminatory act. 42 U.S.C. § 2000e-5(e) (2000). A claim for discrimination accrues upon notice of the unlawful act. Aronsen v. Crown Zellerbach, 662 F.2d 584, 593 (9th Cir.1981). Viswanathan testified that she "put all the pieces together" as to the "discriminatory behavior" when she graduated from Stanford in June 1994.

Reasoning that commencement occurred, at the latest, by June 30, 1994, the district court held that Viswanathan's action is time-barred because her administrative complaint was filed some 495 days after she recognized the alleged discriminatory conduct. To avoid this result, Viswanathan contends that "when" she graduated refers to her post-graduation interactions with Pyszka, which took place from February to November 1995.

Viswanathan's post-hoc interpretation of her own testimony is insufficient to present a triable issue regarding the timeliness of her claim. In fact, it is directly contrary to her argument that Stanford had "constructive notice" of its discrimination against her while she was student. Viswanathan fails to explain why *she* did not have notice of discrimination which allegedly occurred during law school until eight months after graduation.

[2] [3] The continuing violations doctrine does not save Viswanathan's claim. It applies when a plaintiff shows either 1) an organization-wide policy and practice of discrimination, or 2) a series of related discriminatory acts directed toward an individual. *Fielder v. UAL Corp.*, 218 F.3d 973, 983 (9th Cir.2000). Either way, plaintiff must establish that the discriminatory practice or acts occurred, at least in part, during the limitation period.

Viswanathan fails to provide evidence of any discriminatory act during the limitation period or of a "continuing" relationship between alleged acts. Between early 1994 and early 1995 there was a gap of ten to twelve months during which Viswanathan had no communication with Pyszka. There was no opportunity for discrimination during this time.

**\*\*2** Nor is there any evidence of discrimination after Viswanathan graduated from law school. Viswanathan's claims that 1) she was not allowed to interview on campus while other graduates were, and 2) that Pyszka relayed negative information about her to Zimman are completely unsupported by the record. There is no triable issue as to a continuing violation claim.

Accordingly, Viswanathan failed to bring her claim within the period of limitation established by law.

### B. Denial of Viswanathan's Rule 56(f) motion.

[4] Viswanathan also failed to carry her burden of establishing a nexus between the discovery sought and the dispositive issue of the timeliness of her claims. Viswanathan admitted she had already deposed the "principal witnesses" in the case and failed to explain her cancellation, delay, or continuation of several depositions. Defendants provided Viswanathan ten weeks' notice of their intent to file for summary judgment and the motions were filed ten months after the complaint. Viswanathan had ample time to conduct discovery and failed to show how more time would help her overcome the statute of limitation bar.

### C. Discrimination under Title VII and the Unruh Act.

[5] Even if Viswanathan's claim had been timely filed, she failed to establish a prima facie case of discrimination. There is no evidence that the Defendants denied Viswanathan referrals for interviews for law firm positions either before or

after graduation, nor that she was "tracked" into lesser-paying government positions. It is undisputed that Viswanathan had *672 eighty-five on-campus interviews with private law firms which were randomly assigned to her without reference to any immutable characteristic or her grades. Viswanathan has failed to provide any evidence that she did not have access to every opportunity afforded other Stanford students and graduates. [FN3]

> FN3. The Unruh Act, Cal. Civ.Code § 51, requires an intentional denial of equal accommodations, advantages, facilities or services and applies only to "business establishments." Not only has Viswanathan failed to make the requisite showing, but it is self-evident that this claim cannot apply to Ms. Pyszka since she is not a "business establishment."

D. Attorneys' fees.

[6] Attorneys' fees are available under Title VII if the suit was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). The district court did not abuse its discretion in awarding the Stanford Defendants $10,000 in attorneys' fees.

Viswanathan not only failed to present any credible evidence of discrimination by the Stanford Defendants, but her own personal knowledge indicated a lack of foundation for her claims. Viswanathan admitted that she was never denied employment referrals by Stanford and conceded that the only employment offers she received in law school were due to Pyszka's efforts on her behalf. The record supports a finding that her claims lacked any factual or legal support. [FN4]

> FN4. While Viswanathan is pro se in this action, it should be noted that she is a Stanford Law graduate and a member of the California Bar. The reasonableness of her decision to file this lawsuit should be evaluated in light of her professional qualifications.

The amount of attorneys' fees awarded by the district court was reasonable. Taking into account Viswanathan's limited resources and the fees incurred by the Stanford Defendants ($121,732.52 through summary judgment), an award of $10,000 was not an abuse of discretion.

E. Failure to name parties in administrative charges.

**3 [7] The failure to name a party in an EEOC charge precludes the possibility of suing under Title VII unless the unnamed party was 1) involved in acts which were the subject of the EEOC charge, or 2) "should have anticipated" that it would be named in a Title VII suit. *Ortez v. Washington County*, 88 F.3d 804, 808 (9th Cir.1996). Neither exception absolves Viswanathan's failure to name the Cooley firm and Mr. Zimman in her EEOC claim. [FN5]

> FN5. The district court correctly observed that Title VII actions which have been held proper against "unnamed" parties have involved agents or employees of the party named in the administrative complaint. Here, Cooley and Zimman are independent parties and it would be anomalous to hold that they were "on notice" by virtue of Viswanathan's administrative charges against the Stanford Defendants.

Viswanathan amended her administrative charges on three occasions over a seven month period, however all of her allegations involved actions by Pyszka. In light of Viswanathan's baseless theory on Zimman (and Cooley's) liability, [FN6] the district court was correct in finding that the latter parties could not have anticipated being named in this lawsuit. The record reveals that Zimman interviewed Viswanathan at the behest of Pyszka and made the *673 decision not to offer her a call-back based on Viswanathan's poor interview skills, poor grades, and her failure to take and pass the bar examination. These facts do not constitute participation in a discriminatory act, nor should they have put Zimman and Cooley on notice of a possible lawsuit.

> FN6. Viswanathan claims that 1) Pyszka conveyed negative information about her to Zimman prior to her interview with him, 2) Zimman acted on this negative information by denying her a callback, and 3) Zimman should have known his "participation in the act" would make him amenable to Title VII

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

suit. Notably, Viswanathan does not claim that Zimman conveyed negative information about her to other firms or otherwise engaged in any discriminatory conduct proscribed by law. While Zimman was contacted by the DFEH investigator as a *witness* regarding Viswanathan's charges against Pyszka, it is hard to imagine that he would anticipate being named in a suit based on these unsupported assertions.

The judgment and award of attorneys' fees is affirmed in all respects. Pursuant to their request and this Court's holding, Stanford Defendants are hereby granted costs and reasonable attorneys' fees incurred in connection with this appeal.

AFFIRMED.

C.A.9 (Cal.),2001.
Viswanathan v. Leland Stanford Junior University
1 Fed.Appx. 669, 2001 WL 30497 (C.A.9 (Cal.))

Briefs and Other Related Documents (Back to top)

• 1999 WL 33654623 (Appellate Brief) Brief for Appellees Leland Stanford Junior University and Gloria Pyszka (Oct. 26, 1999) Original Image of this Document (PDF)
• 99-16028 (Docket) (May. 25, 1999)
• 98-17315 (Docket) (Dec. 11, 1998)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.