**MARR HIPP JONES & WANG**
A LIMITED LIABILITY LAW PARTNERSHIP

LYNNE T. T. TOYOFUKU      4958-0
Email:  ltoyofuku@marrhipp.com
JENNIFER K. MURATA          8370-0
Email:  jmurata@marrhipp.com
1001 Bishop Street
1550 Pauahi Tower
Honolulu, Hawaii 96813
Tel. No. (808) 536-4900
Fax No. (808) 536-6700

H. CLYDE LONG, ESQ.
Email: longlawoffices@yahoo.com
Long Law Offices
950 Risa Road, 2nd Floor
Lafayette, California  94549
Tel. No. (925) 284-5575
Fax No. (925) 284-5659

Attorneys for Defendants
SMF SYSTEMS CORPORATION, TOM
CAFFREY AND RUBY CAFFREY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN A. MOFFETT, | ) | CV NO. 03-00130 MLR-BMK |
| | ) | |
| Plaintiff, | ) | DEFENDANTS SMF SYSTEMS |
| | ) | CORPORATION, TOM CAFFREY, |
| vs. | ) | AND RUBY CAFFREY'S REPLY |
| | ) | MEMORANDUM TO PLAINTIFF |
| SMF SYSTEMS CORPORATION, A | ) | JOHN A. MOFFETT'S OBJECTIONS |
| MARYLAND CORPORATION; TOM | ) | TO DEFENDANTS' BILL OF |
| CAFFREY; RUBY CAFFREY; DOE | ) | COSTS (FILED ON 1/12/06); |
| CORPORATIONS 1-20; DOE | ) | *AMENDED* EXHIBIT "A"; |
| CORPORATIONS 1-20; DOE | ) | AFFIDAVIT OF WENDY Y. |

| | | |
|---|---|---|
| ENTITIES 1-20; JOHN DOES 1-20; | ) | VONDERBURGH; DECLARATION |
| JANE DOES 1-20; GOVERNMENTAL | ) | OF LYNNE T. T. TOYOFUKU; |
| AGENCIES 1-20, | ) | EXHIBITS "M" – "T"; |
| | ) | DECLARATION OF JENNIFER K. |
| Defendants. | ) | MURATA; CERTIFICATE OF |
| | ) | SERVICE |
| | ) | |
| | ) | |
| _____ | ) | TRIAL:  September 19, 2005 |

## DEFENDANTS SMF SYSTEMS CORPORATION, TOM CAFFREY, AND RUBY CAFFREY'S REPLY MEMORANDUM TO PLAINTIFF JOHN A. MOFFETT'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS (FILED ON 12/29/05)

Defendants SMF SYSTEMS CORPORATION, TOM CAFFREY, AND RUBY CAFFREY ("Defendants"), by and through its attorneys, Marr Hipp Jones & Wang, pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and L.R. 54.2of the Local Rules of Practice for the United States District Court for the District of Hawaii, submits their reply to Plaintiff JOHN A. MOFFET'S ("Plaintiff") objections to Defendants' Bill of Costs filed on December 29, 2005 ("Bill of Costs").

### A.    Defendants Are Entitled To Recover Pro Hac Vice Fees For H.  Clyde Long Pursuant to 28 U.S.C. § 1920 (1)

Plaintiff contends that 28 U.S.C. § 1920 (1) does not allow for recovery of pro hac vice fees  incurred by Defendants for counsel H. Clyde Long and cites several district court cases where pro hac vice fees were disallowed. Plaintiff however omits cases from other jurisdictions that hold to the contrary;

namely that pro hac vice fees fall under "fees of the clerk" which are permitted to be taxed under 28 U.S.C. § 1920(1). *Burton v. R.J. Reynolds Tobacco Co*, 395 F.Supp.2d 1065, 1077 (D. Kansas 2005); *David v. Puritan-Bennett Corp.,* 923 F.Supp. 179, 181 (D.Kan.1996) (clerk's fees for defendant's pro hac vice motions recoverable); *Glastetter v. Sandoz Pharamaceuticals Corp.,* 2000 WL 3417154(E.D. Missouri 2000) (pro hac vice fees are fees of the clerk that are recoverable under 28 U.S.C. § 1920(1)); *Southside River Rail Terminal, Inc. v. CSX Transportation, Inc.,* 2005 WL 1630848 (S.D.Ohio 2005) (pro hac vice fees are expressly allowed under 28 U.S.C. § 1920(1)).

Defendants respectfully request the Court to follow the precedent set forth above and hold that pro hac vice fee for H. Clyde Long of $100.00 are recoverable under 28 U.S.C. § 1920(1)) and should be taxed against Plaintiff.

## B.    Defendants Are Entitled To Their Amended Costs For Service of Subpoenas

Plaintiff concedes that under 28 U.S.C. § 1920(1), service of subpoenas are taxable but objects to Defendants' entire request on the basis that (1) the documentation is insufficient to substantiate the service charges, (2) certain charges are not taxable, and (3) the fees are excessive.

First, although Plaintiff has not provided any legal authority for his proposition that the Defendants' itemized list contained in Exhibit C to its Bill of Costs is insufficient, Defendants are providing an invoice for each witness upon

which service was attempted and/or completed.[1]  Exhibit M to Declaration of

Lynne T. Toyofuku.

      Second, Defendants have subtracted delivery charges and subpoena

preparation charges, if applied to a particular subpoena.

      Third, Plaintiff's contention that the fees requested are excessive is

not supported by 28 U.S.C. § 1920(1) or Judge Mollway's decision in *Yasui v.*

*Maui Electric Co., Ltd*, 78 F.Supp.2d 1124 (D.Haw. 1999).  Contrary to Plaintiff'

assertion, Judge Mollway did not "impose a $75.00 limit on taxation of costs for

service of subpoenas."  Rather, based upon the request by the defendant-employer,

---

[1] These include Monica Nelson, Thomas Fiester, Dr. Haleh Nekoorad-Long, and Dr. Laurence Granston.  With respect to Monica Nelson, contrary to Plaintiff's unsupported assertion that costs of service on her are unwarranted because she was not ultimately served, Defendants believe that 28 U.S.C. § 1920(1) does not  require service of a subpoena to be completed for the cost to be taxed.  Rather, service of subpoenas can be taxed if the subpoenas were reasonable and necessary when service was attempted in light of the facts know at the time.  *Movitz v. First Nat'l Bank of* Chicago, 982 F.Supp. 571, 574 (N.D.Ill. 1997); *Kibbee v. City of Portland*, 2000 WL 1643535 (D.Or. 2000).  There is no question that subpoenaing Monica Nelson for deposition was necessary since she was the alleged victim of sexual harassment on whose behalf Plaintiff allegedly complained to SMF, which was the basis for several of his retaliation claims, including Title VII, Section 378-2, etc. Indeed, Plaintiff named Nelson in his Initial Disclosures as an individual who "[w]ill testimony as to issue of liability including, but limited to: sexual harassment against her by David Millard and Wes Green; her giving Moffett permission to complain about the sexual harassment to SMF Systems; her being interviewed by U.S. Army investigators after Moffett complained to the DOD Hotline; and her termination from employment following this interview, " and provided an address for her at which counsel for Defendants attempted to subpoena her for an oral deposition.  Exhibit N to Declaration of Lynne T. Toyofuku.  Plaintiff continued to name Nelson as a witness who would be testifying at trial.  *See* Plaintiff's Final Pretrial Statement filed on April 26, 2005 and Plaintiff's Amended Final Pretrial Statement filed on August 1, 2005.  Exhibit O to Declaration of Lynne T. Toyofuku.

who was the prevailing party, she awarded a total of $375.00 (for service of five

subpoenas at $75.00).  *Id*. at 1130. Other courts have taxed costs for service of

subpoenas which amount to more than $75.00 per subpoena.  *See Pan American*

*Grain Manufacturing Co.*, 193 F.R.D. 26, 33 (D.Puerto Rico 2000) (awarding

$360.00 for service of subpoenas on four witnesses).

Accordingly, the revised amount requested for service of subpoenas is

$614.00 as set forth below and in Amended Exhibit A:

| | | |
|---|---|---|
| 5/5/04: | Service and mileage fee for Subpoena served on Custodian of Records, Northrop Grumman Information Technology TASC | ~~$150.00~~ 125.00 |
| | Service Fee:                 $125.00 | |
| | ~~UPS/Fed Ex:            $ 25.00~~ | |
| | ~~$150.00~~ | |
| 3/23/05: | Service and mileage fee for Subpoena served on Custodian of Records, Dr. Kenneth Luke | $17.00 |
| 4/8/05: | Service and mileage fee for Subpoena served on Custodian of Records, Dr. Laurence Granston | ~~$170.00~~ 125.00 |
| | Service Fee:                 $125.00 | |
| | ~~Special Handling (rush etc):  $ 45.00~~ | |
| | ~~$170.00~~ | |
| 4/8/05: | Service and mileage fee for Subpoena served on Custodian of Records, Thomas L. Fiester, Ph.D. | ~~$265.00~~ 125.00 |
| | Service Fee:                 $125.00 | |
| | ~~Attempts/Locate:            95.00~~ | |
| | ~~Subpoena Prep:           $ 45.00~~ | |
| | ~~$265.00~~ | |

4/8/05: Service and mileage fee for Subpoena served on ~~$195.00~~
        Custodian of Records, Dr. Haleh Nekoorad-Long    125.00
        Service Fee:                          $125.00
        ~~Special Handling (rush etc.):      45.00~~
        ~~UPS/Fed Ex/DHL:                   $ 25.00~~
                                             ~~$195.00~~

4/11/05:    Service and mileage fee for Subpoena of Monica ~~$132.50~~
            Nelson                                           97.50
            Attempts/Locate:              $ 97.50
            ~~Special Handling (rush etc.): $ 35.00~~
                                          ~~$132.50~~

                                    **Total**:    ~~**$929.50**~~
                                                  **$614.50**

## C.    Defendants Are Entitled To Their Amended Costs For Court Reporter Fees

Plaintiff concedes that under 28 U.S.C. § 1920(2), court reporter fees of a deposition and trial proceedings are recoverable as costs if they were reasonably necessary for use in the case. *Evananow v. M/V Neptune*, 163 F.3d. 1108, 1118 (9th Citr. 1998); Marino *v. Town of Kirkland*, 146 F.R.D. 49, 51 (N.D.N.Y.1993).  He therefore agrees that court reporter costs for the oral depositions of Plaintiff, Robert Nehmad, and Mark Johnson and the records deposition of Kenneth Luke, M.D. are taxable as are the court reporter fee for the trial transcripts.  He however complains that the Defendants are not entitled to fee for the remaining court reporter fees because (1) there is insufficient documentation, (2) there are non-taxable charges for expedited transcription,

condensed transcripts, and postage/delivery included, and (3) the deposition of Peter Pay should not be taxed because is was not necessary.

Although Plaintiff has not provided any legal authority for his proposition that the Defendants' documentation contained in Exhibit D to its Bill of Costs is insufficient, Defendants are providing an invoice for each transcript that Plaintiff contends in insufficient.  Exhibit P to Declaration of Lynne T. Toyofuku.

Second, Defendants have subtracted charges for expedited transcripts, condensed copies, and shipping and handling.  With respect to the trial transcripts, Defendants have subtracted charges for real time.

Lastly, contrary to Plaintiff's unsupportable position, obtaining Peter Pay's deposition transcript was reasonably for use in the case.  Although Defendants believe that Peter Pay's deposition was not necessary since he had no information regarding Plaintiff's claims and thus, did not attend his deposition, it was necessary for Defendants to obtain a copy of his deposition since Plaintiff continued to list Peter Pay as a witness and in fact, wanted to introduce his deposition testimony at trial.  *See* Plaintiff's Final Pretrial Statement, Plaintiff's Amended Final Pretrial Statement, Plaintiff's Second Amended Pretrial Statement, Final Naming of Witnesses.  Defendants had to review his deposition to prepare a motion in limine to preclude his testimony, and to review the Plaintiff's deposition designations of Peter Pay.   *See* Motion in Limine 10 to Exclude Testimony of

7

Peter Pay and Plaintiff's Deposition Designations for Peter Pay attached as Exhibit

Q to Declaration of Lynne T. Toyofuku.

Accordingly, the revised amount requested for court reporter fees is

$5,736.34 as set forth below and in Amended Exhibit A:

| | | | |
|---|---|---|---|
| 5/14/04: | Written Deposition of Custodian of Records, Northrop Grumman Information Technology TASC | | $161.95 <br> 131.45 |
| | Minimum 0+1 Transcript | 125.00 | |
| | Exhibit Copies (pages) | 5.25 | |
| | Bate Stamp | 1.20 | |
| | Delivery and Handling | 30.50 | |
| | | 161.95 | |
| 9/27/04: | Oral Deposition of John A. Moffett (Volume 1) | | $1,112.58 |
| 3/25/05: | Oral Deposition of I. Robert Nehmad | | $326.77 |
| 3/31/05: | Oral Deposition of Thomas Caffrey | | $658.18 <br> 459.80 |
| | Copy pages - business rate: | 377.20 | |
| | Expedite: 7 working days - 40% | 150.88 | |
| | Exhibit copies (pages) | 82.60 | |
| | Condensed Transcript | 12.50 | |
| | Delivery and Handling | 35.00 | |
| | | 658.18 | |
| 4/1/05: | Oral Deposition of Ruby Caffrey | | $632.00 <br> 385.00 |
| | Copy of transcript | 305.90 | |
| | Exhibit copies (pages) | 79.10 | |
| | Realtime or rough disk, per pg. | 199.50 | |
| | Condensed copy | 12.50 | |
| | Delivery and Handling | 35.00 | |
| | | 632.00 | |
| 4/6/05: | Written Deposition of Custodian of Records, Thomas L. Fiester, Ph.D. | | $290.41 <br> 150.58 |
| | Affidavit of Custodian of Records | 150.00 | |
| | Expedite 5 working days - 60% | 7.08 | |
| | Exhibit Copies (pages) | .50 | |
| | UPS Overnight | 88.00 | |
| | Bate Stamp | .08 | |
| | Delivery and Handling | 44.75 | |
| | | 290.41 | |

| 4/6/05: | Written Deposition of Custodian of Records, Dr. Laurence Granston | | ~~$314.81~~ 150.37 |
| | Minimum 0+1 Transcript | 125.00 | |
| | ~~Expedite: 5 working days - 60%~~ | ~~28.44~~ | |
| | Exhibit Copies (pages) | 20.65 | |
| | Bate Stamp | 4.72 | |
| | ~~UPS Overnight~~ | ~~88.00~~ | |
| | ~~Delivery and Handling~~ | ~~48.00~~ | |
| | | 314.81 | |

| 4/6/05: | Written Deposition of Custodian of Records, Dr. Haleh Nekoorad-Long | | ~~$198.23~~ 153.48 |
| | Affidavit of Custodian of Records | 150.00 | |
| | Exhibit Copies (pages) | 3.00 | |
| | Bate Stamp | .48 | |
| | ~~Delivery and Handling~~ | ~~44.75~~ | |
| | | 198.23 | |

| 4/9/05: | Oral Deposition of Lt. Mark Johnson | | ~~$236.50~~ 176.50 |
| | Copy of Transcript 54 pgs @ 3.25 each | 175.50 | |
| | 2 Exhibit copies | 1 .00 | |
| | ~~Condensed Copy~~ | ~~25.00~~ | |
| | ~~Shipping and Handling~~ | ~~35.00~~ | |
| | | 236.50 | |

| 4/11/05: | Written Deposition of Custodian of Records, Dr. Kenneth Luke | | $121.82 |

| 4/13/05: | Oral Deposition of Peter Pay | | ~~$282.50~~ 172.50 |
| | Copy Pages - personal injury rate | 172.50 | |
| | ~~Condensed transcript after shipment~~ | ~~25.00~~ | |
| | ~~E-Transcript after job ships~~ | ~~25.00~~ | |
| | ~~ASCII after job ships~~ | ~~25.00~~ | |
| | ~~Delivery and Handling~~ | ~~35.00~~ | |
| | | 282.50 | |

| 4/14/05: | Oral Deposition of Richard Kelley | | ~~$261.95~~ 215.05 |
| | Copy pages - medical/expert | 164.65 | |
| | Exhibit copies (pages) | 50.40 | |
| | ~~Condensed Transcript~~ | ~~12.50~~ | |
| | ~~Delivery and Handling~~ | ~~35.40~~ | |
| | | 261.95 | |

| 4/15/05: | Oral Deposition of John A. Moffett (Volume 2) | | $789.76 |

| | | |
|---|---|---|
| 5/3/05: | Transcription fee, U.S. District Court, Final Pre-trial Conference before Judge Barry Kurren | $26.00 |
| 9/1905 - 9/22/05: | Trial Transcripts, U.S. District Court, Cynthia Fazio, Court Reporter | ~~$ 2,430.30~~ 1,364.68 |
| | Ordinary Charge              1,364.68 Realtime                     ~~1,023.00~~ ~~2,430.30~~ | |

|  | | |
|---|---|---|
| | Total: | ~~$7,843.76~~ **5,736.34** |

### D.     Defendants Are Entitled To All Costs Requested For In-House And Outside Printing Costs

Plaintiff appears to concede that Defendants are entitled to costs for copying under 28 U.S.C. § 1920(4) but objects to the entire amount requested on the basis that Defendants did not provide adequate detail for the court to determine whether the copies were reasonably necessary for use in the case.   Plaintiff's objection is without merit as all copies requested for copying were obtained for use in the case and not for mere convenience of Defendants and/or their counsel.  See Affidavit of Lynne T. Toyofuku, ¶ ¶ 4 and 9.  *See* United Teacher Associate Insurance Co., 414 F.3d 558, 574 (5th Cir. 2005) (precise itemization of photocopying costs not required where counsel for prevailing party made appropriate declaration under penalty of perjury that the costs were correct and necessarily incurred).

Paragraph 9 of the supporting Affidavit of Lynne T. Toyofuku specifically states that the requested amount of $956.55 is for a total of 6,377

pages [2] at the rate of $.15 per page.  Moreover, as Exhibit E attached to the Bill of Costs clearly reveals, the total number of copies charged to Defendants for use in the case was 15,329 at $.20 per page for a total of $3,065.80.  As such, Defendants are requesting recovery of less than 50% of the total number of copies set forth in Exhibit E.   This is due to Defendants eliminating from the total copies that were made for the use and/or convenience of Defendants and their counsel.  Affidavit of Lynne T. Toyofuku, ¶ 9.

As the Affidavit of Wendy Y. Vonderburgh sets forth, most of the copies that Plaintiff complains of were not included in the 6,377 copies for which Defendants request reimbursement.  See Affidavit of Wendy Vonderburgh attached hereto.

Further, as set forth in the Affidavit of Wendy Y. Vonderburgh, the number of pages received from the EEOC that purportedly comprise his EEOC file is 356.  Given that the total charge was $22.20, the per page charge was less that $.07, less than one half the $.15 charge allowable under Local Rule 54.2(f)(4) of the Local Rules of Practice of the United States District Court for the District of Hawaii.

---

[2]     Exhibit E attached to Defendants' Bill of Costs sets forth all the charges for copying billed to Defendants not only for copies requested by Defendants.

### E.     Defendants Are Entitled To Their Amended Costs

### 1.     Defendants Are Entitled To Recovery Of Costs For Their Attendance At Trial Under 28 U.S.C. § 1821

Plaintiff concedes that costs incurred for witnesses' attendance in court are taxable under 28 U.S.C. § 1821 and Local Rule 54.2(f)(3), but objects to the *entire* amount requested for Defendants Tom and Ruby Caffrey's attendance at trial. Plaintiff's objections are based on: (1) alleged insufficiency of documentation of costs for hotel and subsistence expenses, and (2) the fact that Defendants have not demonstrated that their airfare was the "most economical rate reasonably available." Plaintiff's Objections at 20-21.

Plaintiff has not provided any legal authority for his proposition that Defendants are not entitled to recover hotel and subsistence expenses where there is an alleged "insufficiency" of the documentation provided. In fact, 29 U.S.C. § 1821 expressly provides that a "subsistence allowance *shall* be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed form the residence of such witness as to prohibit return thereto from day to day." 29 U.S.C. § 1821(d)(1) (emphasis added). This section further provides that the subsistence allowance "*shall* be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services . . ." 29 U.S.C. § 1821(d)(2) (emphasis added).

The per diem allowance amounts established by the General Services Administration ("GSA") for the Island of Oahu are $129 per day for lodging and $77 per day for meals.  *See* Exhibit R (Table of Maximum Per Diem Rates for Hawaii).   Accordingly, as set forth at Amended Exhibit A, Defendants request a subsistence allowance for Tom and Ruby Caffreys' attendance at trial in the revised amount of $2,010.00.  This amount reflects the $206 total daily per diem established by the GSA ($129 for lodging and $77 for meals) over a period of seven days (September 17 through 23, 2005)[3] for both individuals.  *Contrast United Teacher Assoc. Ins. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 575 (5th Cir. 2005) (award of witness fees vacated and remanded for recalculation because it exceeded the per diem amount permitted under 28 U.S.C. § 1821).

With regard to the Caffreys' airfare, Plaintiff objects on the basis that it was not "the most economical rate reasonably available," because the trip from San Francisco to Honolulu on September 17, 2005 was booked in first class, and the flights were booked as one-way, rather than round-trip, tickets.   Accordingly, as set forth in Amended Exhibit A, the revised amount requested by Defendants for the Caffreys' airfare for the purpose of attending trial is $1,166.02, which

---

[3]     Plaintiff has not objected to the dates (September 17 through 23, 2005) for which hotel and other subsistence amounts were requested for Defendants Tom and Ruby Caffreys' attendance at trial, and the attendance costs for these days are therefore recoverable.  In any case, these dates constitute the period for which the Caffreys' presence was "reasonably necessary" for attendance at trial.  *See* LR 54.2(f)(3).

represents the economy fare for the return trip from Honolulu to California for both Tom and Ruby Caffrey.

> **2.    Defendants Are Entitled To Recovery Of Costs For Richard Kelley's Attendance At Trial Under 28 U.S.C. § 1821**

Plaintiff concedes that costs incurred for witnesses' attendance in court are taxable under 28 U.S.C. § 1821 and Local Rule 54.2(f)(3). He objects to the costs requested by Defendants for Richard Kelley's attendance at trial, however, because Mr. Kelley "was not a witness at trial," and "the expenses claimed for his trip to Honolulu do not fall within 28 U.S.C. § 1821." Plaintiff's Objections at 22.

Plaintiff has not provided any legal authority to support this contention, and appears to overlook the case law recognizing that the purpose of witness fees under 28 U.S.C. § 1821, including costs for mileage and subsistence, is to "compensate witnesses for their availability and readiness to testify rather than actual testimony." *Movitz v. First Nat'l Bank of Chicago*, 982 F. Supp. 571, 576 (N.D. Ill. 1997) (quoting *Haroco, Inc. v. Am. Nat'l Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1442 (7th Cir. 1994)) (internal quotations and brackets omitted); *Kibbee v. City of Portland*, 2000 WL 1643535, *3 (D. Or. 2000) (citing *Haroco*, 38 F.3d at 1442; *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales*, 729 F.2d 1530, 1552-53 (5th Cir. 1984)). Thus, a prevailing party may recover fees for *non*-testifying witnesses if the witness' attendance at trial was "reasonably

necessary," and the party had a "good faith expectation" that the witness would be called to testify. *Kibbee*, 2000 WL 1643535, *4; *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1299 (M.D. Fla. 2000); *see also United Teacher Assoc.*, 414 F.3d at 574; *Quy v. Air America, Inc.*, 667 F.2d 1059, 1064-65 (D.C. Cir. 1981).

    In the present case, Plaintiff had designated Mr. Kelley as a witness on his Final Witness List (dated August 29, 2005) and Amended Final Witness List (dated September 6, 2005). *See* Exhibit S (Plaintiff's Final Witness List and Amended Final Witness List). Mr. Kelley was also designated as a witness on the Defendants' Final Witness List, and would have been called by Defendants to testify had the Court not granted Defendants Judgment as a Matter of Law at the close of Plaintiff's case-in-chief. *See* Exhibit T (Defendants' Final Witness List as of August 29, 2005); Declaration of Lynne T. Toyofuku ¶ 9. Because both parties had designated Mr. Kelley as a witness, it was reasonably necessary for him to be available and ready to testify on the trial dates of September 19 through 21, 2005, regardless of the fact that he was not ultimately called to testify. *See United Teacher Assoc.*, 414 F.3d at 574 (plaintiff's argument that defendant not entitled to costs associated with witness' attendance at trial because he did not testify "fails because both parties had designated [him] as a witness . . ."). In addition, Mr. Kelley's costs for September 17 and 18 were also reasonably necessary for his

attendance at trial—these days were used to prepare Mr. Kelley as a witness for both the Plaintiff and Defendants' cases-in-chief, since he was named as a witness by both parties. *Cf. Cadena v. The Pacesetter Corp.*, 1999 WL 450897, *8 (D. Kan. 1999) (allowing recovery of witness fees and expenses for the day of and the day before trial). Thus, under 28 U.S.C. § 1821 and the relevant case law, Defendants are entitled to recover witness fees and expenses for Mr. Richard Kelley.

Plaintiff further objects to the entire amount requested for Mr. Kelley's attendance at trial because: (1) the invoice for rental car costs is illegible; (2) the invoices provided for Mr. Kelley's airfare are incomplete and do not provide enough information to determine which charges are allocable to each flight; (3) Defendants have not demonstrated that the airfare was the "most economical rate reasonably available; (4) some of the charges included on Mr. Kelley's hotel invoice are non-taxable; and (5) the length of Mr. Kelley's stay in Honolulu was excessive.

First, Defendants did not include the amounts for the rental car, parking, or gas, nor any of the "non-taxable" items identified by Plaintiff at pages 23-24 of his Objections, in the amounts stated in Defendants' Bill of Costs.[4]

---

[4]    The documentation for these items were inadvertently included with the Exhibits attached to the Memorandum in Support of Bill of Costs, but recovery of these amounts

Second, the period of Mr. Kelley's stay in Hawaii for which costs were requested was six (6) days (September 16 through 21, 2005), not eight (8) days as Plaintiff claims. The precise dates are indicated on the Orbitz Hotel Reservation summary attached at Exhibit G.[5] Further, as discussed above, Mr. Kelley's presence in Hawaii was reasonably necessary for the period of September 17 through 21, 2005 (i.e., 5 days). As set forth at section E.1, *supra*, 29 U.S.C. § 1821(d) expressly allows for recovery of a subsistence allowance for witnesses up to the per diem amount prescribed by the GSA. *See* 29 U.S.C. § 1821(d). Accordingly, Defendants request a subsistence allowance of $129 per day for lodging for a total of $774.00 and $86.21[6] for meals for Mr. Kelley's attendance at trial for a period of 5 days, for a revised total of $861.21. *See* Amended Exhibit A; *see also* Exhibit R (Table of Maximum Per Diem Rates for Hawaii).

---

were not actually requested by Defendants. The $1,796.01 requested in the Bill of Costs was comprised of Mr. Kelley's lodging and meals as follows:

| | |
|---|---|
| Mr. Kelley's hotel costs | $1,708.80 |
| 9/17/05 Room service breakfast | $   27.77 |
| 9/18/05 Canoe's breakfast | $   22.27 |
| 9/19/05 Canoe's lunch | $   22.27 |
| 9/19/05 Room service dinner | $   14.90 |
| | $1,796.01 |

*See* Exhibits A and G.

[5]    The $1,708.80 per this summary, covering the six-day period of September 16 through 21, 2005, was the amount of lodging expenses requested by Defendants in the Bill of Costs. *See* note 4, *supra*, for further detail.

[6]    Defendants are requesting a total of $86.21 for meals for 9/17, 9/18 and 9/19 as documented in Exhibit G.

Third, with regard to Mr. Kelley's airfare, Plaintiff objects on the basis that the invoices are incomplete and do not provide enough information to allocate charges to each flight, and that Defendants have not shown that the airfare was "the most economical rate reasonably available." However, this was the amount actually incurred for Mr. Kelley to fly from Orlando, Florida to Honolulu, Hawaii to attend trial scheduled to begin on September 19, 2005. In light of the fact that Defendants had filed a Motion for Summary Judgment as to all claims which was not heard and decided until August 30, 2005, this airfare amount was within the range that was "reasonably available," given the short time frame to arrange for a flight. *See* Declaration of Jennifer K. Murata ¶¶ 2-4. Defendants accordingly request common carrier costs for Mr. Kelley in the amount of $1,748.46, as set forth at Amended Exhibit A. However, if the Court deems this amount to be not the "most economical rate reasonably available," Defendants request a reasonable amount of recovery, in light of the aforementioned circumstances.

**F.    Conclusion**

For all of the foregoing reasons, Defendants hereby respectfully request that the Court award them the costs that they incurred in defending against Plaintiff's Complaint.

DATED:  Honolulu, Hawaii, March 1, 2006.


  /s/ Lynne T. T. Toyofuku
LYNNE T. T. TOYOFUKU
JENNIFER K. MURATA

Attorneys for Defendants
SMF SYSTEMS CORPORATION, TOM
CAFFREY AND RUBY CAFFREY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN A. MOFFETT, | ) | CV NO. 03-00130 MLR-BMK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| SMF SYSTEMS CORPORATION, A | ) | |
| MARYLAND CORPORATION; TOM | ) | |
| CAFFREY; RUBY CAFFREY; DOE | ) | |
| CORPORATIONS 1-20; DOE | ) | |
| CORPORATIONS 1-20; DOE | ) | |
| ENTITIES 1-20; JOHN DOES 1-20; | ) | |
| JANE DOES 1-20; GOVERNMENTAL | ) | |
| AGENCIES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the dates and by the methods of service noted

below, a true and correct copy of the foregoing was served on the following at their

last known addresses:

Served Electronically through CM/ECF:

| | | |
|---|---|---|
| BARBARA A. PETRUS, ESQ. | bpetrus@goodsill.com | March 1, 2006 |
| LINDALEE (CISSY) K. FARM, ESQ. | lfarm@goodsill.com | March 1, 2006 |
| DONNA H. KALAMA, ESQ. | dkalama@goodsill.com | March 1, 2006 |
| ANNE T. HORIUCHI BELL, ESQ. | abell@goodsill.com | March 1, 2006 |
| DAWN T. SUGIHARA, ESQ. | dsugihara@goodsill.com | March 1, 2006 |
| GOODSILL ANDERSON QUINN & STIFEL | | |

75649.v2/455.002

DATED:     Honolulu, Hawaii, March 1, 2006.

/s/ Lynne T. T. Toyofuku
LYNNE T. T. TOYOFUKU
NICHOLE K. SHIMAMOTO

Attorneys for Defendants
SMF SYSTEMS CORPORATION,
TOM CAFFREY AND RUBY
CAFFREY