GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

BARBARA A. PETRUS          3238-0
   bpetrus@goodsill.com
LINDALEE K. (CISSY) FARM   4514-0
   lfarm@goodsill.com
DONNA H. KALAMA            6051-0
   dkalama@goodsill.com
DAWN T. SUGIHARA           7631-0
   dsugihara@goodsill.com
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Plaintiff
JOHN A. MOFFETT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN A. MOFFETT,<br><br>        Plaintiff,<br><br>vs.<br><br>SMF SYSTEMS CORPORATION, a Maryland corporation; TOM CAFFREY; RUBY CAFFREY; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; DOE ENTITIES 2-10; JOHN DOES 1-20; JANE DOES 1-20; DOE GOVERNMENTAL AGENCIES 1-20,<br><br>        Defendants. | CIVIL NO. 03-00130 MLR/BMK<br><br>PLAINTIFF JOHN A. MOFFETT'S **OBJECTIONS TO** DEFENDANTS SMF SYSTEMS CORPORATION, TOM CAFFREY, AND RUBY CAFFREY'S **REPLY MEMORANDUM TO** PLAINTIFF JOHN A. MOFFETT'S **OBJECTIONS TO** DEFENDANTS' **BILL OF COSTS (filed on 1/12/06)** (filed on 03/01/06); CERTIFICATE OF SERVICE<br><br>TRIAL: SEPTEMBER 19, 2005<br>JUDGE: HON. MANUEL L. REAL |

1337946.1

PLAINTIFF JOHN A. MOFFETT'S OBJECTIONS TO DEFENDANTS
SMF SYSTEMS CORPORATION, TOM CAFFREY, AND
RUBY CAFFREY'S REPLY MEMORANDUM TO PLAINTIFF
JOHN A. MOFFETT'S OBJECTIONS TO DEFENDANTS'
BILL OF COSTS (filed on 1/12/06) (filed on 03/01/06)

Plaintiff JOHN A. MOFFETT (hereinafter "Plaintiff"), by and through his attorneys, Goodsill Anderson Quinn & Stifel LLP, pursuant to L.R. 54.2 of the Local Rules of Practice for the United States District Court for the District of Hawaii, submits his objections to Defendants SMF Systems Corporation, Tom Caffrey, and Ruby Caffrey's ("Defendants") Reply Memorandum to Plaintiff John A. Moffett's Objections to Defendants' Bill of Costs (filed on 1/12/06), filed herein on March 1, 2006 as follows:[1]

I.   **PROCEDURAL HISTORY**

On or about December 29, 2005, Defendants filed their Bill of Costs ("Bill of Costs") pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and LR 54.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. Thereafter, on January 12, 2006 (in compliance with LR 54.2(d)), Plaintiff timely filed his Objections to Defendants SMF Systems Corporation, Tom Caffrey and Ruby Caffrey's Bill of Costs.

---

[1]   Plaintiff's objections herein are limited to the procedural defects of Defendants' Reply Memorandum to Plaintiff John A. Moffett's Objections to Defendants' Bill of Costs filed on March 1, 2006. Plaintiff does not waive any objections he may have to the substantive issues in Defendants' Reply.

2

Thereafter, on or about January 17, 2006, Judge Manuel Real referred review of the Bill of Costs to Magistrate Judge Barry Kurren for disposition. On or about January 24, 2006, Magistrate Kurren scheduled a Status/Settlement Conference on February 15, 2006, for, among other things, the Bill of Costs. After addressing scheduling conflicts, the Status/Settlement Conference was set for March 2, 2006 at 9:30 a.m.

On March 1, 2006 at 8:25 p.m., the day before the Status/Settlement Conference, Defendants filed their Reply Memorandum to Plaintiff John A. Moffett's Objections to Defendants' Bill of Costs ("Reply").

## II.   ANALYSIS

Under the rules, a bill of cost is not a motion. A bill of cost is a request that is submitted to the clerk of the court for taxation against the losing party. *See* Fed. R. Civ. P. 54(d)(1); LR 54.2(a), (d).

The procedure for filing and resolution of a bill of cost is set forth in LR 54.2. The rule requires that the bill of cost be filed and served within thirty days of the entry of judgment. LR 54.2(b). **Non-compliance with this time limit shall be deemed a waiver of costs**. *Id.* (emphasis added). Thereafter, within eleven days after a bill of cost is served, the party against whom costs are claimed

must file and serve any specific objections. LR 54.2(d). There are no provisions in LR 54.2 for the filing of a "reply" memorandum.

### A. Defendants waived their right to certain costs.

LR 54.2(c), sets forth the requirements for the contents of a bill of costs. It states, in relevant part:

> *Contents*. The Bill of Costs must state separately and specifically each item of taxable costs claimed. It must be supported by a memorandum setting forth the grounds and authorities supporting the request and an affidavit that the costs claimed are correctly stated, where necessarily incurred, and are allowable by law.
>
> ***
>
> **Any vouchers, bills, or other documents supporting the costs being requested shall be attached as exhibits.**

LR 54.2(c) (emphasis added).

Here, in the underlying Bill of Costs, Defendants failed to provide all required information and documentation as required by LR 54.2(c). *See* Reply; Bill of Costs. Instead, they provided other documentation, such as "delinquency statements," which did not separately itemize the charges on the original invoices. *See* Bill of Costs.

Defendants' failure to provide all of the documentation within thirty days of the entry of judgment, as required by the rule, constitutes a waiver of the improperly documented costs. LR 54.2(b) ("[n]on-compliance with [the thirty day] time limit **shall** be deemed a waiver of costs"). Accordingly, Defendants'

4

belated attempt to cure the deficiencies of the underlying Bill of Costs fails as such costs are waived.

     **B.**     **Alternatively, even if a bill of costs is considered a non-hearing motion to which Defendants' are entitled to a reply, Defendants' Reply was untimely.**

Defendants may try to argue that they are entitled to file a reply memorandum because a bill of costs is actually a non-hearing motion. Even if this is the case, Defendants' Reply was untimely and must be disregarded.

A reply in support of a non-hearing motion must be filed not more that eleven days after service of the opposition. LR 7.4. Here, Plaintiff's Opposition was timely filed (and served) on January 12, 2006. Defendants' Reply was filed on March 1, 2006 -- for it to have been timely, it must have been filed not later than January 23, 2006. Thus, even if this Court determines that a bill of costs is a non-hearing motion, Defendants' submission was extremely untimely (36 days late) and must be disregarded.

## III. CONCLUSION

Defendants were required, but failed, to include all pertinent information and documentation in its underlying Bill of Costs. Defendants' failure to do so constitutes a waiver of all improperly documented costs. Defendants are not permitted by the Rules to file additional memoranda and documents to cure the deficiencies in their original submission. Accordingly, based on the foregoing,

Plaintiff John A. Moffett respectfully requests that this Court rule on Defendants Bill of Costs without consideration of Defendants improper and untimely Reply submission.

DATED: Honolulu, Hawaii, March 13, 2006.

/s/ Dawn T. Sugihara
BARBARA A. PETRUS
LINDALEE K. (CISSY) FARM
DONNA H. KALAMA
DAWN T. SUGIHARA

Attorneys for Plaintiff
JOHN A. MOFFETT

GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

| | |
|---|---|
| BARBARA A. PETRUS | 3238-0 |
| bpetrus@goodsill.com | |
| LINDALEE K. (CISSY) FARM | 4514-0 |
| lfarm@goodsill.com | |
| DONNA H. KALAMA | 6051-0 |
| dkalama@goodsill.com | |
| DAWN T. SUGIHARA | 7631-0 |
| dsugihara@goodsill.com | |

Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Plaintiff
JOHN A. MOFFETT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN A. MOFFETT,<br><br>  Plaintiff,<br><br>vs.<br><br>SMF SYSTEMS CORPORATION, a Maryland corporation; et al.,<br><br>  Defendants. | CIVIL NO. 03-00130 MLR/BMK<br><br>CERTIFICATE OF SERVICE |

1337946.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly served on this date upon the following person(s) at the address(es) listed below by the means indicated:

|  | Mail | Hand Delivery | Fax | ECF |
|---|---|---|---|---|
| LYNNE T. T. TOYOFUKU, ESQ.<br>JENNIFER K. MURATA, ESQ.<br>Marr Hipp Jones & Wang<br>1001 Bishop Street<br>1550 Pauahi Tower<br>Honolulu, HI  96813 |  |  |  | X |
| H. CLYDE LONG, ESQ.<br>950 Risa Road, 2nd Floor<br>LaFayette, CA  94549 | X |  |  |  |

Attorneys for Defendants

DATED: Honolulu, Hawaii, March 13, 2006.

/s/ Dawn T. Sugihara
BARBARA A. PETRUS
LINDALEE K. (CISSY) FARM
DONNA H. KALAMA
DAWN T. SUGIHARA

Attorneys for Plaintiff
JOHN A. MOFFETT

2